UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADIS & GOLDBERG, LLP,

                    Plaintiff,

     -against-

SUMANTA BANERJEE,

                    Defendant.

No. 14CV0913-LTS

MEMORANDUM ORDER

       On February 13, 2014, Plaintiff Sadis & Goldberg, LLP ("Sadis" or "Plaintiff") filed this action, seeking unpaid legal fees from a former client, Sumanta Banerjee ("Banerjee" or "Defendant"). (See Docket Entry No. 2.) Defendant was served with the Complaint but has failed to appear in this action and, on January 12, 2015, Plaintiff filed a motion seeking the entry of a default judgment. (See Docket Entry No. 33.) The Court granted Plaintiff's motion as to Defendant's liability on February 6, 2015, and set the determination of damages down for an inquest by affidavit. (See Docket Entry No. 39.) Plaintiff filed its relevant submissions on February 18, 2015. (Docket Entry No. 40.) Defendant has not filed any response. For the reasons stated below, the Court awards Plaintiff $379,652.37 in fees, plus prejudgment interest. The Court denies Plaintiff's request for $106,613.50 in fees associated with its motion practice in this case. The Court also awards postjudgment interest to be calculated at the rate prescribed by 28 U.S.C. § 1961, accruing from the date of entry of judgment.

DISCUSSION

"Under New York law, an 'account stated' refers to a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." White Diamond Co. v. Castco, Inc., 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006).  A claim for account stated requires an agreement between the parties to an account based upon prior transactions between them, which may be implied if a party receiving a statement of account keeps it without objecting within a reasonable time or makes a partial payment.  See LeBoeuf, Lamb, Greene & McRae, L.L.P. v. Worsham, 185 F.3d 61, 65 (2d Cir. 1999); see also IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 411-12 (S.D.N.Y. 2009).  The account stated need not be based on a final statement of account, but may be based on invoices submitted at regular intervals.  White Diamond, 436 F. Supp. 2d at 624.  "Both partial payment and assurances of payment after receipt of an account stated are evidence of assent to the account stated."  Id.  "A party who fails to object within a reasonable time is bound by the account absent fraud, mistake or other equitable considerations."  4Kids Entertainment, Inc. v. Upper Deck Co., 797 F. Supp. 2d 236, 249 (S.D.N.Y. 2011).

Here, Plaintiff and Defendant entered into two agreements respecting Plaintiff's legal representation of Defendant: the December 21, 2007 Retainer Agreement ("Retainer") (Docket Entry No. 40, Ex. A) and a letter agreement dated July 21, 2008 (the "July Agreement") (Docket Entry No. 34, Ex. G).  (See Compl. ¶ 48.)  Pursuant to the terms of each of these documents, Defendant agreed to pay Plaintiff for work performed on his behalf, as well as for costs and expenses incurred during the course of Plaintiff's representation of him.  (See Compl. ¶¶ 21-22, 29-30; Retainer, Docket Entry No. 40, Ex. A; July Agreement, Docket Entry No. 34, Ex. G.)  Plaintiff tracked its billing and expenses, and provided Defendant with detailed invoices showing all activities undertaken and all expenses associated with Plaintiff's representation of

Defendant pursuant to the terms of the Retainer. (See Compl. ¶ 25; Docket Entry No. 40, Exs. B-E.) Defendant never disputed these invoices, the balances reflected therein, or the reasonableness or necessity of the work performed by Plaintiff. (See Compl. ¶ 40.) Indeed, Defendant made a payment of $25,000 towards his outstanding balance on November 28, 2008, demonstrating his assent to the account stated. (See id. ¶ 34; Docket Entry No. 40 Ex. D at p. 15.)

Plaintiff has satisfied its burden of proving its claim for account stated. Both the Retainer and the July Agreement represent "promise[s] by a debtor to pay a stated sum of money," for services rendered by Plaintiff. Furthermore, Defendant made at least one partial payment to Plaintiff (Compl. ¶ 34; Docket Entry No. 40 Ex. D at p. 15), and at no time objected to any of Plaintiff's invoices. (See Compl. ¶ 40.) The Court can discern no "fraud, mistake or other equitable considerations" that would excuse Defendant from payment and, therefore, Defendant is bound by the account stated. Furthermore, Plaintiff has submitted affidavits from several attorneys who performed work on Defendant's behalf attesting to the accuracy and reasonableness of the time entries reflected in the invoices provided to Defendant. (See Docket Entry No. 40, Ex. G.) The Court therefore awards Plaintiff $379,652.37 in legal fees, which represents the outstanding balance captured by the invoices submitted in support of this inquest. (See Docket Entry No. 40, Exs. B-E.) The Court also awards Plaintiff prejudgment interest, calculated at a rate of 1% per month for each invoice not paid within 30 days of receipt, pursuant to the terms agreed upon by the parties in the Retainer. (See Docket Entry No. 40, Ex. A.)

The Court is constrained to deny Plaintiff's request for $106,613.50 in legal fees associated with its motion practice in this case. Although Plaintiff has provided affidavits attesting to the accuracy and reasonableness of the work performed in connection with the motion (see Docket Entry No. 40, Ex. G), neither the Retainer nor the July Agreement provides that Defendant is required to bear the costs of litigation arising from billing disputes. (See Docket

Entry No. 40, Ex. A; Docket Entry No. 34, Ex. G.)  Nor does Plaintiff clearly plead its claim of entitlement to such fees in the Complaint.  (See Docket Entry No. 2.)  Furthermore, Plaintiff has offered no legal authority demonstrating why, in the absence of any controlling agreement between the parties, Defendant should be required to reimburse Plaintiff's legal fees.  Thus, Plaintiff's request for $106,613.50 in legal fees associated with motion practice in this case is denied.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff $379,652.37 in fees associated with its prior representation of Defendant, as well as prejudgment interest, calculated at a rate of 1% per month for each invoice not paid within 30 days of receipt.  The Court denies Plaintiff's request for $106,613.50 in fees associated with motion practice in this case.

Postjudgment interest shall accrue from the date of entry of judgment, at the rate prescribed by 28 U.S.C. § 1961.

Plaintiff is directed to submit a proposed judgment consistent with this Memorandum Order, including a computation of prejudgment interest, through the Orders and Judgments Clerk.

SO ORDERED.

Dated: New York, New York
April 9, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge