EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 09-CV-11672-WGY |
| SUMANTA BANERJEE, | ) ) ) |
| Defendant. | ) ) ) |

## AFFIDAVIT OF SEAN T. CARNATHAN IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)

I, Sean T. Carnathan, under oath, state as follows:

1.     I am lead counsel for Plaintiff Tuckerbrook Alternative Investments, LP ("Tuckerbrook") in this matter.

2.     Mr. Banerjee formerly worked as the portfolio manager for Tuckerbrook, which is an SEC regulated registered investment advisor under the 1940 Investment Advisor's Act and manages institutional assets in fund-of-hedge-funds and in single strategy hedge funds. Tuckerbrook is based in Marblehead, Massachusetts. Mr. Banerjee is neither a minor nor an incompetent person.

3.     On October 6, 2009, Tuckerbrook filed its Verified Complaint with this Court, asserting claims against Mr. Banerjee for the breach of a settlement reached in resolution of a prior action in this Court, Tuckerbrook Alternative Investments, L.P. v. Banerjee, D. Mass. Docket No. 08-10636-PBS.

4.      On November 30, 2009, Tuckerbrook served Mr. Banerjee in India with a copy of the Summons and Verified Complaint.  The Return of Service has previously been filed with this Court and a true and accurate copy is attached hereto as Exhibit A.

5.      Prior to serving Mr. Banerjee in India, Tuckerbrook tried to effect service on Mr. Banerjee at his residence in Connecticut.  When Tuckerbrook learned that Mr. Banerjee had fled to India, it not only arranged service through a process server in India, but it also served Mr. Banerjee electronically by e-mailing to him a copy of Summons and Verified Complaint.  A true and accurate copy of the e-mail from Kerry McCarron to Sumanta Banerjee dated November 2, 2009, is attached hereto as Exhibit B.

6.      On February 5, 2010, after Mr. Banerjee had failed for months to answer or otherwise respond to the complaint against him, Tuckerbrook moved for a Default Judgment, a copy of which was again e-mailed to Mr. Banerjee at "baner@gmail.com."  A true and accurate copy of the e-mail to Sumanta Banerjee dated February 5, 2010, is attached hereto as Exhibit C.

7.      On February 23, 2010, this Court entered an Order of Default against Mr. Banerjee only to vacate it on March 9, 2010 pursuant to Mr. Banerjee's motion claiming he was unaware of the proceedings against him and was never served with a summons or complaint relative to this civil action.  A true and accurate copy of the e-mail I sent to Sumanta Banerjee with copies of our Motion for Entry of Default Judgment dated February 24, 2010, is attached hereto as Exhibit D.

8.      On March 24, 2010, Tuckerbrook filed a Motion to Deem Service of Process Effectuated based on Mr. Banerjee's own admissions that he was now aware of Tuckerbrook's lawsuit against him and had received a copy of the complaint and corresponding filings from the Court's Clerk.

9.      On April 2, 2010, this Court allowed our Motion to Deem Service of Process Effectuated and ordered Mr. Banerjee to answer or otherwise plead within 45 days of the Court's order.

10.     On April 23, 2010, this Court entered a ruling that it had acquired personal jurisdiction over Mr. Banerjee and further ordered Tuckerbrook to once again mail Mr. Banerjee a copy of the Complaint against him by certified mail to his residence in India.

11.     On April 29, 2010, Tuckerbrook attempted to deliver said complaint to Mr. Banerjee's through DHL's international shipping services at his residence of 58/1 Ballygunje Circular Road, West Bengal, Kolkata-10 700019 in India.  Mr. Banerjee, again, refused to accept delivery.

12.     On April 30, 2010, DHL contacted Mr. Banerjee to inform him the delivery was from Tuckerbrook's attorneys at O'Connor, Carnathan & Mack and contained court ordered documents that were ordered to be delivered to him.  Still, Mr. Banerjee refused to accept delivery and the original package was ultimately returned to its sender.  A true and accurate copy of the Affidavit of Service is attached hereto as Exhibit E.

13.     On the same date of April 30, 2010, I notified Mr. Banerjee via email that I planned to file the Affidavit of Service with this Court illustrating Mr. Banerjee's repeated refusals to accept service.  In the same email, Mr. Banerjee was, again, provided with a copy of the complaint and summons against him by Word attachments.  A true and accurate copy of the e-mail I sent to Mr. Banerjee dated April 30, 2010, is attached hereto as Exhibit F.

14.     Earlier in this litigation, I discovered that Mr. Banerjee transferred title in his Weston, Ct home by quitclaim deed to Anant J. Gandhi and ZBAC, LLC.  Although he denies it, this fraudulent transfer by Mr. Banerjee strongly suggests he knew about Tuckerbrook's lawsuit

last October when it was first filed with this Court. A true and accurate copy of the Town of Weston, CT Land Records, is attached hereto as <u>Exhibit G</u>.

15. I believe this fraudulent transfer is part of a pattern for Mr. Banerjee. In a related case between these same parties, the settlement of which is the subject of the present lawsuit, this Court ordered Mr. Banerjee to produce an accurate and complete financial presentation of his net worth. Mr. Banerjee's sworn affidavit is attached hereto as <u>Exhibit H</u>.

16. During our prior litigation with Mr. Banerjee, we discovered that he had delivered hundreds of thousands of dollars to his parents in India without disclosing such transfers to the Court. A true and accurate copy of Tuckerbrook's motion detailing Mr. Banerjee's blatant attempts to hide assets from the Court is attached hereto as <u>Exhibit I</u>.

17. Additionally, we discovered a certain email correspondence between Mr. Banerjee and his wife scheming to conceal assets and defraud the Court. A true and accurate copy of this email is attached hereto as <u>Exhibit J</u>.

18. Mr. Banerjee has, again, failed to answer or otherwise respond to the complaint against him within the time required by this Court and, therefore, is in default in this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF May, 2010.

/s/ Sean T. Carnathan
Sean T. Carnathan

## CERTIFICATE OF SERVICE

     I, Sean T. Carnathan, hereby certify that a true and accurate copy of the foregoing Affidavit of Sean T. Carnathan has been filed and served through the Court's electronic filing system, this 27th day of May, 2010 and that an electronic copy has been forwarded directly to the Defendant.

                                 /s/ Sean T. Carnathan
                                 Sean T. Carnathan

EXHIBIT 4

**AFFIDAVIT OF SUMANTA BANERJEE IN SUPPORT OF REQUEST FOR THE VACATION OF THE MOTION OF DEFAULT JUDGEMENT AND TO NOT ADMIT THE CASE UNTIL PROPER PROOF OF SERVICE IS PROVIDED TO COURT**

I, Sumanta Banerjee, declare under oath and state as follows,

1. I reside and work in India, and have done so since August 18th 2009. Prior to that I was traveling back and forth to India since January 2009. Prior to that I used to reside at 23 Soundview Farm Road, Weston, CT 06883.

2. Currently I reside at 58/1 Ballygunje Circular Road Kolkata-19, West Bengal, India. I have not been in the United States since August 18th 2009. My family (wife and three children) moved to India in January of 2009 and our three children are enrolled in schools in India. We are all US Citizens. Mr. Sean T. Carnathan is aware of my residential status since he tried to depose me for another case where Tuckerbrook is a defendant, case no. C.A. NO. 4:08-CV:3501 and the Plaintiff is the Investor Group (Alkek Foundation and Family Office) where the Investor Group is trying to recover their money from Tuckerbrook.

3. I am not **aware of the Case no. 09-CV-11672-WGY**, as I have **_never been served_** any papers relating to this case.

4. I was surprised to learn of this case, as I was contemplating a case of my own case involving the violation of the sealed Settlement Agreement against Tuckerbrook(TAI). Since John Hassett (Managing Principal of TAI) violated the confidentiality provisions of the Settlement Agreement in 2009. Also Tuckerbrook has violated the defamation clause of the Agreement on a few occasions. Unfortunately, my health (which prevented me from going to the US in December 2009) has delayed my filing.



1

5. I came to know of the existence of case *no. 09-CV-11672-WGY* because I received an email from Mr. Sean T. Carnathan on February 23, 2010, notifying me of his Motion of Default (Exhibit A) of the aforementioned case.

6. After receiving the Request of Motion of Default, I contacted the Court and spoke to Elizabeth Smith (courtroom clerk) and requested a fax copy of the proof of service of the Case papers. Herein attached as Exhibit B. I have also spoken to Matthew Paine regarding the process of notifying the Court, as I am currently *pro se*, and reside in India.

7. In the proof of service there is mention of a processor being hired in India to serve those papers to me. Those papers mention that since "Sumanta Banerjee" was not available the server served those papers to Mr. S.K. Banerjee's (my father) mailbox. Papers were left in my father's mailbox despite my father's assertion that the mailbox belonged to him and that I should be served personally. (Please see attached Exhibit B which states that the "processors" took back the sealed unopened envelope from my father with Mr. S. Bhusan as witness on December 1, 2009.) Mr. Ashish Chatterjee is the owner of Brutalia Associates, with offices at 2/1/1B Serpentine Lane, Kolkata-14, the firm that was hired as processor of the papers.

8. On December 1st, my father received papers in his mailbox, addressed to me. My father took the papers, which I am assuming were the papers relating to the case, to the return address on the envelope, Brutalia Associates, located at 2/1/1B Serpentine Lane. Please see Exhibit C, which contains a letter addressed to the processor, stating that these papers were not accepted and were in fact returned unopened to the processor. The Proof of Service papers that were submitted to the Court, state that the papers were in fact served on November 30, 2009. That is a False Statement and a complete misrepresentation of the facts (as shown by Exhibit C). This is the same processor



2



company (Brutalia Asociates) that has "claimed" to have delivered the papers and have

a notarized oath on January 19, 2010. As you can see the processor misrepresents

"proof of service" since they have taken delivery **back** of the documents (assumed to be

the service papers) on December 1st, 2009. [Mr. Chatterjee ] of the Processor had taken

the delivery back from Mr. S.K. Banerjee (as affirmed by his signature) on 12/1/2009.

9. As you can see from Exhibit C, there are many discrepancies, between Mr. Sean

Carnathan's and the server's (Processors') documents.

    a. The papers were not served on 11/30/09.

    b. In Exhibit C, there is a letter from my late Father ( he passed away Feb 21st, 2010)

       with a witness Mr. S Bhusan, stating that although the server, Mr. Dinesh Kumar

       Shaw,left the papers in the letter box belonging to my father; they were

       returned, unopened as the addressee was not "readily available". Receipt was

       acknowledged by the Processor. *The papers were returned and they were never*

       *received by or served to Sumanta Banerjee. No further mention is made of any*

       *further attempts of delivery.*

    c. The proof of service never states the address where the papers were left, simply

       a letter box.

    d. We do not know what was contained in the papers that were left in my father's

       letter box on November 30, 2009 , as the envelope was never opened. We are

       assuming that the papers left in the letterbox and case papers are one and the

       same.

10. I respectfully point out to Your Honor and the Court that Mr. Carnathan did not even

    follow the *Federal Procedure for Civil Service, Rule 4 (exhibit E), which states in Section*

    *c.1* that the party must receive the summons and complaint, underline{personally,} when the party



3



resides in a foreign country. Additionally the Rule also states that the procedure for serving the party must be in accordance to the laws of the state in which the party resides and India's rules for service of documents in a Civil case are governed by the Hague Convention of which India is a member state. One final point that I would like to bring to the Court's attention is the fact that Mr. Carnathan never followed the *Hague Convention on the Service Aboard of Judicial and Extrajudicial Documents in Civil or Commercial Matters* with regards to the process that needs to be followed when judicial papers need to served to addressee that live outside the United States. **Mr. Carnathan and his processor have not followed neither the US Federal Rules nor the Hague Convention Rules of Service.**

11. I have attached these guidelines as Exhibit D. Additionally, the entire convention information can also be found at this address:

The *Hague Convention on the Service Aboard of Judicial and Extrajudicial Documents in Civil or Commercial Matters* was formed for express purpose of simplifying the process of serving documents : *The States signatory to the present Convention,*
*Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,*
*Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,*

12. For service of judicial documents, Article 6 states:



4



*The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.*

*The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.*

*The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.*

*The certificate shall be forwarded directly to the applicant.*

13. In these guidelines, in particular Article 16, states:

*When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled -*

*a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and*

*b) the defendant has disclosed a prima facie defence to the action on the merits.*



5



*An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.*

*Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.*

*This Article shall not apply to judgments concerning status or capacity of persons.*

14. As mentioned before, I was expecting to file a case against Tuckerbrook Alternative Investments as well in short order. My case is based on the fact that Mr. John Hassett, the Managing Principal of Tuckerbrook Alternative Investments, divulged the terms of the Settlement Agreement without express approval of the Court. Also, Tuckerbrook Alternative Investments and their agents have also engaged in defamation. These are violations of the Settlement Agreement.

15. We are respectfully requesting the Court, to please vacate the **Motion of Default** based

a) on the fact that I have never seen or been served with the papers of the previously mentioned case;

b) on the fact that the papers were never served within the guidelines in places of the Hague Convention nor were the summons served in accordance to the Federal Procedure of Civil Service; and

c) to order Tuckerbrook to properly serve the court papers to me as per the *US Federal Rules, Rule 4 Federal Procedure of Civil Service*, herein attached as Exhibit E. The



6

depositing of the court papers in a mailbox known to be not of the addressee is fraud and claiming that the "papers were served to the father". Also in Affidavit of Sean T. Carnathan dated the 5th of February, 2010, there is a mention of an email that was sent to me. I have *never* received any such email. Email delivery is not a guaranteed form of receipt by the addressee as there could several issues that can prevent the addressee from actually receiving emails. The Federal Rules require that the addressee accept the papers personally and only then can proof of service be provided to the court. Please see Exhibit E, Section (c).i.

16. We would also respectfully request that the Court order Tuckerbrook Alternative Investments to properly follow the *Hague Convention on the Service Aboard of Judicial and Extrajudicial Documents in Civil or Commercial Matters* with respect to serving the papers to me, hereby assuring all related parties of proper receipt of the complaint in question. Due to fact that I reside in India, and India is a state under the Hague Convention. Additionally, I do not live in the Unites States any longer and will require time to search for an attorney, hire an attorney and apprise him/her of the case and adequate time to prepare a defense and counterclaim after I receive the Complaint, etc. from Tuckerbrook.

17. I would also respectfully request that the case *no. 09-CV-11672-WGY* not be admitted till the summons and verified complaint be properly served according to the US Federal Rules or Hague Convention rules governing service abroad.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1st DAY OF MARCH, 2010.

Sumanta Banerjee



Identified by me

Panchu Gopal Mandal
Advocate
4, Bankshall Street, Kol.

7

Solemnly affirm
Declare before me on
the Identification of Ld. Advocate

EXHIBIT 5

```
 1                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 09-11672-WGY

 4

 5    * * * * * * * * * * * * * * * *
                                    *
 6    TUCKERBROOK ALTERNATIVE        *
      INVESTMENTS, LP,               *
 7                                   *
                Plaintiff,           *
 8                                   *
      v.                             *  STATUS CONFERENCE
 9                                   *
      SUMANTA BANERJEE,              *
10                                   *
                Defendant.           *
11    * * * * * * * * * * * * * * * *

12

13

14

15          BEFORE:  The Honorable William G. Young,
                              District Judge
16

17    APPEARANCES:

18          O'CONNOR, CARNATHAN and MACK LLC (By Sean
      T. Carnathan, Esq.), 1 Van de Graaff Drive, Suite
19    104, Burlington, Massachusetts 01803, on behalf of
      the Plaintiff
20

21          SUMANTA BANERJEE, Pro Se, 23 Soundview Farm
      Road, Weston, Connecticut 06883
22

23                                    1 Courthouse Way
24                                    Boston, Massachusetts

25                                    June 27, 2012
```

```
 1              THE CLERK:  All rise.  The United States District
 2    Court is now in session, you may be seated.
 3              Now hearing Civil Matter 09-11672, Tuckerbrook
 4    Alternative Investments LP v. Banerjee.
 5              Will counsel and parties please identify
 6    themselves.
 7              MR. CARNATHAN:  Good afternoon, your Honor.  Sean
 8    Carnathan for the plaintiff, Tuckerbrook Alternative
 9    Investments.
10              MRS. BANERJEE:  Akshita Banerjee and Sumanta
11    Banerjee.
12              THE COURT:  Let me -- are you both sued?
13              MRS. BANERJEE:  No, just my husband's sued.
14              THE COURT:  Well, Mrs. Banerjee, you are welcome,
15    but under our rules of procedure only your husband, who's
16    the party, may speak.
17              MRS. BANERJEE:  Okay, thank you.
18              THE COURT:  But you are welcome and you may stay
19    right there --
20              MRS. BANERJEE:  Thank you.
21              THE COURT:  -- where you're seated.
22              I do want to recognize, and respectfully, the
23    presence of two judges from Japan who are here watching our
24    proceedings, and we welcome them to this Court.
25              All right.  Let me start by hearing plaintiff's
```

```
 1    counsel.  This is a status conference and why don't you
 2    explain the status.
 3            MR. CARNATHAN:  Thank you, your Honor.
 4            We are back before your Honor after a failed
 5    settlement attempt.  We actually had reached an agreement to
 6    resolve the dispute.
 7            THE COURT:  Well, it's more than an attempt.  I
 8    mean, you reported the case settled.
 9            MR. CARNATHAN:  Correct, your Honor.  An important
10    material term of the settlement was that Mr. Banerjee appear
11    for his deposition and testify truthfully at that
12    deposition.  We've been trying to secure his testimony for,
13    I want to say about three years now.  We have some related
14    battles going on currently in Connecticut.
15            At Mr. Banerjee's deposition, we did not believe
16    that he was truthful.  One of the terms of the settlement
17    was that if we did not believe he was truthful we could
18    challenge his truthfulness and submit it to a neutral
19    arbitrator.  We did just that.  And the Honorable Margaret
20    Hinkle of JAMS reviewed his testimony and determined that he
21    was untruthful.
22            THE COURT:  I've read your, I've read the
23    submission.  But thank you.  I asked you to give me the
24    status and you are.  But what is it that you want this Court
25    to do having now reported this case settled?
```

1            **MR. CARNATHAN:**  Well, I believe that we were

2       entitled to reopen the matter for good cause shown.

3            **THE COURT:**  What gives you that belief?

4            **MR. CARNATHAN:**  I believe that was your Honor's

5       order.  At the time of the report you had dismissed the

6       matter without prejudice to reopening upon good cause shown.

7            **THE COURT:**  Well, that's true, but then you

8       reported it settled.

9            You see, my problem is this.  I take that report of

10      settlement extremely seriously and in my mind that shifts

11      the relationship between the parties.  It appears having

12      reported the case settled and gotten various advantages from

13      that report neither side had to incur any additional costs,

14      appear at the Court's docket, and I moved on to other

15      matters.

16           Now, I think I'm entitled, and indeed I warned the

17      parties about reporting it settled if it were not, to view

18      the relationship of the parties now as a contractual one.

19      And at least based upon what you tell me the contract has

20      been fulfilled.  He was required -- well, perhaps not.  He

21      was required to appear for his deposition.  He did.  He was

22      required to testify truthfully.  Tuckerbrook says he did

23      not.  The settlement agreement provides what will happen

24      then.  The matter will be submitted to a neutral arbitrator.

25      It was.

```
1              MR. CARNATHAN:  Correct, your Honor.
2              THE COURT:  That arbitrator has rendered her
3    decision.
4              MR. CARNATHAN:  Correct.
5              THE COURT:  A distinguished justice of the
6    Massachusetts Superior Court, Margaret Hinkle, and she has
7    concluded that Mr. Banerjee did not testify truthfully.
8              And so, what?
9              MR. CARNATHAN:  Well, as a consequence of that
10   declaration, your Honor, the arbitrator has also declared
11   the settlement null and void.  So Mr. Banerjee has in effect
12   breached the settlement agreement thus entitling us to
13   proceed with our claims.
14             THE COURT:  What gave the arbitrator the power --
15   well, that means that it's -- so you have whatever rights
16   you have against Mr. Banerjee, and go ahead and exercise
17   them.  But I don't have a case before me on which there is a
18   controversy, it seems to me, and I'm limited by the
19   constitution to cases or controversies.
20             MR. CARNATHAN:  Well, the terms of the settlement
21   agreement expressly provide, your Honor, that upon a
22   declaration that Mr. Banerjee failed to testify truthfully
23   our claims are not released and we're entitled to proceed
24   with them.
25             THE COURT:  Fine.
```

```
 1            MR. CARNATHAN:  So we're proposing to proceed with
 2     them, your Honor.
 3            THE COURT:  Very well.  File a complaint, say it's
 4     related to the earlier action, and it will be drawn to me
 5     and we will start again.  But the next time don't report
 6     things settled when in fact they are not settled.  If you
 7     now have the right to proceed against the Banerjees, and you
 8     say you have that contractual right, I'm not closing the
 9     courtroom doors to you.  But I won't have parties play ducks
10     and drakes with the docket of this Court.  I schedule things
11     on a progression to a final trial.  If I had a trial, I know
12     how to do post-trial relief.  This case was reported
13     settled.  Settlements are much to be encouraged.  If now
14     this settlement has gone -- and I don't impugn anything you
15     say, sir.  All I'm saying is you have to start again.  Start
16     an action.  We'll let them defend it.  I'll put it on for a
17     prompt trial because I'm not, I don't want to waste anyone's
18     time and expense.  I'll get it to trial very rapidly,
19     believe me.  But I need a new case.  A case on which
20     properly I can act.
21            So, Mr. Banerjee, do you have anything to say?
22            MR. BANERJEE:  Your Honor, one of the conditions of
23     the settlement was that they got my testimony in a
24     deposition.  I came from India to give that testimony and I
25     gave that testimony truthfully.  And the Honorable Justice
```

```
 1   Hinkle didn't apply, she applied some contradiction stuff
 2   and not the perjury standards.  And I testified absolutely
 3   truthfully.  And they are entitled to their views.  And I'm
 4   happy to settle.  I want this thing settled.  There's
 5   nothing in this.  They just want information from me for
 6   another case.
 7            THE COURT:  It sounds like, that sounds right to
 8   me.  But be that as it may, your rights are contract rights.
 9            MR. BANERJEE:  Yes.
10            THE COURT:  If they bring now their original action
11   again --
12            MR. BANERJEE:  Right.
13            THE COURT:  -- saying that the settlement by its
14   terms is now null and void and that entitles them to bring
15   their action, you may attack their action --
16            MR. BANERJEE:  Uh-huh.
17            THE COURT:  -- by saying that action is all over
18   and in fact I have fully complied with whatever the
19   settlement was.  I express no opinion on any of that.
20            MR. BANERJEE:  Right.  Thank you, your Honor.
21            THE COURT:  But I have no basis to.
22            MR. BANERJEE:  Right.  Right.
23            THE COURT:  But that doesn't mean I will so
24   conclude --
25            MR. BANERJEE:  Yes.
```

```
1           THE COURT:  -- or that they can't go forward.
2           MR. BANERJEE:  Absolutely.
3           THE COURT:  I, I am here to give people their
4    rights according to law.  The only -- if anyone has slipped
5    a stitch here, it's only that before things were clear
6    someone reported to me the case was settled.  That's very
7    serious business.  And for very good reason.  Because the
8    Court's time is limited.  I went on to other cases.
9           MR. BANERJEE:  Right.
10          THE COURT:  Other people say they want trials.  I'm
11   here to give trials.  I have been engaged with those other
12   people.
13          MR. BANERJEE:  Right.
14          THE COURT:  And all I'm saying, really to you both,
15   you can't come back now.  Maybe they can start again.
16   Maybe.  We'll see.  You have all the defenses that you
17   originally had, and of course I don't know, I've just --
18   this is the first time I've met you.  Before I saw
19   attorneys.
20          MR. BANERJEE:  Right.
21          THE COURT:  And I was trying to get the dispute
22   ready for trial.
23          MR. BANERJEE:  Right.
24          THE COURT:  Then I was told it's over, the parties
25   have agreed.  Now, that's much to be preferred.  If you
```

```
 1    seriously want to settle.  These things are expensive.  No
 2    one would be happier if in fact you settled.  But I have
 3    nothing before me, so I'll take no action.  But Tuckerbrook
 4    has every right at least to allege that they now have a
 5    right to substantive relief.  And the relief that they
 6    originally wanted was a lot more than just getting your
 7    deposition.  They may have settled for that, but they're not
 8    going to sit still for that now.  Now they're going to come
 9    back and they say they want something more.  I don't know
10    because we haven't had the taking of actual evidence, the
11    way cases should be resolved.
12              MR. BANERJEE:  Right.
13              THE COURT:  Are there any questions?
14              MR. CARNATHAN:  Well, your Honor, before we
15    conclude, may I respectfully suggest that perhaps another
16    way to approach this, given that your Honor has already
17    granted our motion to reopen and is here today to hear us,
18    perhaps we could proceed with this action and amend our
19    complaint.  Your Honor may recall we had some substantial
20    difficulties serving Mr. Banerjee.  It's not as easy as
21    restarting the matter as one might like.
22              THE COURT:  I understand.  Now that I've heard you,
23    I think I was improvident.  You reported the case settled.
24    Now, he's here, physically.  Maybe -- I'll ask him this.
25              You have no problem, since you're physically
```

```
 1    present, and indeed you were residing in Connecticut, I
 2    understand.
 3              MR. BANERJEE:  Well, we have a house in India and
 4    in Connecticut.
 5              THE COURT:  Right.  But you'll accept service?
 6              MR. BANERJEE:  Now?
 7              THE COURT:  Yes, on a renewed complaint.
 8              MR. BANERJEE:  Yes.  I mean, sure.
 9              THE COURT:  All right.  They'll serve you in the
10    ordinary course at your home in Connecticut.  I will deem
11    that sufficient.
12              Is that all right?
13              MR. BANERJEE:  Yes, that's fine.
14              THE COURT:  Satisfied?
15              MR. CARNATHAN:  Thank you, your Honor.
16              THE COURT:  All right.  Thank you both.  We'll
17    recess.
18              THE CLERK:  All rise.
19              (Whereupon the matter concluded.)
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E

 2

 3

 4          I, Donald E. Womack, Official Court Reporter for

 5     the United States District Court for the District of

 6     Massachusetts, do hereby certify that the foregoing pages

 7     are a true and accurate transcription of my shorthand notes

 8     taken in the aforementioned matter to the best of my skill

 9     and ability.

10

11

12

13

14          _____

15                  DONALD E. WOMACK
                 Official Court Reporter
16                   P.O. Box 51062
                Boston, Massachusetts 02205-1062
17                  womack@megatran.com

18

19

20

21

22

23

24

25
```

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TUCKERBROOK ALTERNATIVE )
INVESTMENTS, LP,                          )
                    Plaintiff             )
                                          )
v.                                        )        Case No. 1:12-cv-11643
                                          )
SUMANTA BANERJEE,                         )
                    Defendant             )
_____)


MOTION TO VACATE THE DEEM PROCESS OF SERVICE EFFECTUATED
AND MOTION TO DISMISS THE ACTION

Table of Contents

I.    Facts                                                                Page

                                                                        2

II.   Argument

                                                                        6

| Exhibit | |
|---------|---|
| 1 | Judge Young Memorandum and Order dated Nov 30, 2010 |
| 2 | Matorin's Supplemental Memorandum of Law in Support of Defendant's Motion to Set Aside Default Judgment |
| 3 | Status Conference held June 27, 2012 Page 7, line 5-9 |
| 4 | Supplemental Settlement Agreement 1&2, various emails from Hassett to Banerjee |
| 5 | Hague Convention on the Service Abroad of Judicial and Extrajudicial documents in Civil or Commercial Matters |
| 6 | (1) Email from Banerjee (2)Sumanta Banerjee deposition 7/21/11 (3) Affidavit of Carnathan |
| 7 | Letters Blogatory: Case of the Day: Tuckerbrook Alternative Investments v. Banerjee |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

TUCKERBROOK ALTERNATIVE )
INVESTMENTS, LP,                     )
                    Plaintiff           )
                                        )
v.                                      )          Case No. 1:12-cv-11643
                                        )
SUMANTA BANERJEE,         )
                    Defendant          )
_____)

## MOTION TO VACATE THE DEEM PROCESS OF SERVICE EFFECTUATED AND MOTION TO DISMISS THE ACTION

Pursuant to Fed. R. Civ. P. 4(f)(1) and Fed. R. Civ. P. 4(m), Defendant Sumanta Banerjee

respectfully asks that the Court to **Vacate/Dismiss the Deem Service of Process Effectuated**

and order the Plaintiff to follow the Fed R. Civ P 4(f)(1) and serve Mr. Banerjee via the Hague

Convention Rules, since Mr. Banerjee has been a foreign resident since early 2009.  Defendant

Sumanta Banerjee respectfully asks the Court to dismiss the Action altogether as there has been

**Insufficient Process of Service**.  The Honorable Judge Young of this Federal District Court in a

Memo and Order dated Nov 30, 2010, [**Exhibit 1**] found that Mr Banerjee, because of his status

as a foreign resident has to be served via Hague Convention, rules for process of service and in

accordance to the Fed. R. Civ P 4(f)(1). Mr. Banerjee also respectfully submits that the court

erred in granting the motion of deem service of process effectuated possibly as a result of various

misrepresentations of Proof of Service by Tuckerbrook and their Counsel as they had done to the

Honorable Judge Young's Court in 2010 (there is reference to Tuckerbrook's misrepresentation

in the Memorandum and Order dated November 2010). Also, we would also like to bring to the

Court's attention that <u>more than 200 days</u> have passed since the Action was initiated in Federal

Court District of Massachusetts. Based on Fed R. Civ. P. 4(m) the <u>Court should dismiss the</u>

1

<u>Action without prejudice</u>. Mr. Banerjee obtained the documents (incorporated herein) of the latest submission of the Counsel from his spouse, who also received communication from the Mr. Carnathan recently via email. Lastly, the previous case, Case no. 1:09-cv-11672-WGY was in the press in May 2011, where all the details are discussed, please see **Exhibit 7.**

### I.    Facts

1. I, Sumanta Banerjee, being over 18 years old, am acting, *pro se,* in order to put forth a response to the "deemed served" order of this case.  Banerjee has had no formal legal training.   Banerjee is an overseas citizen and resident of India, residing at 58/1 Ballygunje Circular Road, Kolkata (Calcutta), West Bengal, India, 700019. The aforementioned address is the address of record for the Courts (as it has been since 2009 with this Federal District Court).   He has no bank accounts in the US, only in India.  He does visit the United States often for personal and professional reasons.

2. Due to the fact that Mr. Banerjee has not seen or been served the complaint and is not aware of the contents of the complaint, it is impossible to give your Honor any concrete background on the particulars of this case. As of the writing of this reply dated April 28, 2013, Mr. Banerjee has not been served with the Complaint through the proper Hague Convention channels or by any other means including local Rule 4 (even though they do not apply here due to his status as a foreign resident of India). Mr. Banerjee can speak to the case prior to this one (Case no. 1:09-cv-11672-WGY) that was terminated by Judge Young's court in September 7 2011, after Judge Young found that the case was settled.

3. The details of Tuckerbrook's and their counsel's various attempts to mislead the Court on proper Service of  Process to Mr. Banerjee and bypass Rule 4(f) (1) related to service of

process via Hague Convention as it related to a signatory country such as India are documented in the brief submitted to the Court by Esq. Mitchell Matorin in 2010. Also there is a detailed analysis on Hague Convention and its applicability to Mr. Banerjee. **[Exhibit 2].**

4. In the above mentioned case, the Settlement Agreement for Case no 1:09-cv-11672-WGY in June 29, 2011, called for a deposition by Banerjee and a sum payment of $12,500. The settlement amount was insignificant (a mere $12,500) to the initial sum listed in the complaint, $209,028, not even 7% of the original damage amount listed in the complaint. Furthermore, if Tuckerbrook filed another case against Banerjee, it was obligated to return the $12,500 as a condition of the settlement agreement; they have not returned any funds to date even though they filed another case in September 2012; by not returning the funds Tuckerbrook is in violation of the previous settlement agreement.

5. This entire case was an exercise in trying to coerce a deposition July 21, 2011 out of Mr. Banerjee which would aid Tuckerbrook in the lawsuit that Alkek Foundation (lead investor in the Funds managed by Banerjee and Tuckerbrook). As your Honor can see very quickly that this was an abuse of process and malicious prosecution. This abuse of process is against the Rules of Federal Civil procedure, Rule 11(b)(1)(2)(3) and as the Honorable Judge Young acknowledged in the Status Hearing that was held on June 27th, 2012. Included as **Exhibit 3**, pg. 7, line 5-9.

6. By way of background, the Alkek Foundation was a lead investor in the funds managed by Tuckerbrook and Banerjee, where each was 50-50% general partners. Alkek and Tuckerbrook have been in a lengthy court battle since November of 2008. In the latest court battle in Connecticut, Alkek has accused Tuckerbrook and Mr. John J Hassett, (currently CEO of Tuckerbrook and other alter egos of Tuckerbrook such as Little Harbor and Aveon

Group) of stealing millions of dollars (from the funds and using Alkek's money to sue Banerjee) amongst various other fraud charges.

7.  The previous case, 11672-WGY, was settled for a deposition where it was a fishing expedition of the Alkek case. But Tuckerbrook did not like the deposition since they could not coerce Banerjee into statements that they could use against Alkek. It seems that Tuckerbrook and Mr. Hassett are bent on continuing with their past "bad behavior" and trying once again to serve Banerjee in an illegal manner. They continue to waste the Court's time with yet another frivolous lawsuit designed to 'bully" Mr. Banerjee into providing Tuckerbrook with additional testimony, etc. to aid Tuckerbrook against Alkek. This is the same exact pattern that Tuckerbrook, Mr. Hassett and their counsel used previously. As way of background, Your Honor should be aware that Mr. Hassett has been sued several times by his varied investors and has made it an occupation to start several businesses to fund his penchant to be a serial litigant.

8.  A status hearing was called on June 26, 2012. As it was just a Status Hearing of a terminated case, Mr. Banerjee did not feel it was necessary to be represented by Counsel. At that time Tuckerbrook counsel asked the Court (Judge Young) to confirm where Mr. Banerjee would accept any papers. Mr. Carnathan thought that he was being very clever by asking for Banerjee to take service in CT despite knowing that Banerjee resides in India. The Court may have erred by not remembering that foreign residents cannot accept service in the US due to the Hague Convention Rules of service. Also, Mr. Banerjee may have erred by not reminding the Court of his status as a foreign resident (he only visited CT). This was a blatant attempt by Carnathan to confuse the Court and ask Mr. Banerjee to waive his rights under the Hague Convention. In order to be accommodating to the Court, Banerjee agreed to

4

accept papers while he was in CT. Banerjee (who is not a lawyer) may have erred by not pointing out to Judge Young's court and reminding the court that he is a foreign resident and as such Hague Convention applies. In fact, the acceptance of any summons or complaint would have been void since it was not registered with the proper authorities of India. Additionally, Judge Young his own Memorandum and Order, included **as Exhibit 1** says,

> *"Protecting the rights of foreign residents under international treaties is an important aspect of our judicial system.....The Supreme Court recognized that the intended purpose of the Hague Service Convention is to provide a "simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad. It would undermine this purpose to allow judges to determine the proper method of service of process on a case-by-case basis.*

> So, this District Federal Court has ruled that is only way to serve foreign residents such as Mr. Banerjee. Mr. Banerjee would gladly accept and vigorously defend any action taken by Tuckerbrook as long as he is served properly and through Hague Convention so his rights are not undermined or diminished due to his status as a foreign resident in India. .

9. Currently, it is Banerjee's belief that the current Action is a rehashing of the old case11672-WGY.

10. At the same Status Hearing with Judge Young, Counsel for Tuckerbrook did hand Mr. Banerjee a subpoena on a related Tuckerbrook manner that is in a Federal Court in Connecticut. Tuckerbrook again demonstrated by their action that they make a habit of skirting the rules and illegally serving Banerjee in direct opposition to Fed. R. Civ. P. Rule

4(k)(1)(A) which states that the summons will be served in the jurisdiction where the district court is located. The District Court for the matter of the Subpoena was Connecticut not Massachusetts, which was where the Status Hearing was taking place.

11. During the month of July 2012, Tuckerbrook continued to threaten Banerjee with a new lawsuit, alleging in the new "settlement" that it would now and forever settle the Litigation. There was NO litigation outstanding at that time, merely the threat to coerce Mr. Banerjee into providing more information. Please see **Exhibit 4**, which contains two new Settlements, and numerous emails demonstrating Tuckerbrook's threatening, browbeating behavior, coercing and blackmailing of Banerjee. Again the abuse of process and malicious prosecution is clearly demonstrated.

12. After several attempts by Banerjee to be accommodating and provide Tuckerbrook with additional information Tuckerbrook decided that Mr. Banerjee's truthfulness was unacceptable and useless. Please refer to the emails included in **Exhibit 4**, from John J. Hassett which demonstrate his desperation in trying to coerce Mr. Banerjee into saying things like "Alkek colluded with Mr. Banerjee or some derivation thereof." Mr. Banerjee refused to say anything that was untrue in a sworn affidavit. Mr. Banerjee had postponed his return to India for a deposition scheduled in August 2012 in the Alkek case. However, the deposition was rescheduled indefinitely by Tuckerbrook and Mr. Banerjee had to leave for India in late August/early September. Mr. Banerjee has not visited the property in CT since early September and has no intentions of visiting it in the near future. The property is vacant and has been locked up since early September 2012.

13. Banerjee is certain that this new case, of which he has yet to see the Summons and Complaint, is another attempt to blackmail Banerjee into providing yet again testimony and

6

information that could prove useful to Tuckerbrook in the current matter with Alkek Foundation. And the blatant attempts by Tuckerbrook to skirt Rule 4(f)(1) or even local Rule 4 (even though they do not apply here) for Process of Service continue with Mr. Carnathan attempting to serve Mr. Banerjee in a house in CT that is <u>vacant and locked up</u> and where Mr. Banerjee has not resided since 2009 while knowing fully well that Mr. Banerjee resides in India at the address mentioned in this document (even this Federal District Court has communicated with Mr. Banerjee at this address many times in the past). Mr. Carnathan should be aware that it is not possible for Mr. Banerjee to have residence in two countries at one time.

## II. Argument.

The Court must Vacate the Deem Service of Process Effectuated ruling and order Tuckerbrook to serve papers pursuant to the Hague Convention and in accordance with the Federal Rules of Civil Procedure 4(f)(1).

1. Motion to vacate/dismiss Deem Service of Process Effectuated

   <u>Insufficient Service of process.</u>

- Mr. Banerjee is a resident of India and India is a signatory of the Hague Convention of countries. As such, any documents that are to be served to Mr. Banerjee are required to be served according to the rules and articles of The Hague Convention.

- The Plaintiff is well aware that Mr. Banerjee is a resident of India and has been a resident of India since 2009. Mr. Banerjee travels extensively as required by his job, and is often in the U.S. He has appeared for a deposition for Tuckerbrook in the prior case (11672-WGY), while he was visiting the US.

- The Federal Rules of Civil Procedure Rule 4(f)(1) states that an individual that in a foreign country be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;"

- India subscribes to the Hague Convention and as such and legal documents have to be served in accordance to the procedures set forth so as to be a valid service. As such, the Plaintiff is required to provide service by the Hague Service Convention as prescribed by Article 15 (also attached at Exhibit 4)

> *Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -*
>
> *a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or*
> *b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention, and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.*

- Even If Rule 4(f)(3) applied, Neither Certified Mail Nor DHL Are Permissible Methods of Service Under Rule 4(f)(3). Even if the Hague Convention did not preempt Rule 4(f)(3), neither certified mail nor service via DHL were permitted because both are "prohibited by international agreement." Specifically, India has registered an objection to Article 10(a) of the Hague Convention, which permits "sending" judicial documents via postal channels provided that the receiving state does not object. **Exhibit 5** ("India is opposed to the methods of service provided in Article 10.").[1] Service via DHL is within

---

[1] Available at: http://hcch.e-vision.nl/index_en.php?act=status.comment&csid=984&disp=resdn.

the scope of Article 10(a) and is also prohibited. Compare Mones v. Commercial Bank of Kuwait, S.A.K., 502F. Supp.2d 363, 370-7 (S.D.N.Y. 2007)(DHL service prohibited where signatory objected to Art. 10), *and RSM Prod. Corp.v. Fridman,* 2007 WL 1515068, at*2((S.D.N.Y. May 24, 2007) (same, for FedEx), *with EOI Corp. v. Med. Mktg. Ltd.,* 172 F.R.D. 133, 143 (D.N.J. 1997) (DHL is permitted service by mail where signatory has not objected), and R. Griggs Group Ltd. V. Filanto Spa, 920 F. Supp. 1100, 1103 (D. Nev. 1996)(same, for FedEx). Cf. Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 384 (5th Cir. 2002) (Art. 10 did not permit service of process by mail at all); Intelsat Corp. v. Multivision TV LLC, 2010 WL 3368655, at *7 (S.D. Fla. Aug. 24, 2010) (same).[2]

- The Plaintiffs in this case as well as the attorneys that represent the Plaintiff are well aware of the Hague Service of Convention rules and regulations (as the previous case required the Plaintiff to serve Mr. Banerjee in India) as they have acknowledged in previous court filings in relation to a prior case.

- Tuckerbrook in the previously mentioned case improperly served the complaint to Mr. Banerjee and in fact Mr. Banerjee never received the complaint. Tuckerbrook has again tried to skirt the rules and sent copies of the complaint in the current case to a vacant house in CT when they were aware that Mr. Banerjee resides in India and not in Connecticut. This knowledge is demonstrated by Tuckerbrook's own counsel in **Exhibit 6**.

---

[2] Whether Art. 10 even authorizes service of process through the mail as opposed to merely "sending" non-process documents is controversial, but the only authority in this District holds that it does not. *See Golub v. Isuzu Motors,* 924 F. Supp. 324, 327 (D. Mass. 1996) (noting split of authority but holding service of process by mail not authorized). *See also Nuovo Pignone, supra,; Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir. 1989) (service by registered mail not permitted); *Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. 16, 17 (D. Me. 1987) (same).

- In the previous case, in **Exhibit 1**, Order of His Honor, Judge Young, states that

  *"Furthermore, Banerjee was never properly served under the Hague Service convention, which would render the judgment void …."*

- Judge Young clearly states that he is aware of the Hague Convention and that due to Mr. Banerjee's residential status, any documents that have been filed, should be delivered to Mr. Banerjee by the proper channels as prescribed the Hague Convention. Please see attached Judge Young's Memorandum and Order as Exhibit 1. Judge Young asserts:

  *"The defendant, Banerjee, is a resident of India. India has been a signatory to the Hague Convention since November 23, 2006. …Because India opposes the methods of service prescribed in Article 10 [the Hague Convention], certified mail was not a sufficient method of service in this case. Accordingly, to effect proper service in India consistent with the Hague Service Convention, a plaintiff must submit a copy of the complaint and summons to the Central Authority of India, which shall then serve the documents to the appropriate agency through a method proscribed by the internal law of the country."*

  *"Tuckerbrook claims to have initiated service properly through the Hague Service Convention…..This bare assertion of compliance is unaccompanied by any evidentiary support to show that Tuckerbrook has even attempted to proffer service through the proper channels under the Hague Service Convention. Without evidentiary support, this Court has no choice but to conclude that Banerjee was not properly served."*

  *"Protecting the rights of foreign residents under international treaties is an important aspect of our judicial system. The Supreme Court recognized that the intended purpose of the Hague Service Convention is to provide a "simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." It would undermine this purpose to allow judges to determine the proper method of service of process on a case by case basis, rather than according to clearly enacted rules."*

- Further evidence of Mr. Carnathan and Tuckerbrook's knowledge that they were aware of Mr. Banerjee's residential status is demonstrated in Exhibit 6: deposition of Banerjee on July 21, 2011. In the deposition [**Exhibit 6, pages 8-9**] of Mr. Banerjee

10

was asked his place of residence and Mr. Banerjee answered that he resides and is a resident of India.  Mr. Banerjee has not had any change of address since the time of the deposition, Tuckerbrook and Hassett are aware that Mr. Banerjee still lives and works in India. This is again shown in **Exhibit 6**. This Exhibit 6 of Mr. Carnathan is response to the CT attorney involved in yet another case involving Mr. Hassett and Tuckerbrook.

- Service of process was insufficient and the Plaintiff has not served the complaint within the allotted time for the Action to be valid. As such the Court must dismiss this Action because the service of process was insufficient (a) in the accordance with the local US Federal Rules of Civil Procedure Rule 4(l)(2)(A) (B) which state that

> (2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
> (A) if made under <u>Rule 4(f)(1)</u>, as provided in the applicable treaty or convention[the Hague convention]; or
>
> (B) if made under <u>Rule 4(f)(2)</u> or <u>(f)(3)</u>, by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

and (b) the time limit for serving the summons has passed, the complaint was filed on or about September 4, 2012, over 200 days since the filing of the case in the District Court therefore it is **insufficient service of process**.

- As mentioned previously, Mr. Banerjee has yet to receive the complaint and summons and the Plaintiff cannot show proof that Mr. Banerjee has received the complaint through the proper channels as required by the articles of the Hague Convention. The Plaintiff has not even satisfied the Federal Rules of Civil Procedure

which require proof of service and based on Fed. R. Civ. P. 4(m) well over 200 days have passed since the original complaint was filed in September 2012.

- Tuckerbrook would not suffer irreparable harm if the Court orders Tuckerbrook to follow due process of the Hague Convention pursuant to Federal Rule 4(f). However, Banerjee will suffer irreparable harm as he is a resident of India and there is no way for Mr. Banerjee to adequately defend himself against their baseless, meritless and frivolous lawsuit (which is again an abuse of process and malicious prosecution) unless governed by the Hague Convention for service and otherwise. Mr. Banerjee is prepared to defend himself vigorously and will probably counter claim Tuckerbrook on Abuse of process/Malicious prosecution since Mr. Banerjee has spent close to $100,000 on legal representation. However, he insists on being served under Hague Convention so that his rights as a foreign citizen are not undermined or diminished.

- The Federal Court of Honorable Judge Young has already ruled attached (**Exhibit 1** dated Nov.30, 2010), that Hague convention applies. Also, Mr. Banerjee has been *pro se* since the Status Conference in June 2012 and would need the time afforded by Hague Convention. *See, e.g., Triestman v. Fed Bur. Of Prisons*, 470 F. 3d 471, 474 (2d Cir 2006) ("implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."). This might create a slight delay for Tuckerbrook; since Tuckerbrook knows Mr. Banerjee's address in India and can follow due process as governed by Rule (4)(f)(1) as it applies to the Hague convention and service in India. Tuckerbrook has refused to follow due process, as also found in Judge Young order, since their rush to serve in an illegal

manner is always based on the deadlines of the other case against the Alkek Foundation. This again demonstrates an abuse of process and malicious prosecution.

2.  <u>Proof of Service</u>. The Plaintiff and their Counsel are not able to provide any proof of service of the documents related to this Action, because there has been no proof of service upon Mr. Banerjee. <u>Tuckerbrook has been sending the complaint to an empty vacant house as Banerjee does NOT reside there and has not been in that residence since early September of 2012.</u> The papers that were sent to the empty vacant house were returned to Tuckerbrook on October 9, 2012, further demonstrating that Banerjee never received them. This return of papers to Carnathan is demonstrated clearly in Exhibit 6. Furthermore, Mr. Carnathan has not provided any proof that he has registered this complaint with the proper authorities of India and as such there has been no proof of service that Mr. Carnathan can to provide to the Court. Mr. Carnathan has stated in his affidavit that included as Exhibit 6 *"my firm's efforts to serve Mr. Banerjee by certified mail at his residence in Connecticut."* Mr. Carnathan is well aware that Banerjee was not in CT and that the address that the documents were sent to was not the residence on record for Mr.Banerjee. Mr. Carnathan has NOT shown that the documents were received and/or even acknowledged by Mr. Banerjee.

3.  The Action must be dismissed as more than 120 days have passed since the Complaint was filed with the Court. There has been no proof the Mr. Banerjee has received the complaint to date, either thru the Hague Convention prescribed method or by the prescribed method of Rule 4 of the Fed R. of Civ. P.

- It has been over 200 days since Service of Process was initiated by the Plaintiff. According to the PACER system, the complaint was submitted to the courts September 4, 2012. The Plaintiff cannot show any proof of the service either here in the US (where Mr. Banerjee does NOT reside) or in India (which is where Mr. Banerjee does reside). Based on the Federal Rules of Civil Procedure of the US District Courts Rule 4(m) states that: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

## CONCLUSION

For the foregoing reasons, as well as those set forth herein, Mr. Banerjee respectfully requests that the Court (1) Vacate Deem Process of Service Effectuated or order Tuckerbrook to promptly serve the Complaint in accordance with the Hague Convention (2) or have the Complaint dismissed the all together for insufficient process of service Rule 4(l)(1) and for exceeding the Time Limit of Service for over 120 days as governed the Federal Rules of Civil Procedure of the US District Courts Rule 4 (m).

Dated April 28, 2013

Respectfully Submitted,
SUMANTA BANERJEE

58/1 Ballygunje Circular Rd

Kolkata, West Bengal 700019

India

14

EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11643-GAO

TUCKERBROOK ALTERNATIVE INVESTMENTS, LP,
Plaintiff,

v.

SUMANTA BANERJEE,
Defendant.

ORDER
May 24, 2013

O'TOOLE, D.J.

The defendant's motion to vacate and dismiss (dkt. no. 9) is DENIED. Plaintiff has gone to great lengths to serve the defendant and provided evidence that the defendant was adequately served via electronic mail.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

EXHIBIT 8

## Paulina Stamatelos

| | |
|---|---|
| **From:** | infobob@frontiernet.net |
| **Sent:** | Monday, October 07, 2013 3:23 PM |
| **To:** | Paulina Stamatelos |
| **Subject:** | Report & Invoice#35336 |
| | |
| **Importance:** | High |

CONFIDENTIAL REPORT
-------------------

This report is for the sole and private use of the client and the contents of this report should not be divulged to any unauthorized individual without the express consent of the client or his/her duly authorized representative.

Compinstall,Inc. - "Information Research Specialists" or its sources, cannot be held liable for any errors, omissions, or for any confidential information obtained from outside sources and provided to our clients.

Portions of this report may contain information which was obtained from reliable sources that cannot be revealed. This research was conducted in a highly discreet manner and in keeping with the best interest of the client at all times.

Rate of successful location of accounts, property and information is directly related to the accuracy of the information used to conduct the search, i.e., Name, Social Security Number, Address, DOB, etc.)

All sources used are deemed reliable and accurate. However, we have no control over the integrity of the data and we will not assume responsibility for the accuracy or integrity of their records. No guarantees are made and no warranty of content is implied, expressed or intended. The condition of any account or information mentioned in this report may change at any time. The information provided in this report is for the exclusive use of the requester and intended for permissible purposes only.

In acceptance of the research provided you acknowledge that you and your client are not entitled to punitive or any other damages as a result of any such errors and will further defend, indemnify and hold harmless Compinstall,Inc. - "Information Research Specialists" and\or its agents from any actions arising from the providing of the requested information including all legal action arising from or related to the information requested or provided. You further agree that a facsimile of the authorized signed request form, will have the same force, effect and legal standing as the original.

You are cautioned to respect the privacy of the individual involved in this report and to use this information for legitimate purposes as described in the Federal Fair Credit Reporting Act (15 U.S.C. 1681-1691t) and all applicable State Laws and Regulations. It is your duty also to ensure that this information is not communicated to anyone without a similar legitimate purpose and need to know.

Client/requester acknowledges that they are in full compliance with the National Driver Privacy Protection Act (DPPA), Fair Credit Reporting Act (FCRA), Gramm-Leach-Bliley Act

(GLB) and National Financial Reform Act (NFRA) and that intent
and purpose of search is for a permissible use.
==================================================================
==================================================================
                  DOB LOCATE (L5)*
          & PA CURRENT EMPLOYMENT LOCATE (L7)*
                  ------------------------------------

INFORMATION PROVIDED BY REQUESTER
---------------------------------
SUBJECT #1: NAME: SUMANTA BANERJEE
        SSN ███████████████████████
        DOB: N/A  AGE: N/A
        SEX: MALE
        RACE: ASIAN
    CT D/L#: N/A
    PA D/L#: N/A
    ADDRESS: 304 HARVESTER CIR,
           PITTSBURGH, PA 15241-2032
           (ALLEGHENY COUNTY)
      PHONE: N/A
PREVIOUS ADDRESS: 23 SOUNDVIEW FARM RD
           WESTON, CT 06883
    OCCUPATION: N/A
    LAST WORK: N/A
        SPOUSE: N/A  SSN: N/A  DOB: N/A




RESULTS:
LOCATED:  The research specialists located the DOB for the above
      captioned subject.

        NAME: SUMANTA BANERJEE
        AKA: SUMANTA G. BANERJEE
        DOB: ██████1966  AGE: 47

RESULTS:
LOCATED:  The employment research specialists advise that per the
      State of Pennsylvania there is no current wages being
      reported for the above captioned subject at this time.
      They also advise that there were no previous wages
      being reported as far back as the second quarter ending
      March 30, 2012.

      The research specialists advise that the above
      captioned subject has a cellular phone. Should you be
      interested in obtaining the cellular number and billing
      address information, please request a Personal Cellular
      Locate T7 @ $150.00. Thank you.
==================================================================
              OCCUPANT SEARCH (L14)*
              ---------------------

      ADDRESS: 304 HARVESTER CIR,
           PITTSBURGH, PA 15241-2032
           (ALLEGHENY COUNTY)

2

RESULTS:
LOCATED:  The  research specialists located (6) six   individuals
          currently linked to the above captioned address.  Where
          available reported dates are provided.


1. AKSHITA S BANERJEE  01/01/1989 TO 09/24/2013

2. JYOTI A GANDHI  08/1984 TO 09/24/2013

3. ANANT J GANDHI SR  12/1984 TO 09/24/2013

4. ANUPAMA A GANDHI  05/1998 TO 09/24/2013

5. REBA BANERJEE  03/20/2013 TO 09/23/2013

6. SUMANTA G BANERJEE  10/2012 TO 09/23/2013
===============================================================
===============================================================
     *"INFORMATION RESEARCH SPECIALISTS"* - Compinstall,Inc.
          40 Dickison Rd  Westtown, NY 10998-2913
            (845) 726-4474   FAX (845) 726-9971
             e-mail: infobob@frontiernet.net
U.S. FEDERAL TAX ID#: 11-2811348


                *******
09/24/13           INVOICE#35336
                *******

         NATIONAL INFORMATION REQUEST

REQUESTED BY:SADIS & GOLDBERG LLC PHONE: 212-573-8423 X19
        DOUGLAS R HIRSCH,ESQ   FAX: 212-573-8154
        551 FIFTH AVE FL 21  PAGER: N/A
        NEW YORK, NY 10176   CELL#: N/A
                    E-MAIL: DHIRSCH@SGLAWYERS.COM
                    E-MAIL: DRHIRSCH@SGLAWYERS.COM
                    E-MAIL: DKASELL@SGLAWYERS.COM
                    E-MAIL: FBIGELOW@SGLAWYERS.COM
                    E-MAIL: JKAHN@SGLAWYERS.COM
                    E-MAIL: PGREEN@SGLAWYERS.COM
                    E-MAIL: PSTAMATELOS@SGLAWYERS.COM


DATE/TIME REQUESTED: 09/24/13 @ 07:13 PM
SERVICE PROVIDED: DOUGLAS R HIRSCH,ESQ / DENNIS HIRSCH /
        PAT HEANEY-GREEN / MITCHELL TARAS /
        FRANCIS BIGELOW / MICHAEL CRESPO /
        DAVID KASELL / JARRET A KAHN /
        PAULINA STAMATELOS /
CLIENT RE: N/A   REQUESTER: PS

(1) DOB LOCATE (L5)*:          @ $25.00 =  $25.00
(1) OCCUPANT SEARCH (L14)*:        @ $50.00 = $50.00
* ALL DMV/DATABASE/COURT SEARCHES ARE FLAT RATE
  "NO-LOCATE" = FULL CHARGE
(1) PA CURRENT EMPLOYMENT LOCATE (L7)*:    @ $350.00 = $350.00
* REDUCED "NO-LOCATE" CHARGE OF $100.00 NOT APPLICABLE
  NOT APPLICABLE ON SEARCHES OF NON-PRIMARY

OR SECONDARY STATES OR FOR REQUESTS FOR CURRENT
OR HISTORIC EMPLOYMENT HISTORY.


INFORMATION PROVIDED BY REQUESTER
---------------------------------
SUBJECT #1: NAME: SUMANTA BANERJEE
        SSN: ████████████
        DOB: N/A  AGE: N/A
        SEX: MALE
        RACE: ASIAN
CT D/L#: N/A
PA D/L#: N/A
        ADDRESS: 304 HARVESTER CIR,
              PITTSBURGH, PA 15241-2032
              (ALLEGHENY COUNTY)
        PHONE: N/A
PREVIOUS ADDRESS: 23 SOUNDVIEW FARM RD
              WESTON, CT 06883
      OCCUPATION: N/A
      LAST WORK: N/A
        SPOUSE: N/A  SSN: N/A  DOB: N/A
(CONFIRMED ALL SPELLING AND NUMBERS WITH REQUESTER)

NEW CARD PROVIDED 09/24/13
10/07/13 - DOUGLAS R HIRSCH AUTHORIZED $425.00 CHARGED TO
        MASTERCARD NUMBER ENDING IN -0624
APPROVAL CODE: 09284E     SIGNATURE AND EXPIRATION DATE ON FILE
FOR PROTECTION OF CARDHOLDER, CARDHOLDER NAME, ADDRESS AND CARD
NUMBER WERE VERIFIED WITH CHASE BUSINESS CARDHOLDER SERVICES AT
1-800-436-7924.

CUSTOMER AGREES TO PAY ALL OF SELLERS COSTS RELATED TO THE
COLLECTION OF ANY SUMS DUE, INCLUDING OVERHEAD ALLOCATED TO
EMPLOYEE EFFORTS AND ANY LEGAL FEES AND EXPENSES INCURRED.
AVAILABILITY AND RATES SUBJECT TO CHANGE WITHOUT NOTICE. FOR ALL
SEARCH REQUESTS ONCE SUBMITTED VIA FAX, EMAIL, MAIL OR PHONE,
THEY CANNOT BE RECALLED, REVISED OR CANCELED. ALL REPORTS ARE
ARCHIVED OFFLINE AFTER 30 DAYS. REFAXING ARCHIVED REPORTS ARE
AVAILABLE AT $25.00 PER INVOICE. CLIENT/REQUESTER ACKNOWLEDGES
THAT THEY ARE IN FULL COMPLIANCE WITH THE NATIONAL DRIVER PRIVACY
PROTECTION ACT (DPPA), FAIR CREDIT REPORTING ACT (FCRA), GRAMM-
LEACH-BLILEY ACT (GLB) AND NATIONAL FINANCIAL REFORM ACT (NFRA)
AND THAT INTENT AND PURPOSE OF SEARCH IS FOR A PERMISSIBLE USE. A
$5.00 DECLINE CREDIT/DEBIT CARD TRANSACTION FEE WILL BE CHARGED
FOR EACH CREDIT/DEBIT CARD TRANSACTION THAT IS DECLINED FOR ANY
REASON.

WE ARE INFORMATION RESEARCHERS, NOT A PRIVATE INVESTIGATION CO.

     FOR *FASTEST* SERVICE CALL COMPINSTALL FIRST!

          *IT'S NOT MY JOB, IT'S MY BUSINESS!*

     THANK YOU. WE APPRECIATE YOUR BUSINESS.

     A PHILOSOPHY OF SERVICE, COMPETENCY & INTEGRITY
          ASSOCIATE MEMBER OF THE NEW JERSEY
        LICENSED PRIVATE INVESTIGATORS ASSOCIATION
     ASSOCIATE MEMBER OF THE FRATERNAL ORDER OF POLICE
     SUPPORTING MEMBER OF THE RETIRED POLICE ASSOCIATION

ASSOCIATE MEMBER ASSOCIATION OF CERTIFIED FRAUD EXAMINERS
FULL MEMBER ASSOCIATION OF INDEPENDENT INFORMATION PROFESSIONALS

EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADIS & GOLDBERG, LLP

                    *Plaintiff*

vs.

SUMANTA BANERJEE

                    *Defendant*

CIVIL ACTION NO: 13-CV-7355

## AFFIDAVIT OF SERVICE

State of Pennsylvania     }
County of Allegheny     } ss:

The undersigned, being duly sworn, deposes and says:

Deponent is not a party herein, is over the age of 18 and resides in the State of Pennsylvania.

That on **November 5, 2013, at 7:45 AM** at **304 Harvester Circle, Pittsburgh, PA 15241**

Deponent served a **Summons in a Civil Action, Civil Action Cover Sheet, Sadis & Goldberg, LLP Rule 7.1 Disclosure Statement, Complaint, Electronic Case Filing Rules & Instructions, United States District Court for the Southern District of New York Individual Practices of Judge Laura Taylor Swain**

on **Sumanta Banerjee, defendant therein named,**

by delivering thereat a true copy of each to **Akshita Banerjee (Wife)** a person of suitable age and discretion.  Said premises is Defendant's last known residence within the State of Pennsylvania.

Akshita Banerjee confirmed her identity and she was served in the presence of a police officer

### Description of Person Served:

| | |
|---|---|
| Gender: | Female |
| Race: | Indian-American |
| Hair: | Black |
| Eyes: | Brown |
| Age: | 44 years old |
| Height: | 5'7" |
| Weight: | 140 lbs |

Sworn and subscribed before me
this _12th_ day of November, 2013

_____
Notary Public

_Tom Gorgone_

Tom Gorgone

NOTARIAL SEAL
MICHELE M HARRIS
Notary Public
HATFIELD TWP., MONTGOMERY COUNTY
My Commission Expires Aug 10, 2016

EXHIBIT 10

Douglas R. Hirsch
Sadis & Goldberg, LLP
551 5th Avenue
New York, New York 10176



November 5, 2013

Re: 13 cv 7355

Dear Mr. Hirsch,

I write to you regarding the case number above, Sadis & Goldberg, LLP v. Sumanta Banerjee. Mr. Banerjee, contrary to the statement in the complaint, <u>does not</u> reside in the United States, he is in fact a permanent resident of India and has been so for over four years, as you are aware since you have communicated with him in India earlier this year. His place of residence <u>has not changed</u> over the four years. Additionally, you are also aware that Mr. Banerjee is an overseas citizen of India.

His address for any correspondence is 58/1 Ballygunje Circular Road, Kolkata 700019, West Bengal, India.

The summons and complaint in the above referenced case was delivered incorrectly to the address: 304 Harvester Circle, Pittsburgh, PA 15241. This address is of his in-laws, not Mr. Banerjee's address.

Please find included with this correspondence, the Summons and Complaint so that these papers can be properly served to Mr. Banerjee at his place of residence in India.

As I am not listed as a party to the case, I cannot legally accept these papers. I trust that you will deliver these papers to Mr. Banerjee through the proper channels.

Sincerely,

Akshita Gandhi


cc of Letter sent to:
Ruby Krajick
Clerk of Court, Southern New York District Court
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Rudey Krajick
Clerk of Court, Southern New York District Court
US Courthouse
500 Pearl Street
NY NY 10007

1000713160B

PITTSBURGH PA 150
06 NOV 2013 PM 1 L

FOREVER
FIRST-CLASS
USA

11/19/13

EXHIBIT 11

# Magisterial District Judge 05-3-02

## DOCKET



Docket Number: MJ-05302-TR-0001453-2013

# Traffic Docket

Commonwealth of Pennsylvania

v.

Sumanta Banerjee

Page 1 of 3

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Robert L. Ford | Issue Date: | |
| OTN: | | File Date: | 04/17/2013 |
| Arresting Agency: | Franklin Park Police Dept | Arrest Date: | |
| Citation #: | C 0714548-2 | Disposition: | Guilty |
| County: | Allegheny | Disposition Date: | 05/16/2013 |
| Township: | Franklin Park Borough | Case Status: | Closed |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 01/27/2016 | Completed |
| | 01/13/2016 | Case Balance Due |
| | 01/06/2016 | Case Balance Due |
| | 10/28/2015 | Case Balance Due |
| | 08/26/2015 | Case Balance Due |
| | 06/26/2015 | Case Balance Due |
| | 04/16/2015 | Case Balance Due |
| | 02/11/2015 | Case Balance Due |
| | 12/03/2014 | Case Balance Due |
| | 09/23/2014 | Case Balance Due |
| | 07/16/2014 | Case Balance Due |
| | 05/16/2014 | Case Balance Due |
| | 03/12/2014 | Case Balance Due |
| | 12/31/2013 | Case Balance Due |
| | 10/24/2013 | Case Balance Due |
| | 08/14/2013 | Case Balance Due |
| | 06/03/2013 | Case Balance Due |
| | 05/16/2013 | Case Balance Due |
| | 05/16/2013 | Case Disposed/Penalty Imposed |
| | 05/16/2013 | Awaiting Sentencing |
| | 05/01/2013 | Awaiting Summary Trial |
| | 04/30/2013 | Awaiting Plea |
| | 04/17/2013 | Awaiting Plea |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Summary Trial | 05/16/2013 | 10:30 am | | Magisterial District Judge Robert L. Ford | Scheduled |

MDJS 1200

Printed: 07/18/2016   4:51 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 05-3-02

## DOCKET



Docket Number: MJ-05302-TR-0001453-2013

# Traffic Docket

Commonwealth of Pennsylvania

v.

Sumanta Banerjee

Page 2 of 3

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Banerjee, Sumanta | Sex: | Male |
| Date of Birth: | 05/21/1966 | Race: | Unknown/Unreported |
| Address(es): | | | |

**Home**
Pittsburgh, PA 15241

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Banerjee, Sumanta |
| Arresting Officer | Latimer, Carl R |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 75 § 3111 §§ A | S | Obedience to Traffic-Control Devices | 04/17/2013 | Guilty |

### DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| **Guilty** | 05/16/2013 | No |
| Offense Seq./Description | Offense Disposition | |
| 1 Obedience to Traffic-Control Devices | Guilty | |

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 05/16/2013 | Guilty | Magisterial District Judge Robert L. Ford | Sumanta  Banerjee, Defendant |
| 04/17/2013 | Traffic Citation Filed | Magisterial District Court 05-3-02 | |

### PAYMENT PLAN SUMMARY

| Payment Plan No. | Payment Plan Freq. | Next Due Date | Active | Next Due Amt. | Overdue Amt. |
|---|---|---|---|---|---|
| 05302-2016-P0000050 | Single Payment | | No | $0.00 | $0.00 |

Responsible Participant
Banerjee, Sumanta

| Payment Plan History: | Payment Dt. | Applied Dt. | Transaction Type | Payor | Participant Role | Amount |
|---|---|---|---|---|---|---|
| | 01/27/2016 | 01/27/2016 | Payment | Ncourt | Remitter | $152.50 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 05-3-02

## DOCKET

Docket Number: MJ-05302-TR-0001453-2013

# Traffic Docket

Commonwealth of Pennsylvania

v.

Sumanta Banerjee

Page 3 of 3

## CASE FINANCIAL INFORMATION

Case Balance:       $0.00        Next Payment Amt:

Last Payment Amt:                Next Payment Due Date:

| Assessment Type | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| ATJ | $2.00 | $0.00 | $0.00 | ($2.00) | $0.00 |
| CAT/MCARE/General Fund | $30.00 | $0.00 | $0.00 | ($30.00) | $0.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $8.25 | $0.00 | $0.00 | ($8.25) | $0.00 |
| County Court Cost (Act 204 of 1976) | $20.50 | $0.00 | $0.00 | ($20.50) | $0.00 |
| Emergency Medical Services (Act 45 of 1985) | $10.00 | $0.00 | $0.00 | ($10.00) | $0.00 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | ($8.00) | $0.00 |
| State Court Costs (Act 204 of 1976) | $8.25 | $0.00 | $0.00 | ($8.25) | $0.00 |
| Title 75, Motor Vehicle (Motor License Fund) | $25.00 | $0.00 | $0.00 | ($25.00) | $0.00 |
| Motor Vehicle Case Hearing Cost | $8.00 | $0.00 | $0.00 | ($8.00) | $0.00 |
| Constable Education Training Act | $5.00 | $0.00 | $0.00 | ($5.00) | $0.00 |
| Server Fee | $27.50 | $0.00 | $0.00 | ($27.50) | $0.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

EXHIBIT 12

# Magisterial District Judge 05-2-19

## DOCKET



Docket Number: MJ-05219-TR-0002909-2015

# Traffic Docket

Commonwealth of Pennsylvania

v.

Sumanta Banerjee

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Blaise P. Larotonda | Issue Date: | |
| OTN: | | File Date: | 09/15/2015 |
| Arresting Agency: | Mt Lebanon Police Dept | Arrest Date: | |
| Citation #: | E 0006738-4 | Disposition: | Guilty Plea |
| County: | Allegheny | Disposition Date: | 01/13/2016 |
| Township: | Mount Lebanon Township | Case Status: | Closed |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Closed | 01/20/2016 | Case Balance Due |
| | 01/13/2016 | Case Disposed/Penalty Imposed |
| | 01/13/2016 | Awaiting Sentencing |
| | 10/26/2015 | Awaiting Summary Trial |
| | 09/15/2015 | Awaiting Plea |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Summary Trial | 12/10/2015 | 9:00 am | | Magisterial District Judge Blaise P. Larotonda | Continued |
| Summary Trial | 01/13/2016 | 2:30 pm | | Magisterial District Judge Blaise P. Larotonda | Scheduled |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Banerjee, Sumanta | Sex: | Male |
| Date of Birth: | 05/21/1966 | Race: | Unknown/Unreported |
| Address(es): | | | |
| Home | | | |
| Pittsburgh, PA 15241 | | | |

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Banerjee, Sumanta |
| Arresting Officer | O'Brien, Patrick Joseph |

MDJS 1200                                                                                                    Printed: 07/18/2016   4:56 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 05-2-19

## DOCKET

Docket Number: MJ-05219-TR-0002909-2015

## Traffic Docket

Commonwealth of Pennsylvania

v.

Sumanta Banerjee

Page 2 of 2

## CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|----------|-------|-------------|-------------|-------------|
| 1 75 § 3365 §§ B-23 | S | Exceed Speed Lim/School Zone By 23 MPH | 09/15/2015 | Guilty of a Lesser Charge |
| 2 75 § 3111 §§ A | S | Obedience to Traffic-Control Devices | 09/15/2015 | Guilty Plea |

## DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|------------------|------------------|------------------------|
| **Guilty Plea** | 01/13/2016 | Yes |

| Offense Seq./Description | Offense Disposition |
|--------------------------|---------------------|
| 1  Exceed Speed Lim/School Zone By 23 MPH | Guilty of a Lesser Charge |
| 2  Obedience to Traffic-Control Devices | Guilty Plea |

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|------------|-------|-------|------------|
| 01/13/2016 | Guilty Plea | Magisterial District Judge Blaise P. Larotonda | Sumanta  Banerjee, Defendant |
| 09/15/2015 | Traffic Citation Filed | Magisterial District Court 05-2-19 | |

## PAYMENT PLAN SUMMARY

| Payment Plan No. | Payment Plan Freq. | Next Due Date | Active | Next Due Amt. | Overdue Amt. |
|------------------|--------------------|--------------|--------|---------------|--------------|
| 05219-2016-P0000083 | Single Payment | 02/19/2016 | Yes | $128.00 | $128.00 |

Responsible Participant
Banerjee, Sumanta

| Payment Plan History: | Payment Dt. | Applied Dt. | Transaction Type | Payor | Participant Role | Amount |
|-----------------------|-------------|-------------|------------------|-------|------------------|--------|
| | 10/02/2015 | 10/02/2015 | Payment | Banerjee, Akshita S | Remitter | $50.00 |

## CASE FINANCIAL INFORMATION

| Case Balance: | $128.00 | Next Payment Amt: | | | | |
|---------------|---------|-------------------|--|--|--|--|
| Last Payment Amt: | | Next Payment Due Date: | | | | |

| Assessment Type | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|-----------------|----------------|----------------|--------------------------|-------------|---------|
| Emergency Medical Services (Act 45 of 1985) | $10.00 | $0.00 | $0.00 | ($2.39) | $7.61 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | ($8.00) | $0.00 |
| PA Transportation Trust Fund | $125.00 | $0.00 | $0.00 | ($29.77) | $95.23 |
| Title 75, Motor Vehicle (Motor License Fund) | $25.00 | $0.00 | $0.00 | ($5.96) | $19.04 |
| ATJ | $2.00 | $0.00 | $0.00 | ($2.00) | $0.00 |
| Motor Vehicle Case Hearing Cost | $8.00 | $0.00 | $0.00 | ($1.88) | $6.12 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

EXHIBIT 13

# Magisterial District Judge 05-2-19

## DOCKET



Docket Number: MJ-05219-TR-0000291-2016

# Traffic Docket

Commonwealth of Pennsylvania

v.

Sumeet Banerjee

Page 1 of 1

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Blaise P. Larotonda | Issue Date: | |
| OTN: | | File Date: | 02/03/2016 |
| Arresting Agency: | Mt Lebanon Police Dept | Arrest Date: | |
| Citation #: | E 0008276-2 | Disposition: | |
| County: | Allegheny | Disposition Date: | |
| Township: | Mount Lebanon Township | Case Status: | Active |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Active | 02/03/2016 | Awaiting Plea |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Banerjee, Sumeet | Sex: | Male |
| Date of Birth: | 05/21/1966 | Race: | Unknown/Unreported |
| Address(es): | | | |
| **Home** | | | |
| Pittsburgh, PA 15241 | | | |

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Banerjee, Sumeet |
| Arresting Officer | Green, Scott William |

## CHARGES

| # | Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|---|
| 1 | 75 § 1301 §§ A | S | REGISTRATION AND CERTIFICATE OF TITLE REQUIRED | 01/30/2016 | |

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 02/03/2016 | Traffic Citation Filed | Magisterial District Court 05-2-19 | |

MDJS 1200                                                                 Printed: 07/22/2016   2:49 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# Magisterial District Court  05-3-02
## Public Court Summary

| Banerjee, Sumeet<br>Weston, CT 06883 | DOB: 05/21/1966 | Sex: Male<br>Eyes: Unknown<br>Hair: Unknown or Completely Bald<br>Race: Unknown/Unreported |
| --- | --- | --- |

**Aliases:** Sumanta  Banerjee, Sumanta  Banerjee

**Court: MDJ-05-3-02**
**Closed**

**MJ-05302-TR-0001453-2013**
Arrest Date:
Last Action: Summary Trial
Next Action:

Processing Status: Completed

OTN:
Disp. Event Date: 05/16/2013
Last Action Date: 05/16/2013
Next Action Date:

| Statute | Grade | Description | Disposition | Counts |
| --- | --- | --- | --- | --- |
| 75 § 3111 §§ A | S | Obedience to Traffic-Control Devices | Guilty | 1 |

**County: Allegheny**
**Active**

**MJ-05219-TR-0000291-2016**
Arrest Date:
Last Action:
Next Action:

Processing Status: Awaiting Plea

OTN:
Disp. Event Date:
Last Action Date:
Next Action Date:

| Statute | Grade | Description | Disposition | Counts |
| --- | --- | --- | --- | --- |
| 75 § 1301 §§ A | S | REGISTRATION AND CERTIFICATE OF TITLE REQUIRED | | 1 |

**Closed**

**MJ-05219-TR-0002909-2015**
Arrest Date:
Last Action: Summary Trial
Next Action:

Processing Status: Case Balance Due

OTN:
Disp. Event Date: 01/13/2016
Last Action Date: 01/13/2016
Next Action Date:

| Statute | Grade | Description | Disposition | Counts |
| --- | --- | --- | --- | --- |
| 75 § 3111 §§ A | S | Obedience to Traffic-Control Devices | Guilty Plea | 1 |
| 75 § 3365 §§ B-23 | S | Exceed Speed Lim/School Zone By 23 MPH | Guilty of a Lesser Charge | 1 |

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these reports. Court summary report information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Magisterial District Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense

EXHIBIT 14

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s) | |
|---|---|
| Robert Schiff 909 Santiago Rd Imperial, PA 15126 | **Case Number :** GD - 14 - 015817 |
| | **Type of pleading :** Mechanics lean |
| | **Code and Classification :** _____ |
| | **Filed on behalf of** Robert Schiff (Name of the filing party) |
| **Vs** **Defendant(s)** Samanta Banerjee AND Akshita Gandhi-Banerjee | ☐ Counsel of Record ☒ Individual, If Pro Se |
| | **Name, Address and Telephone Number :** Robert Schiff 909 Santiago Rd Imperial PA 15126 412-805-8602 |
| | **Attorney's State ID :** _____ |
| | **Attorney's Firm ID :** OPS6RFERG01 09-09-2014—10:53:37 GD-14-015817 |

[cover]

# Claim For
# Mechanics' Lien

......... Robert B Schiff ..........................................................................., Claimant, hereby
files ...../...... claim, in accordance with the provisions of the Mechanics' Lien Law of 1963, and any amendments
thereto, against SAMANTA BANERJEE (AND SPOKE) Akshita GANdhi - BANERJEE
............................................................................., the Owner(s) or reputed Owner(s), and
against the real property, building and improvements located at: ...1514 Cook School Rd.
UPPER ST. CLAIR, PA 15241 ...........................................................................
for the sum of $ ....11,500...................., together with interest from FEES (Filing Attorney) due to Claimant
for the ☐ erection and construction; or ☐ alteration and/or repair of the Property, and makes the following claim:

1. The name of the Claimant is: Robert Schiff ..............................................

2. The address of the Claimant is: 909 Santiago Rd.
   Imperial, Pa. 15126.

3. The name(s) of the Owner(s) or reputed Owner(s) is/are: Samanta Banerjee and
   Akshita Gandhi-Banerjee

4. The address(es) of the Owner(s) or reputed Owner(s) is/are: ...1514 Cook School Rd. ) UNder
   304 Harvester Circle                                    UPPER St Clair, PA 15241  ) Construction
   Pittsburgh, Pa. 15241  ) Living @Presently

5. The Claimant contracted:
   ☐ A. directly with Samanta Banerjee and Akshita Gandhi-Banerjee ..............., Owner,
      or ....Akshita Gandhi-Banerjee.............................., as evidenced by a contract executed on or
      about ....June 15, 2014..............., a copy of which is attached to this Claim and made a part hereof.
   ☐ B. with ............................................................................., a general contractor,
      who contracted directly with ..................................................., Owner,
      or ............................................................., as evidenced by a contract executed on or
      about ..........................., a copy of which is attached to this Claim and made a part hereof.

6. The Claim is based on the furnishing of labor and/or materials. The work and/or materials were furnished from
   June 15, 2014...... to ...August 14, 2014, the date the work was completed. The nature and character of labor
   and/or materials furnished by the Claimant is as follows: Purchase all materials which owner agreed
   To Pay For And Labor which included Purchase Delivery & Installation of the Chair
   Rail Crown moulding, And Picture Frame Wainscotting plus Addition Crown Moulding
   and Powder Room (1st Floor) all other Crown Moulding is in entire Home except for
   2nd Floor Bathroom and master Bedroom Bathrooms. This Also Includes Caulking Preparing
   and Sanding all materials when Primed and Painted with 2 coats of Semigloss while to match
   other painters Paints. Additional Cost of taking my money out of Retirement plus All Penalties

7. If work was not performed under a contract for an agreed sum, the prices charged for each item of the work ∧w fees
   performed are as follows: Additional Work included Crown Moulding in every Bedroom
   2 master Bedrooms and 3 other Bedrooms owner agreed to pay for all materials
   for entire Job with a Discount of 5 to 10% to Be passed on to Client
   .............................................................................
   .............................................................................
   .............................................................................

8. The sum of $ ...11,500..................., together with lawful interest from ..........................., is due the Claimant.
   The Claimant has no Note or other collateral security for the Claim.

9. The work was performed and/or the materials were furnished for the:
   - ☐ alteration or repair
   - ☒ alteration and repair
   - ☒ erection and construction of

   *Chair Rail, Crown Molding, wainscoating including Caulking, Prime & 2 coats of White Semi Gloss Paint. ALSO Pickup, Purchase & Deliver to Home to Repair* on the Property.
   *By Homeowner*

10. If the Claimant is a Subcontractor, the Claimant served a verified Preliminary Notice of Intention to File a Mechanics' Lien, in accordance with section 501(a), to ................................................................
    who was located at ......................................................................................................................
    on ........................................ by ...........................................................................................
          [Date Served]                             [Method of Service]

    and Claimant served a verified Formal Notice of Intention to File a Mechanics' Lien, in accordance of section 501(b), to ...................................................................................................................
    who was located at ......................................................................................................................
    on ........................................ by ...........................................................................................
         [Date Served]                              [Method of Service]

### [SIGNATURE OF CLAIMANT]

| [INDIVIDUAL] | [CORPORATION/PARTNERSHIP] |
|---|---|
| *Robert Schiff* | |
| [Name of Contractor/~~Subcontractor~~] | [Name of Corporation/Partnership] |
| *Robert Schiff* | By: .......................................... |
| [Signature of Contractor/Subcontractor] | [Signature of Signer/Partner] |
| | Title: ........................................ |

### [VERIFICATION - FOR INDIVIDUAL]

**Commonwealth of Pennsylvania** } ss
**County of** ...............................

    Before me, the undersigned officer, personally appeared ..............................................................., Claimant above named, who being duly sworn, deposes and says that ........... is familiar with the facts contained in the Claim for Mechanics' Lien and that the allegations contained in this Claim are true and correct to the best of ........... knowledge, information and belief.

                                    .......................................................................
                                        [Signature of Claimant]

Sworn to and subscribed before me this ....................................... day of ........................, in the year ............... .

My Commission Expires: ...................................     .......................................................................
                                        [Notary Public]

### [VERIFICATION - FOR CORPORATION/PARTNERSHIP]

**Commonwealth of Pennsylvania** } ss
**County of** ...............................

    Before me, the undersigned officer, personally appeared ..............................................................., Claimant above named, who being duly sworn, deposes and says that ........... is familiar with the facts contained in the Claim for Mechanics' Lien and that the allegations contained in this Claim are true and correct to the best of ........... knowledge, information and belief.

                                    .......................................................................
                                        [Signature of Claimant]

Sworn to and subscribed before me this ....................................... day of ........................, in the year ............... .

My Commission Expires: ...................................     .......................................................................
                                        [Notary Public]

# In The Court of Common Pleas of Allegheny County, Pennsylvania

Robert Schiff

..................................................
Claimant

vs.

Samanta Banerjee &
Akshita Gandhi - Banerjee

..................................................
Owner(s) or reputed Owner(s)

CIVIL DIVISION

No. GD—14—015817

## [CERTIFICATION OF LOCATION]

I hereby certify that the location of the Real Estate is: ...........................................

1514 Cook School Rd.
Upper St Clair, Pa. 15241

(City, Borough, Township, Ward)

Robert Schiff

..................................................
(Plaintiff or Attorney for Plaintiff)

No. 820   © 2001
Claim For Mechanics' Lien
Inkwell Stationers, Inc., Pgh., PA 15219

# Magisterial District Judge 05-2-20

## DOCKET



Docket Number: MJ-05220-CV-0000146-2014

# Civil Docket



Robert K Schiff
v.
Sumanta  Banerjee, Akshita  Gandhi-Banerjee

Page 1 of 1

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Ronald A. Arnoni | File Date: | 09/04/2014 |
| Claim Amount: | $11,500.00 | Case Status: | Inactive |
| Judgment Amount: | | County: | Allegheny |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 10/02/2014 | 12:00 pm | | Magisterial District Judge Ronald A. Arnoni | Continued |
| Civil Action Hearing | 11/13/2014 | 9:45 am | | Magisterial District Judge Ronald A. Arnoni | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Banerjee, Sumanta | PITTSBURGH, PA 15241 |
| Defendant | Gandhi-Banerjee, Akshita | Pittsburgh, PA 15241 |
| Plaintiff | Schiff, Robert K | Imperial, PA 15126 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05220-CV-0000146-2014 | Robert K Schiff | Sumanta  Banerjee | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000146-2014 | Robert K Schiff | Akshita  Gandhi-Banerjee | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000163-2014 | Akshita  Gandhi-Banerjee | Robert K Schiff | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000163-2014 | Sumanta  Banerjee | Robert K Schiff | Judgment for Defendant | 11/13/2014 |

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 12/16/2014 | Civil Appeal Filed by Plaintiff | Robert K Schiff | Sumanta  Banerjee, Defendant Akshita  Gandhi-Banerjee, Defendant |
| 11/13/2014 | Judgment for Defendant | Magisterial District Court 05-2-20 | Akshita  Gandhi-Banerjee, Defendant |
| 11/13/2014 | Judgment for Defendant | Magisterial District Court 05-2-20 | Sumanta  Banerjee, Defendant |
| 09/30/2014 | Intent to Defend Filed | Sumanta  Banerjee Akshita  Gandhi-Banerjee | Robert K Schiff, Plaintiff |
| 09/04/2014 | Civil Complaint Filed | Robert K Schiff | |

MDJS 1200

Printed: 07/22/2016  3:23 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

EXHIBIT 15

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



**Notice of Judgment/Transcript Civil Case**

| Mag. Dist. No: | MDJ-05-2-20 |
|---|---|
| MDJ Name: | Honorable Ronald A. Arnoni |
| Address: | 5100 West Library Avenue<br>Bethel Park, PA  15102 |
| Telephone: | 412-835-1661 |

Sumanta  Banerjee,  Akshita  Gandhi-Banerjee
v.
Robert K Schiff

Robert K Schiff
909 Santiago Road
Imperial, PA  15126

Docket No:   MJ-05220-CV-0000146-2014
Case Filed:  9/26/2014
Cross Complaint Docket No(s):
            MJ-05220-CV-0000163-2014

---

## Disposition Details

### Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05220-CV-0000163-2014<sup>CC</sup> | Akshita  Gandhi-Banerjee | Robert K Schiff | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000163-2014<sup>CC</sup> | Sumanta  Banerjee | Robert K Schiff | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000146-2014 | Robert K Schiff | Sumanta  Banerjee | Judgment for Defendant | 11/13/2014 |
| MJ-05220-CV-0000146-2014 | Robert K Schiff | Akshita  Gandhi-Banerjee | Judgment for Defendant | 11/13/2014 |

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION.  YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

NOV 1 3 2014

_____          _____
Date                                The Honorable Arnoni

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____          _____
Date                                Magisterial District Judge

---

Sumanta Banerjee, Akshita Gandhi-Banerjee                    Docket No.: MJ-05220-CV-0000163-2014
v.
Robert K Schiff

# Participant List

**Plaintiff(s)**

Sumanta Banerjee
304 HARVESTER CIR.
PITTSBURGH, PA  15241

Akshita Gandhi-Banerjee
304 Harvest Circle
Pittsburgh, PA  15241

**Defendant(s)**

Robert K Schiff
909 Santiago Road
Imperial, PA  15126

EXHIBIT 16

You can use your browser **BACK** button to return to previous page.

[New Case Number]   [Sheriff Service History]   [Notification History]   [Docket Report]   [Account Information]
[Home]

# AR-14-005448                                    **Schiff vs Banerjee etal**

| | | | |
|---|---|---|---|
| *Filing Date:* | **12/12/2014** | *Case Type:* | **Plaintiff's MDJ Appeal** |
| *Filing Time:* | | *Court Type:* | **Arbitration** |
| *Related Cases:* | **--** | *Current Status:* | **Praecipe for Writ of Execution** |
| *Judge:* | **O'Brien W. Terrence** | *Jury Requested:* | **No** |
| *Amount In Dispute:* | **$ .00** | | |

**\*Click on PartyID hyperlink to see Alternative name for the party.**

## Parties

### -- Litigants --

| ID | LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|---|
| @2110833 | Schiff | Robert | --- | Plaintiff | 909 Santiago Road Imperial PA 15126 | -- | Pro Se, |
| @2110831 | Banerjee | Sumanta | --- | Defendant | 1514 Cook School Road Pittsburgh PA 15241 | -- | -- |
| @2110832 | Gandhi-Banerjee | Akshita | --- | Defendant | 1514 Cook School Road Pittsburgh PA 15241-2604 | -- | -- |

### -- Attorney --

| ID | LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|---|
| PROSE | Pro Se | --- | | Plaintiff's Attorney | No Default Address Available | -- |
| PROSE | Pro Se | --- | | Plaintiff's Attorney | No Default Address Available | -- |
| 63595 | Chiurazzi | Wayne | M | Attorney | No Default Address Available | (412)4340773 |
| 65595 | Wagner | Jay | R. | Attorney | No Default Address Available | -- |

### -- Non Litigants --

| ID | LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|---|
| ARBC | Arbitration Center | --- | --- | Arbitration Center | 414 Grant Street Courtroom 2 7th Floor Pittsburgh PA 15219 | -- |
| CALENDAR | Calendar Control | --- | --- | Calendar Control | No Default Address Available | -- |
| JHERTZBER | Hertzberg | Alan | D. | Judge | No Default Address Available | -- |
| JOBRIEN | O'Brien | W. | Terrence | Judge | No Default Address Available | (412) 3505898 |

**\*Click on DocketType hyperlink to see Judgments for that Docket.**
Document numbers in the DOCUMENT column may not be consecutive.

| Docket Entries | | | | |
|---|---|---|---|---|
| Filing Date | Docket Type | Docket Text | Filing Party | Document |
| 05/10/2016 | Praecipe for Writ of Execution | $6,000.00 plus attorney costs $207.00. | Schiff Robert | Document 14 |
| 02/10/2016 | Mail Returned | on 01/29/16 because Not Deliverable as Addressed. New address updated in system and Non-Jury Verdict resent. | Gandhi-Banerjee Akshita | Document 13 |
| 02/01/2016 | Judgment on Verdict | Judgment in favor of Robert Schiff and against Defendants in the amount of $6000.00. Certification of service by Counsel. | Schiff Robert | Document 12 |
| 01/20/2016 | Non Jury Verdict | Dated on 01/19/16. Court finds for Pltf & against both Defts in the amt of $6,000, on Pltfs claims. Award is made for Pltf on Defts' counterclaim. O'Brien, J. Copies sent on 01/21/16 | O'Brien W. Terrence | Document 11 |
| 12/02/2015 | Pre-Trial Conference Scheduled | This case is scheduled for Pre-Trial Conference. Date of conference on 01/05/2016 at 11:30 AM in front of Judge Hertzberg in Room 816, City-County Building. | Calendar Control | No Image |
| 09/11/2015 | Trial Call Scheduled | This case scheduled for trial call on 01/19/2016. | Calendar Control | No Image |
| 03/20/2015 | Notice of Arbitration Appeal | From the Board of Arbitrators. Compensation of arbitrators in the sum of $60.00. Jury trial waived. Notice sent by Department of Court Records, Civil Division/Certificate of service filed. | Gandhi-Banerjee Akshita | Document 8 |
| 02/19/2015 | Award for Plaintiff/Defendant | . On Plaintiff's claim: Award for Plaintiff and against Defendants in the amount of $6,235.00. On Defendant's counterclaim: Award for Defendants and against Plaintiff in the amount of $4,700.00. Dated 02/19/15. Notice of award sent. Arbitration Board #36779 | Arbitration Center | Document 7 |
| 02/16/2015 | Rule 1305 Notice | | Schiff Robert | Document 6 |
| 01/13/2015 | Answer and Counterclaim | | Banerjee Sumanta | Document 4 |
| 01/13/2015 | Counterclaim | And answer | Gandhi-Banerjee Akshita | Document 5 |
| 01/02/2015 | Mail Returned | Dated 12/28/14. (Hearing Notice for 02/19/15) Resent 01/02/15 to corrected system address. | Banerjee Sumanta | Document 3 |
| 12/12/2014 | Complaint from MDJ Decision | Count #1: $11,750.00. Plus costs/interest/attorney fees Hearing Date 02/19/15. Service of complaint mailed to Defendant/s by the Department of Court Records, Civil Division on 12/12/14. | Schiff Robert | Document 2 |
| 12/12/2014 | Plaintiff's Appeal of MDJ | From the judgment of (Ronald A. Arnoni) dated 11/13/2014. Service of appeal served on Magisterial District Judge and defendant/s by Department of Court Records, Civil Division on 12/12/2014. | Schiff Robert | Document 1 |

| Event Schedule | |
| --- | --- |
| **Event Scheduled** | **Event Date** |
| Trial Call Date | 1/19/2016 |
| Pre-Trial Conference | 1/5/2016 11:30:00 AM |
| Arbitration Hearing | 2/19/2015 |

**If you don't have Adobe Acrobat Reader to view documents, you can get it here.** 

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | |
|---|---|
| Robert Schiff | **Case Number :** AR - 14 - 5448 |
| | **Type of pleading :** Plaintiff Appeal |
| FILED 14 DEC 12 PM 3:37 DEPT. OF COURT RECORDS CIVIL/FAMILY ALLEGHENY | **Code and Classification :** _____ |
| | **Filed on behalf of** Robert Schiff (Name of the filing party) |
| **Vs** | ☐ Counsel of Record  ☒ Individual, If Pro Se |
| **Defendant(s)** | **Name, Address and Telephone Number :** Robert Schiff 909 Santiago Rd Imperial Pa 15126 412-805-8602 |
| Sumanta Banerjee AND Akoslata Gandhi-Banerjee | **Attorney's State ID :** |
| | **Attorney's Firm ID :** OPS$LESLIE1 |

12-12-2014    03:37:06
AR-14-005448

[cover]

N.S. 12/12/14

COMMON PLEA NO. AR- 14-5448

**PLAINTIFFS NOTICE OF APPEAL FROM MAGISTERIAL DISTRICT JUDGE JUDGEMENT**

1  Robert Schiff       909 Santiago Rd Imperial
                        Pa 15126
**Plaintiff(s) name and address**

1  Sumanta Banerjee  AND  Akshita Gandhi-Banerjee
    304 Harvester Circle  Pittsburgh Pa 15702
**Defendant(s) name and address**

1  Robert Schiff
**Name of appellant(s) (people or company filing this appeal)**

1  Honorable Ronald A. Arnoni
**Name of Magisterial District Judge**

1  CV-0000146-2014       1 Nov 13, 2014
**Magisterial District Judge Case #        Hearing Date**

If appellant was claimant (See Pa. R.C.P.J.P. No. 1006(6)) in action before Magisterial District Judge he/she/it must file a complaint within twenty (20) days after filing his/her/ it's notice of appeal.

1 Robert Schiff
**Signature of appellant or attorney**

12-12-14
**Filing date**

FILED
14 DEC 12 PM 3:38
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY, PA