Sumanta Banerjee
58/1 Ballygunje Cir Rd
Kolkata-19 West Bengal
India

Hon. Judge Laura Swain Taylor
U.S District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Re: Sadis & Goldberg vs. Banerjee, Docket No. 14-cv-00913

Dear Hon. Judge Taylor,

I write in reference to the above case where I am the Defendant. Your honor, we are requesting a leave to file a short reply to the latest filing made by the plaintiff. The plaintiff need not have filed a sur-reply as there were no new arguments presented in the August 9th reply.

Based on the docket report, it seems as though Your Honor did not have a chance to review our opposition prior to your decision and so we respectfully request leave to file a short (under 5 pages) reply to the plaintiff's misleading facts                          and                          erroneous                          arguments. [1]

I would like to file a short reply to the erroneous points made by the Plaintiff :

(1) **The Email Issue** – the "sbaner" email address was **not** the address which I used and accordingly, I notified the Massachusetts Court of the address that I do use, the gandhibanerjee address. That email is jointly used by my wife and myself and has been so for many years. The **one** Motion to the Court that the Plaintiff references was an inadvertent typo and was not representative of the communication method I used. Furthermore "gandhibanerjee@gmail.com" is the email address (a) is recorded on the docket report of the PACER system, as shown in exhibit A, (b) used by the opposing counsel in that case (Please see exhibit A) and (c) the Docket clerk of Judge O'Toole (Exhibit A) (d) *Plaintiff has not demonstrated or provided any proof to the Court that I used the "sbaner" email (no outgoing email) for any communication with the Court or opposing counsel in the Massachusetts litigation and instead the "gandhibanerjee" was the email I used.* Please see exhibit A, the last page of the docket entries in that docket, the cover of the docket report, a redacted communication by opposing counsel and communication by the docket clerk, Chris Danielli.

(2) **Sadis' material breach of the July 2008 Agreement**—At the onset of the case, when I had asked Hirsch about an estimate to represent me to completion, he said it should cost roughly "$100,000" (see email, Exhibit B). The Plaintiff's initial estimate was one fifth of the eventual bill and because I was not able to pay the "heavily padded" bills in cash, we jointly agreed to sign the July 2008 agreement so as to "settle" the fees with the Pledge Agreement (the terms were pretty clearly laid out in the July 2008 Agreement). After the initial time period of the agreement lapsed, the Plaintiff repeatedly send agreements that were not representative of the documents he himself authored, thereby breaching the contract. This argument was previously presented in my April 24, 2016 motion and not new, despite the Plaintiff's allegations. In the exhibit I of the Plaintiff's sur-reply, the email communication on February 22, 2010 ( the day after my father passed away which is not in my email record since I must have inadvertently deleted it) between myself and Hirsch, was another example of the Plaintiff trying to again breach the contract by demanding a $5,000 monthly payment and saying he was entitled to the LP interest when he was entitled only to the converted GP Interest into Special LP Interest as per July 2008 Agreement. He never intended to "enter" into the Pledge Agreement is clearly demonstrated by his "crooked" and "unethical" actions by not sending the correct agreement.  He disappeared after February 2010 and I never heard back from him.  Furthermore, the Plaintiff is

---

[1] My wife sending in the Motions in the Court are not disallowed as far as I can tell, and I am at a loss as to how to address to the Plaintiff's illogical argument that this would somehow make me a Pennsylvania resident. Another futile attempt to mislead the Court.
Another fact that I would like to make is that Doug Hirsch and Sadis have conducted themselves in a very unethical manner by not once but twice introducing into public domain my complete private information, including social security number and the like.  Additionally, he has violated attorney-client privileged information by including Tuckerbrook emails that were totally irrelevant to the present case and were confidential in nature. Sadis has also made misstatements in his affidavits in order to mislead the Court.

trying to use a "non-existent escape hatch" claiming that the use of the collateral is "an option" when it clearly was not in the July 2008 Agreement. There it clearly says " the parties WILL ENTER" into a pledge agreement and the basic essential terms were outlined. Mr. Hirsch/Sadis did not have an option to pick and choose the collateral -- it clearly contractually obligated them to perform and foreclose on the ONLY collateral that was contemplated - converted GP Interest in Special LP interest and not personal LP interest. This is very similar to a bank which can only foreclose on collateral (the house) under a mortgage. The bank cannot sue homeowner personally if they choose not to foreclose. This is the same mechanism that was built in here. Sadis does not have the option under July 2008 Agreement which was entered into since Mr. Banerjee repeatedly complained about the "padded" bill and told Sadis/ Hirsch that he could not pay the bill. Sadis stayed on after Mr. Banerjee pledged the collateral and the agreement was "craftily" drafted by Hirsch but intention was clear at least to myself. However, it seems Sadis, the unethical law firm, had other malicious intentions based on their material breach of the July 2008 Agreement.

(3) **Improper domestic Service based on either Rule 4 FRCP (even if that were to apply) or Hague Convention-** With regard to the issue of domicile, based on the Plaintiff's own arguments, Sadis was aware of my home in CT ( which was sold in May 2015) and as such should have served me there as that was where my "physical presence" was when I was in the US -- not my father in laws house in Pittsburgh PA. In the case that the Plaintiff references, *Nat'l Dev Co. v. Triad Holding Corp,* the Saudi Arabian company owned all those houses, I did not own the house at 304 Harvester Circle, Pittsburgh, PA that my wife was temporarily staying in while her house with her father was being constructed (at 1514 Cook School Rd, Pittsburgh, PA). All of Sadis' erroneous claims on the contractor issue and traffic violations does not establish either domicile or residency for me in my father-in-law's house at 304 Harvester Circle in the time period (10/13-7/14) when Sadis attempted to serve me at incorrect addresses. I visited Pittsburgh but stayed in CT (at my residence) when I was in the US. The address that was on my all documents from India is **exactly the same** as the Mass. Court used to communicate with me. **That is the address that I have shown this Court in my previous motions. The Mass. Court communicated with me at that address (58/1 Ballygunge Circular Rd which remains my current permanent address as I showed with car registration and insurance documents) and opposing counsel did send documents (though not according to Hague as Hon. Judge Young of Massachusetts court ruled while vacating default judgment as shown in my previous filing with this Court).**

**Original Motion was to either vacate pursuant to 60 (b) or set aside default (under 55(c)):** (1) I have responded in a timely manner ( as soon as I found out and under the one year time period); (2) there was no willfulness of default because nothing was properly served either under rule 4 (since Plaintiff never served at my residence in CT and instead tried to serve my wife who was temporarily staying with her parents at 304 Harvester Circle as she built a house with her father or under Hague Convention Rules at Mr. Banerjees address in India (instead to his Mother's address), and in fact the email service was to an obsolete email address under FRCP (4)(f) (3) the Plaintiff has not demonstrated in either of their filings that they will be prejudiced by the Court vacating the default and let the lawsuit continue based on its merits. Further, defaults are "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had filed to meet a procedural time requirement." *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). The existence of a meritorious defense, the timeliness of the motion to vacate default judgment ( as soon as soon as I knew since I was waiting to be served properly), lack of prejudice to plaintiff, and that a default judgment would produce a harsh or unfair result, this motion to set aside the clerk's entry of default should be granted were arguments presented in the Original Motion and Reply.

For the reasons outlined above, I respectfully request the Court to grant me leave to submit a short reply to the erroneous and specious statements made by the Plaintiff in their latest filing on August 22, 2016.


Respectfully,

*Sub Bay*

Sumanta Banerjee, 8/25/16

# EXHIBIT A

CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:12-cv-11643-LTS

Tuckerbrook Alternative Investments, LP, v. Banerjee
Assigned to: District Judge Leo T. Sorokin
Demand: $75,000
Cause: 28:1330 Breach of Contract

Date Filed: 09/04/2012
Date Terminated: 06/01/2015
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**Tuckerbrook Alternative Investments, LP**

represented by **Sean T. Carnathan**
O'Connor, Carnathan and Mack LLC
Landmark One
1 Van de Graaff Drive
Suite 104
Burlington, MA 01803
781-359-9002
Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Sumanta Banerjee**

represented by **Sumanta Banerjee**
58/1 Ballygunje Circular Rd
Kolkata, West Bengal 700019
India
Email: Gandhibanerjee@gmail.com
PRO SE

### Counter Claimant

**Sumanta Banerjee**

represented by **Sumanta Banerjee**
58/1 Ballygunje Circular Rd
Kolkata, West Bengal 700019
India
PRO SE

V.

### Counter Defendant

represented by

**Tuckerbrook Alternative
Investments, LP**

**Sean T. Carnathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2012 | 1 | COMPLAINT against Sumanta Banerjee Filing fee: $ 350, receipt number 0101-4097064 (Fee Status: Filing Fee paid), filed by Tuckerbrook Alternative Investments, LP,. (Attachments: # 1 Civil Cover Sheet, # 2 category sheet) (Carnathan, Sean) (Entered: 09/04/2012) |
| 09/04/2012 | 2 | NOTICE of Case Assignment. Magistrate Judge Jennifer C. Boal assigned to case. Plaintiff's counsel, or defendant's counsel if this case was initiated by the filing of a Notice of Removal, are directed to the Notice and Procedures regarding Consent to Proceed before the Magistrate Judge which can be downloaded here. These documents will be mailed to counsel not receiving notice electronically. (Abaid, Kimberly) (Entered: 09/04/2012) |
| 09/04/2012 | 3 | Summons Issued as to Sumanta Banerjee. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Geraldino-Karasek, Clarilde) (Entered: 09/04/2012) |
| 10/26/2012 | 4 | MOTION to Deem Service of Process Effectuated by Tuckerbrook Alternative Investments, LP. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2) (Carnathan, Sean) (Entered: 10/26/2012) |
| 10/26/2012 | 5 | AFFIDAVIT in Support re 4 MOTION to Deem Service of Process Effectuated . (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Carnathan, Sean) (Entered: 10/26/2012) |
| 12/11/2012 | 6 | ELECTRONIC NOTICE of Reassignment. Judge George A. OToole, Jr added. (Abaid, Kimberly) (Entered: 12/11/2012) |
| 04/03/2013 | 7 | ELECTRONIC NOTICE of Hearing. Status Conference set for 4/8/2013 02:00 PM in Courtroom 9 before Judge George A. OToole Jr.. Please mark your calendars accordingly. (Lyness, Paul) (Entered: 04/03/2013) |
| 04/08/2013 | 8 | ELECTRONIC Clerk's Notes for proceedings held before Judge George A. OToole, Jr: Status Conference held on 4/8/2013. Answer to be served within 21 days. Motion to Deem Service of Process 4 is GRANTED. Motions terminated: 4 MOTION to Deem Service of Process Effectuated filed by Tuckerbrook Alternative Investments, LP. (Court Reporter: Marcia Patrisso at 617-737-8728.) (Attorneys present: For Plaintiff: Sean Carnathan) (Lyness, Paul) (Entered: 04/09/2013) |
| 04/29/2013 | 9 | MOTION to Dismiss, MOTION to Vacate ( Responses due by 5/13/2013) by Sumanta Banerjee. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3 and 4, # 4 Exhibit 5,6, and 7)(Danieli, Chris) (Entered: 04/29/2013) |

| 05/08/2013 | 10 | Opposition re 9 MOTION to Dismiss MOTION to Vacate *Order Deeming Service of Process Effectuated* filed by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 05/08/2013) |
| 05/24/2013 | 11 | Judge George A. OToole, Jr: ORDER entered denying 9 Motion to Dismiss; denying 9 Motion to Vacate (Lyness, Paul) (Entered: 05/24/2013) |
| 06/21/2013 | 12 | Copy re 3 Summons Issued, 9 MOTION to Dismiss MOTION to Vacate, 5 Affidavit in Support, 1 Complaint, 11 Order on Motion to Dismiss, Order on Motion to Vacate, 4 MOTION to Deem Service of Process Effectuated , 10 Opposition to Motion, and Docket Sheet mailed to Sumanta Banerjee on 6/21/2013. (Danieli, Chris) (Entered: 06/21/2013) |
| 06/21/2013 | 13 | MOTION for Entry of Default *Under Red. Rule Civ. P. 55(A)* by Tuckerbrook Alternative Investments, LP.(Carnathan, Sean) (Entered: 06/21/2013) |
| 07/03/2013 | 14 | MOTION for Extension of Time to File Answer re 1 Complaint, by Sumanta Banerjee.(Lyness, Paul) (Entered: 07/03/2013) |
| 07/11/2013 | 15 | Opposition re 14 MOTION for Extension of Time to File Answer re 1 Complaint, filed by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 07/11/2013) |
| 07/22/2013 | 16 | Judge George A. OToole, Jr: ELECTRONIC ORDER entered granting 14 Motion for Extension of Time to Answer re 1 Complaint. Answer due no later than 8/16/2013. (Danieli, Chris) (Entered: 07/22/2013) |
| 07/22/2013 | 17 | Paper Copy of NEF re 16 Order on Motion for Extension of Time to Answer mailed to Sumanta Banerjee on 7/22/2013. (Danieli, Chris) (Entered: 07/22/2013) |
| 08/09/2013 | 18 | MOTION to Reassign the Judge by Sumanta Banerjee. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Danieli, Chris) (Entered: 08/09/2013) |
| 08/12/2013 | 19 | Opposition re 18 MOTION to Reassign Case filed by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 08/12/2013) |
| 08/15/2013 | 20 | REPLY to Response to 18 MOTION to Reassign Case filed by Sumanta Banerjee. (Attachments: # 1 Exhibit 1)(Danieli, Chris) (Entered: 08/15/2013) |
| 08/16/2013 | 21 | ANSWER to 1 Complaint, with Jury Demand, COUNTERCLAIM against Tuckerbrook Alternative Investments, LP by Sumanta Banerjee. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Danieli, Chris) (Entered: 08/16/2013) |
| 09/06/2013 | 22 | MOTION to Dismiss *Counterclaims with Incorporated Memorandum in Support* by Tuckerbrook Alternative Investments, LP.(Carnathan, Sean) (Entered: 09/06/2013) |
| 09/06/2013 | 23 | AFFIDAVIT in Support re 22 MOTION to Dismiss *Counterclaims with Incorporated Memorandum in Support* . (Attachments: # 1 Exhibit Exh A, # 2 Exhibit Exh B)(Carnathan, Sean) (Entered: 09/06/2013) |
| 09/20/2013 | 24 | |

| | | |
|---|---|---|
| | | Opposition re 22 MOTION to Dismiss *Counterclaims with Incorporated Memorandum in Support* filed by Sumanta Banerjee. (Attachments: # 1 Exhibit A)(Danieli, Chris) (Entered: 09/23/2013) |
| 10/17/2013 | 25 | Mail Returned as Undeliverable. Mail sent to Sumanta Banerjee in re dkt. no. 12 Copy re 3 Summons Issued, 9 MOTION to Dismiss MOTION to Vacate, 5 Affidavit in Support, 1 Complaint, 11 Order on Motion to Dismiss, Order on Motion to Vacate, 4 MOTION to Deem Service of Process Effectuated, 10 Opposition to Motion, and Docket Sheet mailed to Sumanta Banerjee on 6/21/2013. (Danieli, Chris) (Entered: 10/17/2013) |
| 11/13/2013 | 26 | MOTION to Seal *Pleadings and Exhibits Concerning the Plaintiff's Motion for Partial Summary Judgment* by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 11/13/2013) |
| 11/13/2013 | 27 | AFFIDAVIT in Support re 26 MOTION to Seal *Pleadings and Exhibits Concerning the Plaintiff's Motion for Partial Summary Judgment* . (Carnathan, Sean) (Entered: 11/13/2013) |
| 11/27/2013 | 28 | Opposition re 26 MOTION to Seal *Pleadings and Exhibits Concerning the Plaintiff's Motion for Partial Summary Judgment* filed by Sumanta Banerjee. (Attachments: # 1 Exhibit A, # 2 Affidavit)(Danieli, Chris) (Entered: 12/02/2013) |
| 03/25/2014 | 30 | Judge George A. OToole, Jr: ELECTRONIC ORDER entered. The plaintiff's motion for entry of default (dkt. no. 13 ) is DENIED. See docket numbers 16 and 21 . The defendant's motion to reassign the judge (dkt. no. 18 ) is DENIED. (Danieli, Chris) (Entered: 03/25/2014) |
| 09/30/2014 | 31 | Judge George A. OToole, Jr: OPINION AND ORDER entered granting in part and denying in part 22 Motion to Dismiss; granting 26 Motion to Seal (Danieli, Chris) (Entered: 10/01/2014) |
| 10/02/2014 | 32 | Copy re 31 Order on Motion to Dismiss, Order on Motion to Seal mailed to Sumanta Banerjee on 10/2/2014. (Danieli, Chris) (Entered: 10/02/2014) |
| 03/11/2015 | 33 | ELECTRONIC NOTICE of Reassignment pursuant to Local Rule 40.1(I). District Judge Leo T. Sorokin added. Judge George A. OToole, Jr no longer assigned to case. (Abaid, Kimberly) (Entered: 03/11/2015) |
| 03/12/2015 | 34 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. Within seven (7) days, each side shall file a status report, not to exceed three pages, describing what, if anything, remains to do in this case prior to trial. Status Report due by 3/19/2015. (Montes, Mariliz) (Entered: 03/12/2015) |
| 03/12/2015 | 35 | Set Deadlines: Status Report due by 3/19/2015 (Simeone, Maria) (Entered: 03/12/2015) |
| 03/19/2015 | 36 | STATUS REPORT by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 03/19/2015) |
| 03/19/2015 | 37 | Defendant's MOTION for Extension of Time to March 26, 2015 to File Status Report. by Sumanta Banerjee.(Montes, Mariliz) (Entered: 03/19/2015) |
| 03/20/2015 | 38 | |

| | | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered Granting 37 Defendant's Motion for Extension of Time to File Status Report. Status Report due by 3/26/2015. No further extensions to this deadline will be allowed. A copy of the Electronic Order has been mailed to the Defendant. (Montes, Mariliz) (Entered: 03/20/2015) |
|---|---|---|
| 03/20/2015 | 39 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.re 36 Status Report filed by Tuckerbrook Alternative Investments, LP, Plaintiff shall, by March 26, 2015, file a Supplemental Status Report explaining briefly the claims upon which it would move for summary judgment and the theories supporting the grant of such a motion.(Supplemental Status Report due by 3/26/2015) (Montes, Mariliz) (Entered: 03/20/2015) |
| 03/26/2015 | 40 | STATUS REPORT by Sumanta Banerjee. (Montes, Mariliz) (Entered: 03/26/2015) |
| 03/27/2015 | 41 | STATUS REPORT by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 03/27/2015) |
| 03/27/2015 | 42 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. The plaintiff may file a motion for Summary Judgment as described in the status report within 14 days. Defendant may file a response within 30 days with a reply not to exceed 5 pages 7 days thereafter. If defendants believe discovery may be required to respond to the motion then they may so state in the response with a supporting basis. re 40 Status Report filed by Sumanta Banerjee, 41 Status Report filed by Tuckerbrook Alternative Investments, LP, ( Motions due by 4/10/2015), Set Deadlines as to 40 Status Report, 41 Status Report.( Responses due by 5/11/2015, Replies due by 5/25/2015.)(Simeone, Maria) (Entered: 03/27/2015) |
| 04/09/2015 | 43 | Joint MOTION for Extension of Time *to Extend Deadlines* by Tuckerbrook Alternative Investments, LP. (Attachments: # 1 Exhibit A)(Carnathan, Sean) (Entered: 04/09/2015) |
| 04/09/2015 | 44 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered granting 43 Motion for Extension of Time to 5/15/15 to file Summary judgment (Simeone, Maria) (Entered: 04/09/2015) |
| 04/10/2015 | 45 | Reset Deadlines: re. 44 Motions for Summary Judgment due by 5/15/2015; Responses due by 6/14/2015; Replies due by 6/28/2015. (Montes, Mariliz) (Entered: 04/10/2015) |
| 05/19/2015 | 46 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. Neither party has moved for summary judgment within the deadline established by the Court. Accordingly, this matter will commence trial on June 22, 2015 at 9:00 a.m. in Courtroom # 13. ( Jury Trial set for 6/22/2015 09:00 AM in Courtroom 13 before District Judge Leo T. Sorokin.)(Simeone, Maria) (Entered: 05/19/2015) |
| 05/21/2015 | 47 | District Judge Leo T. Sorokin: PROCEDURAL ORDER re pretrial/trial. The Final Pretrial Conference has been set for 6/18/2015 03:00 PM in Courtroom 13 before District Judge Leo T. Sorokin. The Jury Trial is set for 6/22/2015 09:00 AM in Courtroom 13 before District Judge Leo T. Sorokin. (Simeone, Maria) (Entered: 05/22/2015) |

CM/ECF USDC Massachusetts - Version 6.1 as of 7/2015
Case 1:14-cv-00912-LTS-OTW   Document 71   Filed 08/26/16   Page 9 of 16
Page 6 of 6

| 05/29/2015 | 48 | STIPULATION of Dismissal by Tuckerbrook Alternative Investments, LP. (Carnathan, Sean) (Entered: 05/29/2015) |
|---|---|---|
| 06/01/2015 | 49 | District Judge Leo T. Sorokin: CLOSING ORDER DISMISSING CASE entered. In accordance with the Stipulation of Dismissal filed by parties, dismissing all claims in this action with prejudice and without costs, the court hereby dismisses and closes this case, each party to bear their own attorneys fees and waiving all rights of appeal. (Simeone, Maria) (Entered: 06/01/2015) |
| 06/01/2015 | 50 | Reset Deadlines: renewed motion for default judgment due by 6/26/2015 (Simeone, Maria) (Entered: 06/01/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/25/2016 16:57:23 | | | |
| PACER Login: | akshita01:4969883:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:12-cv-11643-LTS |
| Billable Pages: | 4 | Cost: | 0.40 |

**Akshita Banerjee**

| | |
|---|---|
| **From:** | |
| **Sent:** | Thursday, August 25, 2016 4:38 PM |
| **To:** | Akshita Banerjee |
| **Subject:** | Fwd: 11643 |
| **Attachments:** | exhibitA0001.pdf; ATT00001.htm; request for extension of time..pdf; ATT00002.htm |

Begin forwarded message:

**From:** Akshita Gandhi <gandhibanerjee@gmail.com>   ← 2013
**Date:** July 2, 2013 at 12:58:44 PM EDT
**To:** "Chris_Danieli@mad.uscourts.gov" <Chris_Danieli@mad.uscourts.gov>   ← docket clerk
**Subject:** 11643

Mr. Danieli,

Please find attached a copy of the motion that you will be receiving a hard copy via USPS tomorrow for the case 11643. It is a request for an extension of time to answer to the complaint.

Could you please confirm when you receive the documents and when they are filed on the docket?

Thanks in advance.

I will also be emailing these documents to the opposing counsel.

Regards
Akshita Banerjee

--
Akshita Gandhi

203 501 0796 (cell)
gandhibanerjee@gmail.com

redacted

1

**Akshita Banerjee**

**From:**
**Sent:** Thursday, August 25, 2016 4:38 PM
**To:** Akshita Banerjee
**Subject:** Fwd: Extension request

Begin forwarded message:

*← opposing counsel*

**From:** Sean Carnathan <scarnathan@ocmlaw.net>    *← correct address*
**Date:** July 2, 2013 at 9:52:51 AM EDT
**To:** Gandhi-Banerjee <gandhibanerjee@gmail.com>
**Cc:** "Chris_Danieli@mad.uscourts.gov" <Chris_Danieli@mad.uscourts.gov>    *← docket clerk*
**Subject: RE: Extension request**

No, we will not assent to an extension.  You've extended the time by many months already through your tactics and we have already requested entry of default.

Sean

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
1 Van De Graaff Dr., Suite 104
Burlington, MA  01803
Direct Line: 781-359-9002
Fax:  781-359-9001
www.ocmlaw.net

**From:** Gandhi-Banerjee [mailto:gandhibanerjee@gmail.com]
**Sent:** Tuesday, July 02, 2013 9:51 AM
**To:** Sean Carnathan
**Cc:** Chris_Danieli@mad.uscourts.gov
**Subject:** Extension request

Sean,

Please consider this a formal request for an extension to file an answer. We are requesting a minimum of 30 days, but ideally 45. We will be retaining counsel but have to identify one and get them up to speed in the case.

*redacted*

1

Just for the record, we did not receive by any method, a copy of your most recent filing nor have we received any of the filings (including the complaint) on this case at all, including the Judge's response to our motions. I was able to get an electronic copy of the response and a copy of your motion from Judge O'Toole's docket clerk, Mr. C. Danielli. For the record, you do have our address in India but we have not received anything.

Thanks.
Akshita


Akshita Gandhi
(203) 501 0796
Gandhibanerjee@gmail.com

and use it as a financial club to extract a favorable Affidavit (which needs to say that Banerjee colluded with the Investors such as Alkek to dislodge Tuckerbrook from their co-General Partner role with Banerjee) so they could prevail in their lawsuit against Alkek and collect "tens of millions of dollars from Alkek or NCR" as John Hasset stated in a conference in presence of Marc Susswein (Banerjee's counsel and partner of law firm Liddle and Robinson based in New York) and Mr. Banerjees' spouse in a call on or about August 10, 2010. Also, Banerjee has clearly stated the damages in this claim in paragraph 41. As far as Count III, Defamation and Disparagement, is concerned the claim and damages are stated in Paragraph 42-48 and Affidavits are attached as well. Count IV, MGL Ch 93A, Unfair and deceptive Trade Practices, is rampant throughout the Complaint from Paragraph 18-49 and shows that the Counterclaim Plaintiff has been harmed.

## CONCLUSION

In short, the Counterclaim Plaintiffs Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later; in fact, much supporting factual material was provided by Counterclaim Plaintiff in materials filed with the Counterclaim. Additionally, the Counterclaim Plaintiff has sufficiently alleged harm. Accordingly, for the reasons set forth herein, The Counterclaim Plaintiff respectfully requests that the Court deny Counterclaim Defendants' Motion to Dismiss the Complaint with Prejudice and Order the Counterclaim Defendants to Answer the Counterclaims and then proceed to Discovery and Trial. The Court may also grant the *pro se* Counterclaim Plaintiff leave to amend the Complaint if needed pursuant to Fed Civ. Code Rule 15.

Respectfully submitted, September 19, 2013

Sumanta Banerjee
Pro Se Litigant
58/1 Ballygunje Cir Rd
Kolkata-19 West Bengal
India

 **Gmail**

**Sumanta Banerjee <sbaner@gmail.com>**

---

## Tuckerbrook
3 messages

---

**Douglas Hirsch** <dhirsch@sglawyers.com>                          Thu, Jun 12, 2008 at 9:00 AM
To: sbaner@gmail.com

Sam, we are working on your motion, etc. In the meantime, please arrange for a 20K payment to be made this month to us. Thank you.

**Douglas R. Hirsch| Sadis& Goldberg LLP | Email: dhirsch@sglawyers.com |
www.hedgefundworld.com |**

551 Fifth Avenue, 21st Floor, New York, New York 10176 | **Tel:** (212 )573-6670 | **Fax:** (212) 573-8150 |

50 California Street, Suite 2320, San Francisco, California 94111

This e-mail communication is confidential and is intended only for the individuals or entities named above and others who have been specifically authorized to receive it. If you are not an intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning 212.947.3793. Please then delete the e-mail and any copies of it. Thank you. Nothing contained in this disclaimer shall be construed in any way to grant permission to transmit confidential information via this firm's e-mail system.

---

**sbaner@gmail.com** <sbaner@gmail.com>                          Thu, Jun 12, 2008 at 9:16 AM
Reply-To: sbaner@gmail.com
To: Douglas Hirsch <dhirsch@sglawyers.com>

Doug,

I really need the management fees, as we have discussed, to make any payment. I told Tom the same thing. Hopefully, it should be all over soon. My Partner, will make full payment as soon as this is over (hopefully within three weeks). They are willing to assume litigation risk, etc. Hopefully by month end-I will have some mngmt fees (you really need to fight for that) and can then make the 20k payment to you and a bit to Tom as well.

Thanks for your patience, advice and support.

Best,

Sam

*Please see page 2*

Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Douglas Hirsch" <dhirsch@sglawyers.com>

Date: Thu, 12 Jun 2008 09:00:53
To:<sbaner@gmail.com>
Subject: Tuckerbrook

1/2

Sam, we are working on your motion, etc. In the meantime, please arrange for a 20K payment to be made this month to us. Thank you.

Douglas R. Hirsch| Sadis & Goldberg LLP | Email: dhirsch@sglawyers.com |
<blocked::file:///C:/Documents and Settings/ddlaboha/Application
Data/Microsoft/Signatures/www.hedgefundworld.com> www.hedgefundworld.com |
[Quoted text hidden]

---

**Douglas Hirsch** <dhirsch@sglawyers.com>                          Thu, Jun 12, 2008 at 12:33 PM
To: sbaner@gmail.com

Sam, we will make the motion and I hope we get the management fees by the month end. However, I told you that I couldn't be your partner. The bill is currently $166K. So, 20k this month still means I am financing the lawsuit to the tune of 140K.

Please make arrangements to borrow or liquidate holdings so that a 20K payment can be made this month. This is what you told me you could do. I know the bill is larger then either of us anticipated (due to Tuckerbrook's bad faith and litigous tactics), but we discussed the fact that this would easily cost 100K, and you have not paid anywhere near that amount yet. If the managment fees come in, then you can pay 40k.

Douglas R. Hirsch| Sadis & Goldberg LLP | Email: dhirsch@sglawyers.com | www.hedgefundworld.com |

551 Fifth Avenue, 21st Floor, New York, New York 10176 | Tel: (212 )573-6670 | Fax: (212) 573-8150 |

50 California Street, Suite 2320, San Francisco, California 94111

---

This e-mail communication is confidential and is intended only for the individuals or entities named above and others who have been specifically authorized to receive it. If you are not an intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning 212.947.3793. Please then delete the e-mail and any copies of it. Thank you. Nothing contained in this disclaimer shall be construed in any way to grant permission to transmit confidential information via this firm's e-mail system.

[Quoted text hidden]

2/2

**PRIORITY MAIL EXPRESS™**

OUR FASTEST SERVICE IN THE U.S.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

*EMS*

EP13F July 2013  OD: 12.5 x 9.5

PS10001000006

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

USM SDNY

VISIT US AT USPS.COM

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS™**

$22.95

R2305M145371-13

1007   10007

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)   PHONE (   )

Dawn S...
Vekst-
DMDIA

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)
SIGNATURE REQUIRED

Delivery Options
No Saturday Delivery
Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)   PHONE (   )
RJ De Intake Unit
500 Pearl Street Rm 200
NY NY
1 0 0 0 7 - 1 3 1 2

ZIP + 4® (U.S. ADDRESSES ONLY)

• For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
• $100.00 insurance included.

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code  15241
Date Accepted 08/25/16
Scheduled Delivery Date 08/27/16
Time Accepted  8:00  PM
Postage $ 22.95

DELIVERY (POSTAL SERVICE USE ONLY)
Weight  Flat Rate
Total Postage & Fees $ 22.95

LABEL 11-B, JANUARY 2014

EK951452004US