17-1216-cv
Banerjee v. Sadis & Goldberg, LLP

1:14-cv-00913-LTS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of March, two thousand eighteen.

Present:  ROSEMARY S. POOLER,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                *Circuit Judges*.
_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 12, 2018

SUMANTA BANERJEE,

          *Defendant-Appellant*,

          v.                                                      17-1216-cv

SADIS & GOLDBERG, LLP,

          *Plaintiff-Appellee*.
_____

Appearing for Appellant:     Theodore J. Folkman, Murphy & King, P.C., Boston, MA.

Appearing for Appellee:      Ben Hutman, Sadis & Goldberg, LLP (Douglas R. Hirsch, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

          **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and **REMANDED**.

Sumanta Banerjee appeals from the March 30, 2017 memorandum order of the United States District Court for the Southern District of New York (Swain, *J.*) denying his motion to vacate the default judgment entered against him on the ground that email service was improper. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Sadis & Goldberg represented Banerjee in litigation between Banerjee and his employer and business partner. Sadis & Goldberg sued Banerjee for unpaid legal fees. It alleged diversity jurisdiction based on Sadis & Goldberg's citizenship in New York and New Jersey and Banerjee's alleged citizenship in India. After several unsuccessful attempts to serve Banerjee in India, Sadis & Goldberg moved for permission to serve Banerjee by email. The district court granted the motion, and Sadis & Goldberg served Banerjee by email on July 7, 2014. Banerjee neither answered nor otherwise responded to the summons and complaint, and on February 6, 2015 the district court granted Sadis & Goldberg's motion for a default judgment. Judgment in the amount of $383,448.90 was entered on April 28, 2015.

In April 2016, acting pro se, Banerjee brought a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the default as void, primarily arguing that India's objection to Hague Convention Article 10 precludes email as a valid form of service. The district court denied the motion, concluding that "the weight of authority on this point is that methods are not precluded unless specifically enumerated and a signatory nation has specifically objected to them." *Sadis & Goldberg, LLP v. Banerjee*, No. 14-cv-913, 2017 WL 1194476, at *2 (S.D.N.Y. March 30, 2017). This appeal followed.

After filing his opening brief, Banerjee moved in this Court to vacate the judgment and remand with instructions to dismiss for lack of subject matter jurisdiction. Banerjee argued that he is a U.S. citizen domiciled in India, eliminating the basis for diversity jurisdiction. By order of December 12, 2017, that motion was referred to this panel for consideration together with Banerjee's appeal from the denial of vacatur.

We review the denial of a motion to vacate a default under Federal Rule of Civil Procedure 60(b)(4) de novo, *see Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005), mindful that it is the party moving for relief from judgment who bears the burden of showing that such relief is warranted, *see id.* at 299; *see also Central Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (distinguishing between jurisdictional challenge on direct appeal and challenge "[i]n the context of a Rule 60(b)(4) motion, [where] a judgment may be declared void for want of jurisdiction only when the court plainly usurped jurisdiction, [*i.e.*], when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." (internal quotation marks omitted)).

It is well settled that "a suit by or against United States citizens domiciled abroad may not be premised on diversity." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Despite Banerjee's failure to assert his U.S. citizenship and Indian domicile as a challenge to jurisdiction until well into the appeal process, "[a] federal court's lack of subject matter jurisdiction is not waivable by the parties." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

2

Banerjee's U.S. citizenship appears undisputed. Sadis & Goldberg challenges only Banerjee's foreign domicile. Banerjee argues that Sadis & Goldberg is judicially estopped from asserting he was domiciled anywhere other than India, because Indian domicile was the position that Sadis took in all the papers below.[1] Judicial estoppel applies where "1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *In re Adelphia Recovery Trust*, 634 F.3d 678, 695-96 (2d Cir. 2011) (internal citation and quotation marks omitted). The purpose is to avoid "prejudice of the party who has acquiesced in the position formerly taken." *Id*. at 695 (citation omitted). Banerjee fails to show that these conditions are satisfied here. Accordingly, we decline to apply judicial estoppel.

"'[D]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[.]'" *Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (quoting 28 U.S.C. § 1653); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009). We do not here go further, however, because Banerjee's domicile at the time the complaint was filed cannot be determined on the current record. We therefore vacate the challenged order of March 30, 2017, and remand for the district court to determine, in the first instance, where Banerjee was domiciled when the complaint was filed and whether subject matter jurisdiction exists. The district court is free to conduct this inquiry in whatever manner it sees fit, including allowing discovery on the issue if appropriate.

If diversity jurisdiction is established by Banerjee's domicile in the U.S. at the relevant time, no further inquiry as to service is necessary. The record sufficiently demonstrates that Banerjee received notice of the underlying action despite his and his relatives' efforts to avoid service. In these circumstances, any defect in the form of service would not warrant vacatur of the default judgment. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (concluding party not entitled to Rule 60(b)(4) relief because party's due process rights not violated where it "received *actual* notice" (emphasis in original)); *accord Shefner v. Beraudiere*, 582 F. App'x 9, 12 (2d Cir. 2014) (summary order) ("[D]eprivation of 'a right granted by a procedural rule' does not require Rule 60(b) vacatur as long as the defendant 'received *actual* notice of the filing and contents of the pleadings,' thus satisfying the constitutional standard for due process." (quoting 559 U.S. at 272) (alternation omitted)).

Accordingly, the March 30, 2017 order is vacated, and the case is remanded for further proceedings consistent with this order. Each side is to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Although Banerjee insists that he was domiciled in India when the complaint was filed, at oral argument his attorney represented that he is currently domiciled in the U.S.

3