# FERBER CHAN ESSNER & COLLER, LLP

ONE GRAND CENTRAL PLACE
SUITE 2050
NEW YORK, NEW YORK 10165

TEL: (212) 944-2200
FAX: (212) 944-7630
e-mail: chan@ferberchan.com

January 17, 2019

**VIA ECF**

Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Sadis & Goldberg, LLP v. Banerjee, No. 14-cv-00913

Dear Magistrate Judge Wang:

This firm represents defendant Sumanta Banerjee; we were retained on January 9 and appeared in this case on January 11.

In an order dated January 15, Your Honor scheduled an in-person conference on January 29 because the second motion to withdraw by defendant's original counsel, Cabrera Cammarota PLLC, "raise[d] the concern that Defendant has not complied with his discovery obligations in this case and with the Court's orders." That concern appears to be based upon some gratuitous and unfortunate language by the Cabrera firm in its motion. I write to address Your Honor's concern and advise Your Honor that defendant is in fact complying with his discovery obligations and this Court's orders.

As per this Court's orders dated December 20 and 28, 2018, defendant is required to make the following disclosures to plaintiff:

> By January 11, defendant was required to produce to plaintiff the deposition transcripts and exhibits in *Tuckerbrook Alternative Investment, LP v. Banerjee*, 09-CV-11672 (D.Mass.).

> By January 25, defendant is required to produce to plaintiff: unredacted versions of redacted documents previously produced by defendant; and documents provided to defendant's children's school(s) that show the complete unredacted emergency contact information provided to the school(s) from 2009 to 2014.

> Defendant's counsel is required to meet and confer with plaintiff's counsel concerning keyword searches of defendant's emails.

FERBER CHAN ESSNER & COLLER, LLP

Hon. Ona T. Wang
January 17, 2019
Page 2

Since this firm was retained, we have moved expeditiously to ensure compliance with those obligations.

On January 14, I supplied plaintiff's counsel, by email, with a copy of the transcript of Mr. Banerjee's deposition in the *Tuckerbrook* matter; I am advised that defendant does not have any other transcripts or exhibits from that case.

On January 14, I also supplied plaintiff's counsel, by email, with what I have been advised are the unredacted copies of the previously produced redacted documents.

I have been advised by defendant that he does not have any documents that show the unredacted emergency contact information provided to his children's schools from 2009 to 2014 and the schools do not retain such documentation for past, as opposed to current, school years.

I will be meeting with defendant on January 22 to obtain access to all of defendant's emails and have emailed plaintiff's counsel concerning the keyword search that should be run on those emails.

Thus, by January 25 defendant will have complied with all of the directives set forth in Your Honor's orders.

It should be noted that, although the Cabrera firm continues to owe defendant a fiduciary duty and knows that defendant is required to comply with the short deadlines set forth in the Court's orders, not only did that firm do nothing to facilitate defendant's compliance with those orders, but also, it has impeded such compliance. The Cabrera firm has refused to turn over defendant's file, has refused to provide any cooperation and has even refused to provide me with a list of the redacted documents it previously produced on defendant's behalf, forcing defendant to reconstruct what documents had been previously produced.

In view of defendant's compliance with this Court's directives, I respectfully request that the conference scheduled for January 29 be cancelled. If the Court believes that this conference should still go forward, I respectfully request that it be rescheduled for a date between February 2 and 15, as defendant is not available on January 29.

Respectfully submitted,

Robert N. Chan