

Ben Hutman
212.573.6675
bhutman@sglawyers.com
www.sglawyers.com

January 25, 2019

**VIA ECF**
The Hon. Judge Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Sadis & Goldberg, LLP v. Sumanta Banerjee*, Dkt. No. 14-cv 00913(LTS)(OTW)
           Letter on Status of Discovery

Dear Judge Wang,

    I write on behalf of Plaintiff Sadis & Goldberg, LLP ("Sadis") to update the Court on the status of discovery as ordered on January 18, 2019.  Sadis has been working with Defendant's new counsel to try and obtain the documents ordered and requested and significant progress has been made.  However, significant discovery issues—including new issues that have only come to light in the last few days—remain outstanding. The outstanding issues are outlined below.

## I.    DEFENDANT HAS NOT YET PRODUCED UNREDACTED CREDIT CARD STATEMENTS

    Defendant has re-produced unredacted versions of most of the previously redacted documents.  However—Despite the Court's December 20, 2018 Order—Defendant has still not re-produced unredacted versions of his credit card statements from 2013 and 2014.  In the redacted versions, attached hereto as Exhibit A, Defendant covered or blacked out all the entries preventing Sadis from determining where and how Defendant and his wife were using their credit cards.

    Moreover, Defendant has claimed that the unredacted versions of these statements have been destroyed and "no longer exist." (Exhibit B, Email from Defendant's Counsel, ¶ 1.)  This raises the specter of—at best—negligent spoliation on the part of Defendant.  Therefore, if Defendant cannot retrieve digital copies of these credit card statements, the Court should draw an adverse inference and presume that these credit card statements would have shown Defendant using his credit card in the United States during the relevant time period. See <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 108 (2d Cir. 2002) (holding that "adverse inference may be appropriate in some cases involving the negligent destruction of evidence"); <u>Turner v. Hudson Transit Lines, Inc.</u>, 142 F.R.D. 68, 75 (S.D.N.Y. 1991) ("It makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently.").

    Additionally, in the back-and-forth between counsel, it was revealed that Defendant had additional credit-card and bank statements that were never produced because "[i]t is not [Defendant's] practice to retain credit card statements after he receives and reviews them."

(Exhibit C, Email from Defendant's Counsel, ¶ 1.) This is not a sufficient basis for withholding bank account and credit card statements. "Under Rule 34, however, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 146 (S.D.N.Y. 1997); Sam D. Gordon v. George S. Blumenthal (In re NTL, Inc. Sec. Litig.), 244 F.R.D. 179, 195 (S.D.N.Y. 2007). Defendant has the right and ability to obtain his account statements and therefore the legal obligation to do so. Yet it appears that he did not do so for all of his credit-card, bank, and investment accounts. Sadis is therefore requesting the Court order Defendant to obtain and produce these statements as soon as possible.

## II. DEFENDANT HAS NOT YET PRODUCED THE REQUESTED EMAILS

Counsel for both parties have met and conferred regarding the time period and parameters of the keyword email search. However, to Plaintiff's knowledge no search has yet been run on Defendant's primary email accounts from 2013–2014 and no emails have been produced.

## III. DEFENDANT HAS NOT YET PROVIDED PLAINTIFF WITH THE IRS AUTHORIZATION FORMS

In the December 20, 2018 conference, the Court directed Defendant to complete IRS forms authorizing Plaintiff to request Defendant's tax returns for 2010–2016. (Conference Tr. at 16:20–18:2.) Defendant has produced tax returns for 2013 & 2014 and agreed to provide Sadis with the authorization form for the years 2010–2012 but not for 2015–2016. Moreover, as of this writing, Defendant has not yet provided Sadis with any authorization form.

## IV. DEFENDANT'S WIFE HAS NOT YET RESPONDED TO THE THIRD-PARTY SUBPOENA

On December 28, 2018—in accordance with the Court's directive—Sadis served a third-party subpoena on Defendant's wife, Akshita Gandhi-Banerjee requesting various documents. As of this writing Sadis has not yet received any response to this subpoena.

## V. STATUS OF OTHER THIRD-PARTY SUBPOENAS

On December 28, 2018, in addition to the aforementioned subpoena on Defendant's wife, Sadis sent out three other document subpoenas: (a) to the Pennsylvania Department of Revenue ("PA Dept. of Revenue")—which entered a tax lien against Defendant for unpaid income taxes in 2013 and 2014; (b) to Mr. Robert K. Schiff—a contractor that had a legal dispute with Defendant in Pennsylvania over work done in Defendant's home in 2014; and (c) to Tuckerbrook Alternative Investments, LP ("Tuckerbrook")—the party that took Defendant's deposition in July 2011 as part of another matter.

### a) *The Pennsylvania Department Revenue Subpoena*

The PA Dept. of Revenue responded to Plaintiff's subpoena (Exhibit D, hereto) stating that it needed either "the consent of Sumanta Banerjee" or "a court order" directing it to produce the requested documents. (See Exhibit E, PA Dept. of Revenue Letter.) Mr. Banerjee consented to the production of documents from 2013 but not 2014. (See Exhibit F, PA Dept. of Revenue form.) Therefore, Plaintiff requests an order from the Court directing the PA Dept. of Revenue to produce the requested documents as they relate to 2014 as well.

### b) *The Robert K. Schiff Subpoena*

Mr. Schiff did not accept service of the subpoena—despite numerous previous attempts to serve him—until January 21, 2019. He has not yet produced any documents in response to the subpoena.

### c) *The Tuckerbrook Alternative Investments, LP*

Mr. John Hassett, a former principal of Tuckerbrook, responded to the subpoena claiming that Tuckerbrook was no longer in operation and Mr. Hassett did not have the requested deposition transcript or exhibits.

## VI.   DEPOSITION SCHEDULING

Despite not having produced the credit-card statements, the emails, the authorization form, or Defendant's wife responding to the document subpoena, Defendant has requested that his deposition take place before February 18, 2019. (Exhibit G, Email from Defendant's counsel.) Defendant claims that he "will be in India for an extended stay beginning February 18." (Id.) Plaintiff is skeptical that Defendant and his wife will have produced all the outstanding documents in time to prepare for a deposition before February 15 (the business day prior to February 18).

In the event that Defendant and third-parties do not produce the outstanding documents on or before February 11, 2019, Plaintiff requests that the Court order Mr. Banerjee to remain in the United States until his deposition can be taken.

Respectfully Submitted,

/s/ Ben Hutman
Ben Hutman

3