FERBER CHAN ESSNER & COLLER, LLP

ONE GRAND CENTRAL PLACE
SUITE 2050
NEW YORK, NEW YORK 10165

TEL: (212) 944-2200
FAX: (212) 944-7630

e-mail: chan@ferberchan.com

January 29, 2019

**VIA ECF**

Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Sadis & Goldberg, LLP v. Banerjee, 14-cv-00913

Dear Magistrate Judge Wang:

We represent defendant and write in response to the January 25, 2019 letter to Your Honor from Ben Hutman, attorney for plaintiff. This firm, which was retained on January 9, appeared in this case on January 11, and since then has been assiduously working with defendant and Mr. Hutman to resolve the outstanding discovery issues.

As set forth below, Defendant has acted in good faith to produce all of the documents in his possession, custody or control and almost all of the issues raised in Mr. Hartman's letter have been resolved.

**1.      Defendant Has Performed The Email Searches Requested By Plaintiff**

The only search terms identified in this Court's December 20 and 28 orders were "house" and "home".  In an email dated January 14, I asked Mr. Hutman to let me know if plaintiff wanted defendant to perform any additional searches.  As we did not hear anything from Mr. Hutman, we performed a search for those terms and did not find any responsive emails.

Late in the day on January 23, Mr. Hutman abruptly sent me an email requesting the following:

> Plaintiff requires the search of all of Mr. Banerjee's email inboxes and
> outboxes in use in 2013 and 2014, including sbaner@gmail.com and
> zbacllc@gmail.com and any other email addresses used by Mr. Banerjee
> during those two years.  These emails should be searched for "home" and "our

FERBER CHAN ESSNER & COLLER, LLP

Hon. Ona T. Wang
January 29, 2019
Page 2

house" in accordance with Request No. 20. These emails should also be
searched for: "Cook School" (Request No. 9); "Harvester" (Request No. 10);
"MIT Enterprise" (Request No. 13); "Forbes Fund" (Request No. 14); and
"Schiff" (Request No. 25).

My office completed those searches on January 28 and has provided plaintiff with the
responsive emails this morning.

**2.     Defendant Has Provided Plaintiff With The IRS Authorization Forms It Requested**

Defendant provided plaintiff with executed IRS authorization forms for 2010 through
2012, 2015 and 2016.  He previously provided copies of his returns for 2013 and 2014.
Defendant also provided plaintiff with the authorizations for the release of Pennsylvania State
tax returns for 2013 and 2014.

**3.     The Subpoena Directed To Defendant's Wife Has Been Responded To**

A response to the subpoena directed to defendant's wife was provided to plaintiff on
January 25.

**4.     Defendant Has Made His Best Efforts To Produce His Statements**

Defendant has made his best efforts to produce the bank and credit card statements
requested by plaintiff.

First, defendant has produced credit card statements from a card issued by an Indian bank
named Axis Bank. This was a card used in the United States by his wife as a way for him to
fulfill his support obligation to her and their children (and therefore does not bear on the sole
issue before this court—defendant's 2014 domicile). As the original statements were in India
under the control of defendant's 85-year old mother, he asked her to send them to him.  Acting
on her own initiative, she redacted those original statements without making copies before
redacting.  She also redacted the bank statements but as she was a signatory on those accounts,
defendant's mother obtained the originals, which defendant then produced.  Despite defendant's
substantial efforts, he has been unable to obtain unredacted copies of those credit card
statements.   The account has been closed and defendant no longer has the account numbers.
Defendant has been advised that due to strict bank security laws in India, in order to obtain the
original statements, he would have to appear in person at the bank offices in India, and since he
does not have the account numbers, even this might prove to be problematical.  In any event,
defendant continues to work through channels to see what can be done.

Second, the credit cards and bank accounts which defendant used in India in 2013 and
2014 were in the name of Indian companies which are owned by an Indian trust over which he

Ferber Chan Essner & Coller, LLP

Hon. Ona T. Wang
January 29, 2019
Page 3

has no control. He has requested the statements from the trustee, but the trustee has not provided them.

Accordingly, defendant has employed his best efforts to obtain the statements in question and will continue to do so.

4.   **Scheduling Defendant's Deposition**.

On January 17, I emailed Mr. Hutman, "Note that Mr. Banerjee will be in India for an extended stay beginning February 18. Accordingly, if you intend to take his deposition, you ought to conduct it before that date."

On January 22, he responded:

> Regarding Mr. Banerjee's plans to travel on February 18: it is Plaintiff's position that Mr. Banerjee must make himself available for his deposition in person regardless of his travel plans. Since this action was remanded, Defendant has delayed time and time again in producing the requested documents properly. This is exactly what Plaintiff feared and expected when it requested the Second Circuit decide the domicile issue and again when Defendant initially asked for an extension in May of 2018. Defendant has yet to complete his production and third-party documents have not yet been received. Hopefully these documents can be produced properly in time for a deposition in early February but if not, Plaintiff will ask the Court to order Mr. Banerjee to appear for his deposition even if it means he must fly back from India to do so.

On January 23, I responded:

> Your reluctance to accommodate Mr. Banerjee's necessary travel plans is troubling. I have given you a full month within which you could have found a date to depose him. I cannot answer for prior counsel, but since my retention, the only delay has been yours. Mr. Banerjee cannot be faulted for your failure to expeditiously obtain documents from third parties. Moreover, as the forgoing demonstrates, the documents yet to be produced are, at most, tangentially relevant. As an accommodation to you, however, if you agree to depose him while he is still in the United States, I will permit the deposition to be held open pending additional questions that might arise from subsequently available documents. Alternatively, you may depose him in India or take his deposition telephonically.

FERBER CHAN ESSNER & COLLER, LLP

Hon. Ona T. Wang
January 29, 2019
Page 4


As Mr. Banerjee's presence is required for several pending real estate transactions and other related Indian business in India, his trip is necessary.  Therefore, Mr. Hutman's request that defendant be ordered to remain in the United States until convenient for Mr. Hutman to take his deposition is unreasonable.  I respectfully request that his travel plans be accommodated with respect to scheduling his deposition.  Moreover, there is no reason to delay the deposition, defendant has produced all documents he is able to produce and to the extent additional documents are produced by third parties or otherwise, we can arrange for additional questioning of defendant.

Respectfully submitted,

Robert N. Chan