

Ben Hutman
212.573.6675
bhutman@sglawyers.com
www.sglawyers.com

February 27, 2019

**VIA ECF**
The Hon. Judge Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Sadis & Goldberg, LLP v. Sumanta Banerjee*, Dkt. No. 14-cv 00913(LTS)(OTW)
     Joint Status Letter on Outstanding Discovery Issues

Dear Judge Wang,

 As requested, the parties submit this joint status letter regarding the status of discovery and their outstanding discovery disputes.

**Status of Discovery**

 On February 14, 2019, Plaintiff took Mr. Banerjee's deposition. During Mr. Banerjee's deposition, he testified that his wife had filed various court and tax documents in his name but without his knowledge. As such, Plaintiff served a deposition subpoena on Mrs. Banerjee and the parties have agreed to take Mrs. Banerjee's deposition on March 29, 2019.

 On December 28, 2018, Plaintiff served a third-party subpoena on Mrs. Banerjee. (Exhibit A hereto.) On January 25, 2019, Mrs. Banerjee provided responses and objections to the documents requested in the subpoena. (Exhibit B hereto.) On February 12, 2019, Mrs. Banerjee produced 93 pages of documents—almost entirely bank statements from one account. Plaintiff was not satisfied with this production and on February 27 Mrs. Banerjee supplemented that production with an additional 126 pages of documents. Her deposition has been scheduled for March 29. At which time discovery will be complete, subject to the Court's decisions on the outstanding discovery issues below, and Mr. Banerjee being able to locate additional documents when he is in India this Spring.

  **Outstanding Discovery Issues**

 The parties have communicated back and forth to attempt to resolve their differences. Although the parties have successfully resolved some discovery issues, the following issues remain unresolved:

  1. Investment, or Brokerage Account Documents
    **Plaintiff's Position**: Plaintiff requested all investment account and brokerage account documents, including monthly statements. (Exhibit A at Request No. 1.) It appears from the face of the produced bank statements, that Mrs. Banerjee had

investment or brokerage accounts during 2013 & 2014 but no investment or brokerage account documents have been produced. Plaintiff demands that these documents be produced as well.

**Defendant's Position**:   Mrs. Banerjee has provided the statements that she can obtain, thereby rectifying this problem.   We note, however, that in connection with Mr. and Mrs. Banerjee's separation, he gave her all United states assets, and therefore her assets are not relevant to the sole issue—Mr. Banerjee's domicile.

2. State Tax Returns and the 2014 Federal Tax Return
**Plaintiff's Position**: Plaintiff requested all state and federal tax returns for 2009 through 2017.  (Exhibit A at Request No. 2.) Mrs. Banerjee has agreed to produce her 2014 state and federal tax returns and has stated that the rest of her federal returns are joint returns with her husband and therefore covered by the IRS Authorization form.  Mrs. Banerjee has claimed that she does not have state tax returns for 2010-2012.  However, Mrs. Banerjee has not agreed to produce her state returns, Pennsylvania or Connecticut, for 2009, 2013, and 2015–2017.  These tax returns are directly relevant because they will show Defendant's address and provide evidence that Mr. and Mrs. Banerjee were not separated as they now claim.

**Defendant's Position**:  We do not understand how non-party Mrs. Banerjee's state tax returns for years other than 2013 and 2014—the year when the domicile of Mr. Banerjee is in issue can be relevant.  The intrusion into her personal affairs outweighs the tangential relevance of these documents.

3. Communications Related to the Cook School House and Mr. Robert Schiff
**Plaintiff's Position**: Plaintiff requested Mrs. Banerjee's communications related 1514 Cook School Rd, the house built by Mrs. Banerjee in 2013–2014, and communications with Robert Schiff—a subcontractor with whom she and Defendant got into a civil dispute with—in 2014 through the present. (Exhibit A at Requests Nos. 9 & 10.)  The documents may reveal Defendant's involvement in the building of the Cook School House and thereby provide evidence of his domicile.  Mrs. Banerjee has claimed that she has searched her emails and there were no responsive documents.  Plaintiff is skeptical of this claim.

**Defendant's Position**: Plaintiff's counsel's skepticism is not Defendant's problem. As has been explained to him on numerous occasions, including under oath, Mrs. Banerjee's emails were on a laptop computer that was stolen and on the computer of her former employer, to which she no longer has access and which emails have been deleted according to company policy.

4. Sumanta Banerjee's Trust Credit Card Statements
**Plaintiff's Position**:  As instructed by the Court, Defendant provided Plaintiff with the identity of the trust through which he maintains a credit card and the identity of the trustees.  Mr. Banerjee's mother—Reba Banerjee—is one of the

trustees and Mr. Banerjee himself is a manager of various businesses owned by the trust.  Moreover, in his deposition it was revealed that the trust at issue was a family trust set up by Mr. Banerjee's parents and included substantial sums contributed by Mr. Banerjee himself.  It is, therefore, not credible for Mr. Banerjee to claim that he is unable to retrieve and produce his trust credit card statements.  Because it is within Defendant's "practical ability to obtain the documents" he must produce them.  <u>Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 146 (S.D.N.Y. 1997).

**Defendant's Position**:  Having supplied the name of the trust, Mr. Banerjee satisfied this court's directive. In any event, Mr. Banerjee has requested these statements and is endeavoring to obtain them.  The assets plaintiff's counsel claims Mr. Banerjee contributed were gifted over time to his parents; they were not "contributions". As such the ownership of those assets is no longer Banerjee's. The two trustees, Banerjee's mother and her lawyer are not willing to provide the statements to a US court.

5. <u>Unredacted Versions of the Axis Bank Credit Card Statements</u>
**Plaintiff's Position**:  During his deposition it was revealed that Defendant had an Axis Bank credit card account going back to the beginning of 2013.  However, even the redacted credit card statements that were produced only went back to June of 2013.  Therefore, Plaintiff is requesting Defendant's Axis Bank credit card statements for the first six months of 2013.

**Defendant's Position**:  Since the only issue is Mr. Banerjee's domicile in 2014, we question these statements' relevance.  In any event, Plaintiff's counsel requested these credit card statements by email on February 26, and defendant's counsel has advised him that Mr. Banerjee will endeavor to obtain these statements.  Defendant's counsel is advised that obtaining such documents from India is neither easy nor straightforward.

Jointly submitted,

By:  /s/ Ben Hutman
    Ben Hutman
    SADIS & GOLDBERG, LLP
    551 5th Avenue, 21st Floor
    New York, New York 10176
    (212) 573-6675
    *Counsel for Plaintiff*

By: /s/ Robert N. Chan
    Robert N. Chan
    FERBER CHAN ESSNER & COLLER, LLP
    One Grand Central Place, Suite 2050
    New York, New York 10165
    (212) 944-2200
    *Counsel for Defendant*