

Ben Hutman
212.573.6675
bhutman@sglawyers.com
www.sglawyers.com

April 12, 2019

**VIA ECF**
The Hon. Judge Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>Sadis & Goldberg, LLP v. Sumanta Banerjee</u>, Dkt. No. 14-cv 00913(LTS)(OTW)
<u>Status Letter on Discovery</u>

Dear Judge Wang,

Defendant's counsel has informed Plaintiff today that he intends to move to withdraw as counsel for Defendant.  As such, Defendant has not provided Plaintiff with his positions on the outstanding discovery issues below.  Therefore, Plaintiff submits this letter on the status of discovery solely on its own behalf.

**Status of Discovery**

On March 29, 2019, Plaintiff took Mrs. Banerjee's deposition without incident. Additionally, in accordance with the Court's March 6, 2019 order, Defendant's counsel: (a) provided Plaintiff with executed tax authorization forms; (b) searched Mrs. Banerjee's Gmail account and provided Plaintiff with the results; (c) produced an affidavit from Defendant stating that he was unable to produce the trust credit card statements and the unredacted Axis Bank credit card statements; (d) provided Defendant with some, but not all of Defendant's and Mrs. Banerjee's investment account and brokerage account statements.

**Outstanding Discovery Issues**

The parties have communicated back and forth to attempt to resolve their differences. Although the parties have successfully resolved most discovery issues, the following issues remain unresolved:

1. <u>All of Mr. and Mrs. Banerjee's Investment, or Brokerage Account Documents</u>
**Plaintiff's Position**: On March 6, 2019, the Court ordered the production of all of Mrs. Banerjee's investment account and brokerage account statements for 2013 and 2014.  The Court also required Defendant's counsel to investigate the deposits into Mrs. Banerjee's bank account from a Fidelity brokerage account. Mrs. Banerjee produced investment reports from 2013 & 2014 for a joint Fidelity investment account but an examination of those reports revealed that this was not the account which made deposits into Mrs. Banerjee's bank account.  Defendant's counsel then produced 1099 forms for a Fidelity brokerage account in Mr.

Banerjee's name that matched the account number that deposited funds into Mrs. Banerjee's bank account. However, these forms do not show any transaction information. Plaintiff is entitled to receive the account statements for Mr. Banerjee's brokerage account.

Moreover, Plaintiff requested documents related to Mr. Banerjee's brokerage and investment accounts—including account opening documents and monthly statements—in Plaintiff's original set of Document Requests on August 3, 2018. (Exhibit A at 5). Defendant's failure to produce any documents related to his Fidelity brokerage account in response to Plaintiff's original request is a sanctionable offense.

2. <u>Sumanta Banerjee's Trust Credit Card Statements</u>
**Plaintiff's Position**: Mr. Banerjee has submitted an affidavit (attached hereto as Exhibit B) claiming that he previously attempted to retrieve the Trust credit card statements by calling both trustees and following up by emailing one of the trustees. According to Mr. Banerjee, one of the trustees responded stating that "he is concerned about United States Courts and does not want the trust to become entangled in this matter, and accordingly he will not provide any documents." (Exhibit B at 2–3.) However, the other trustee is Mr. Banerjee's mother. Earlier in the affidavit Mr. Banerjee describes substantial involvement of his mother in gathering documents for production in this action. Plaintiff is, therefore, skeptical of Mr. Banerjee's claimed inability to retrieve these Trust statements and questions why Mr. Banerjee is not asking his mother to gather and produce them.

3. <u>Third-Party Subpoena on HRB Tax Group and Fidelity</u>
**Plaintiff's Position**: In her deposition, Mrs. Banerjee was unable to explain various items in her and Defendant's tax returns. Additionally, a couple of tax returns that Defendant provided were incomplete. Plaintiff is therefore requesting the opportunity to subpoena Mr. and Mrs. Banerjee's accountant, HRB Tax Group, for the work files related to Mr. and Mrs. Banerjee's tax returns.

Furthermore, to the extent Mr. and Mrs. Banerjee are refusing to produce their Fidelity brokerage account documents, Plaintiff is requesting the opportunity to subpoena Fidelity.

Respectfully submitted,

By: /s/ Ben Hutman
Ben Hutman
SADIS & GOLDBERG, LLP
551 5th Avenue, 21st Floor
New York, New York 10176
(212) 573-6675
*Counsel for Plaintiff*