UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SADIS & GOLDBERG, LLP,

                Plaintiff,              14-CV-0913 (LTS) (OTW)

      -against-                      **OPINION & ORDER**

SUMANTA BANERJEE,

                Defendant.
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

Sadis & Goldberg, LLP brought this diversity action against their former client Sumanta Banerjee for unpaid legal fees. Mr. Banerjee is now proceeding *pro se*.[1] Defendant has filed a motion to quash Plaintiff's third-party subpoenas to HRB Tax Group, Inc. ("HRB"), and Fidelity Investments ("Fidelity"). *See* ECF 146. For the reasons that follow, Defendant's motion to quash is **DENIED**.

**II.    Background**

On February 18, 2015, the Honorable Laura T. Swain granted Plaintiff's motion for a default judgment and entered judgment. (ECF 39). Defendant appealed to the U.S. Court of Appeals for the Second Circuit, asserting that because he was a United States citizen domiciled

---

[1] Defendant had previously been represented by two attorneys but has proceeded *pro se* since April 16, 2019. Jennifer M. Cabrera filed a Notice of Appearance on June 22, 2018, but she moved to withdraw on January 14, 2019 because Defendant had discharged her. (*See* ECF 110). Ms. Cabrera noted that her firm asserted a retaining lien on the case file due to Defendant's unpaid legal bills. (*Id.*). Robert N. Chan filed a Notice of Appearance on January 11, 2019, and later moved to withdraw on April 16, 2019, citing Defendant's failure to pay his legal bills. (*See* ECF 129, 130).

in India at the time the Complaint was filed, there is no basis for diversity jurisdiction. The Second Circuit ultimately remanded the case for the district court to determine where Banerjee was domiciled when the complaint was filed. (ECF 83). We are now in jurisdictional discovery.

This Court has held numerous discovery conferences where Plaintiff has repeatedly asserted that Defendant has selectively withheld documents that would support his domicile in the United States, which in turn would support a finding of diversity jurisdiction. Indeed, Plaintiff seeks documents from Fidelity—concerning Defendant's own account records—because Defendant has apparently failed to produce such documents for over a year. Similarly, Plaintiff seeks work files and communications from HRB because neither Defendant nor his wife were able to answer Plaintiff's deposition questions regarding the locus of Defendant's earned income and deductions.

Plaintiff filed the proposed subpoenas on May 15, 2019. (ECF 140, 141). Defendant moved to quash the subpoenas on May 31, 2019. (ECF 146). After some requests to file certain documents under seal or in redacted form, (ECF 154, 157), this motion was fully briefed on August 23, 2019.

### III. Discussion

Rule 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. See Fed. R. Civ. P. 45(a)(1). The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash the subpoena

bears the burden of persuasion. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). The same standard applies in a case such as this where a person other than the subpoena recipient moves to quash the subpoena. *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citing *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *5-6 (E.D.N.Y. Aug. 23, 2016).

Subpoenas issued pursuant to Rule 45 may obtain discovery regarding "any nonprivileged matter that is *relevant* to [a] party's claim or defense." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (alteration and emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Here, Defendant does not move to quash the subpoena on any of the grounds listed in Rule 45(d)(3)(A). Instead, Defendant's arguments—in both his moving papers and reply—appear to be based on relevancy or possibly that the documents are duplicative. Defendant argues that the subpoenas are not necessary because he has already provided to Plaintiff any responsive documents, and he disputes Plaintiff's characterization of the content of previously-produced documents. These arguments—which go to the merits of the case—are premature. *See Strike 3 Holdings*, 2019 WL 78987, at *2 (quoting *Achte/Neune Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4577*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010)) ("the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable.").

The Court finds that the information Plaintiff seeks in the two subpoenas is relevant. Plaintiff's subpoena to HRB seeks work files for Defendant and his wife's 2013 – 2016 tax returns as well as communications between HRB's representatives and either of the Banerjees. This information is relevant to the extent it shows Defendant's address, his income earned, and where he earned his income. At their depositions, neither Defendant nor his wife was able to explain certain earned income listed on the tax returns and deductions taken. (*See* Pl's Opposition, Ex. A, B). Plaintiff thus seeks work files and communications from HRB to fill in these gaps regarding Defendant's assets and earnings in the United States.

Plaintiff's subpoena to Fidelity seeks account opening and modification documents and account statements for Defendant's accounts. These documents are similarly relevant to showing Defendant's address, as well as the extent of Defendant's earned income and assets in the United States. Plaintiff sought "bank accounts, investment accounts, or brokerage accounts, including account opening documents [and] monthly statements" in their first set of document requests to Defendant on August 3, 2018. (Pl's Opp., Ex. C). Defendant did not produce any investment account documents in response. On January 18, 2019, in Plaintiff's subpoena to Ms. Banerjee, Plaintiff requested her "bank accounts, investment accounts, or brokerage accounts, including account opening documents [and] monthly statements." (Pl's Opp., Ex. D). Ms. Banerjee did not produce any investment account documents in response, but she did produce bank account statements. When reviewing Ms. Banerjee's bank account statements, Plaintiff noticed deposits from a Fidelity account. Therefore, on March 6, 2019, the Court ordered Ms. Banerjee to produce "all of her investment account and brokerage account statements from 2013 and 2014." (ECF 124, at 1). Ms. Banerjee then produced statements revealing that two Fidelity accounts existed,

one a joint account with her husband, and a second account solely in her husband's name. (*See* Pl's Opp., Exs. E, F). Neither Ms. Banerjee nor Defendant produced account opening or modification documents or complete monthly statements for either of the two Fidelity accounts.

In sum, Defendant has not identified—nor has the Court found—any basis for the Court to quash Plaintiff's third-party subpoenas seeking documents from HRB and Fidelity.[2] The information Plaintiff seeks is plainly relevant to the issue of Defendant's domicile. Defendant has not shown that "the documents [Plaintiff's seek] were so untethered to the allegations in the . . . complaint that the [] court was compelled to quash the subpoenas. *In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019). Accordingly, Defendant's motion to quash is denied.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Quash is **DENIED**. The Clerk of Court is respectfully directed to close ECF 146 and mail a copy of this Opinion and Order to the *pro se* Defendant. If Plaintiff intends to file a motion for payment of expenses under Federal Rule of Civil Procedure 37(a)(5)(B), Plaintiff shall meet and confer with Defendant and provide a proposed briefing schedule by **September 6, 2019**. Plaintiff is directed to serve the subpoenas on Fidelity and HRB by **August 30, 2019**.

**SO ORDERED**.

Dated: August 26, 2019
      New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[2] Indeed, one could infer from the tortuous history of the case that Defendant's actions led Plaintiff to seek the documents from other sources, and that had Defendant been more forthcoming in his own document production, and in a timely manner, these subpoenas would not have been necessary.