**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SADIS & GOLDBERG, LLP,** | **Case No.    14-cv-00913(LTS)(OTW)** |
| **Plaintiff,** | |
| - against - | |
| **SUMANTA BANERJEE,** | |
| **Defendant.** | |

**PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)(B)**

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), Plaintiff Sadis & Goldberg, LLP ("Sadis") respectfully requests, by and through its undersigned counsel, that this Court enter an Order requiring Defendant Sumanta Banerjee ("Banerjee") to pay $10,890 for Sadis' attorney fees borne opposing Banerjee's baseless motion to quash Sadis' subpoenas on HRB Tax Group ("HRB") and Fidelity Investments ("Fidelity").  In particular:

1.      On May 15, 2019, Sadis filed two proposed orders for subpoenas on HRB and Fidelity respectively. (Dkt. Nos. 140 & 141.) The subpoena to HRB sought work files and communications related Banerjee and his wife's 2013–2016 tax returns.  The subpoena to Fidelity sought account opening and modification documents and account statements for Banerjee's two Fidelity accounts.

2.      On May 31, 2019, Banerjee moved to quash the subpoenas.  (Dkt. No. 146) Banerjee's motion was not based on any of the grounds listed in Fed. R. Civ. P. 45(d)(3), but rather relevancy.  (Id. at 1.)

3.      On July 11, 2019, Sadis filed a memorandum of law—attaching 6 exhibits and citing extensively from deposition testimony—opposing the motion to quash. (Dkt. No. 155.)

4.      On August 20, 2019, Banerjee filed a reply memorandum of law in support of his motion to quash. (Dkt. No. 162.) Due to problems with Banerjee's filing, the Court ordered Sadis to file Banerjee's file Banerjee's Reply which Said did on August 23, 2019. (Dkt. No. 164.)

5.      On August 26, 2019, the Court denied Banerjee's motion to quash. (Dkt. No. 165.) The Court found that the information sought in both subpoenas was relevant. (Id. at 4.) The Court found that the subpoena to HRB was necessary to fill in gaps regarding Banerjee's tax returns that neither Banerjee nor his wife were able to explain at deposition. (Id.)

6.      With respect to the Fidelity subpoena, the Court noted that Sadis had requested account opening and modification documents and account statements from Banerjee in August of 2018 but that Banerjee did not produce any documents in response. (Id.) It was only later, after noticing deposits from a Fidelity account in Mrs. Banerjee's bank account statements, that Sadis discovered the existence of Banerjee's two Fidelity accounts. (Id.) Had Banerjee been forthcoming and produced the requested documents in the Fall of 2018, the subpoenas would not have been necessary. (See id at 5, n. 2.)

7.      All in all, the Court found that Banerjee's motion to quash was without "any basis" and the information sought by Sadis was "plainly relevant to the issue of Defendant's domicile. (Id. at 5.)

8.      As such Sadis is requesting the Court order Banerjee to pay Sadis for its attorney fees borne in opposing Banerjee's baseless motion to quash under Rule 37(a)(5)(B). See Pegoraro v. Marrero, No. 10 CIV. 00051 AJN, 2013 WL 55829, at *4 (S.D.N.Y. Jan. 4,

2013), report and recommendation adopted, No. 10 CIV. 00051 AJN, 2013 WL 1448769 (S.D.N.Y. Apr. 9, 2013) (awarding to Plaintiff attorney fees incurred in opposing a motion for protective order).

9.      Attached as Exhibit A is a true and correct copy of the Bill of Ben Hutman for hours spent in opposing Banerjee's motion to quash.  In total, Mr. Hutman spent 19.8 hours researching, drafting, and filing Sadis' opposition—including a motion to file documents that Banerjee designated "confidential" under seal.  At Mr. Hutman's billing rate of $550 an hour, the total cost is $10,890.

10.     These fees are reasonable for an attorney of Mr. Hutman's experience in New York City.   See Au New Haven, LLC v. YKK Corp., No. 15CV03411GHWSN, 2018 WL 333828, at *7 (S.D.N.Y. Jan. 5, 2018) (approving fees of $650 and $530 per hour).  Additionally, Sadis did not include paralegal time and time related to filing Banerjee's Reply in support of his motion to quash.

11.     For the above reasons, Sadis respectfully requests that this Court order Defendant Banerjee to pay Sadis $10,890 in attorney fees.


Dated: New York, NY                          SADIS & GOLDBERG LLP
September 13, 2019

                                             /s/ Ben Hutman
                                             By:    Ben Hutman
                                             551 Fifth Avenue, 21st Floor
                                             New York, New York 10176
                                             Telephone:  (212) 573-6675
                                             Email:  bhutman@sadis.com