jan2SadC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SADIS & GOLDBERG, LLP,

 4                  Plaintiff,              New York, N.Y.

 5           v.                             14 Civ. 913(LTS)

 6   SUMANTA BANERJEE,

 7                  Defendant.

 8   ------------------------------x        Conference

 9                                          October 23, 2019
                                            12:00 p.m.
10
     Before:
11
                          HON. ONA T. WANG,
12
                                            Magistrate Judge
13

14                           APPEARANCES

15

16   BOIES, SCHILLER & FLEXNER, LLP
          Attorneys for Plaintiff
17   BY:  BEN HUTMAN

18

     SUMANTA BANERJEE
19        Pro Se Defendant

20

21   ALSO PRESENT:

22   MS. AKSHITA BANERJEE

23

24

25
```

1              (Case called)

2              THE DEPUTY CLERK:  Counsel, please state your name.

3              MR. HUTMAN:   My name is Ben Hutman.  I represent

4    Sadis & Goldberg LLP.

5              THE COURT:  Okay.

6              MR. BANERJEE:  And I'm Sumanta Banerjee.

7              THE COURT:  Good afternoon.

8              I apologize for the delay.  it somehow just didn't

9    make it on to our chambers calendar, and it is actually my

10   fault and an administrative oversight on my part.  But

11   considering how many conferences we actually do have, this is

12   one that we have missed, first time in a long, long time.

13             All right.  So we are here to talk a little bit about

14   planning for the evidentiary hearing.  I think, so, from our

15   last phone conference at the end of last month, I guess there

16   hasn't been any changes, for example, in any of the

17   determinations of the witnesses, right?  So Mr. Banerjee and

18   your wife are the two witnesses in this case, right, for the

19   evidentiary hearing?

20             MR. BANERJEE:  Yes.

21             THE COURT:  No more witnesses than that, Mr. Hutman?

22             MR. HUTMAN:  None from plaintiff.

23             THE COURT:  Any witnesses for defendant?

24             MRS. BANERJEE:  No, your Honor.

25             MR. BANERJEE:  No, your Honor.

1            THE COURT:  Then I understand there has been an

2    exchange of exhibit, a draft exhibit list.  How are we doing on

3    that?  I understand it doesn't include the documents from H&R

4    Block, but at least you got started on it.  Have you sent it

5    back to --

6            MR. BANERJEE:  Yes, I have sent it back.

7            MR. HUTMAN:  Yes.  We received it last night.

8            THE COURT:  Okay.  So do you anticipate this exhibit

9    list basically being complete except as to the H&R Block

10   documents?

11           MR. HUTMAN:  From plaintiff's perspective, yes.  There

12   were some questions that I had about some of the documents that

13   were put on the exhibit list by defendant just as to what they

14   were because I couldn't quite tell from the descriptions, but

15   that's something I should be able to work out with the

16   defendant to get some clarification and, if necessary, may have

17   to put in some rebuttal.

18           THE COURT:  All right.  Continue working with

19   yourselves on that.

20           So I should have talked about this before.  As to the

21   authorization for the documents from H&R Block, we now have the

22   documents you need, Mr. Hutman?

23           MR. HUTMAN:  Yes, and I sent them to H&R Block.

24           THE COURT:  When do you anticipate -- I know it is

25   hard, because they are not a party, but what's your assessment

1     on when you might be getting those documents?

2              MR. HUTMAN:  I don't -- I really don't know.  The

3     initial people I spoke with at H&R Block seem very agreeable,

4     but then counsel got involved and it started becoming much more

5     difficult.  So it's hard for me to say.  I am going to reach

6     out to them today to see if I can get some kind of update if

7     they can give me a timeline.

8              THE COURT:  One of the things I'm a little bit

9     concerned about is whether you will get those documents in time

10    for you to review, provide them to Mr. Banerjee, and then have

11    them ready for an evidentiary hearing that's currently

12    scheduled on the 18th of November.  That said, if you think

13    that there is going to be an issue with that, and I kind of see

14    that as well, I don't know, do you want to try to reschedule

15    the hearing, push it back a little bit, or do you want to wait

16    and see how long it takes to get the documents?

17             MR. HUTMAN:  From my perspective, it is preferrable to

18    push it back in advance --

19             THE COURT:  Okay.

20             MR. HUTMAN:  -- without waiting to see at the last

21    minute, because it is easier for me to schedule things that

22    way.  I can't speak for the defendants.

23             THE COURT:  Okay.  So why don't we take it off.  I

24    actually have it on the calendar for the 19th.  Let's take it

25    off of November 19.  So what I will do is, I will have the

parties meet and confer and write a letter whether there is a

date that -- whether there is a date during the week of

December 16 that may work for an evidentiary hearing.  I also

have time the week of the 9th, but I just don't want to put

you -- I would rather not have to move the date again if it

turns out it takes a while for you to get the documents.

          If we can't get a date on the week of December 16,

then we are looking at -- the next time after that would be the

week of January 6.  So why don't you take -- why don't you meet

and confer and see if you can agree on a date, a half day, for

either of those weeks.  And just to be safe with my calendar,

why don't you propose two or three dates that the parties can

make it and then that way I will look at it on my calendar as

well.

          Mr. Banerjee?

          MR. BANERJEE:  That's fine.

          Would your Honor mind giving us the dates for the week

of the 9th and the 16th that work for your calendar?

          THE COURT:  No.  You talk to each other and then --

because right now I have some time.  That's why I said propose

two to three dates.  I am hoping that if you propose two to

three dates, then that shouldn't be a problem.  And to be

clear, you are looking at the week of December 16 and the week

of January 6.  Don't look at the week of December 9 because I

am just concerned that we may end up having to push it if H&R

1   Block produces documents too late.  All right?

2              MRS. BANERJEE:  So the week of December 16 --

3              THE COURT:  The week of December 16, 2019, and the

4   week of January 6, 2020.

5              MRS. BANERJEE:  Thank you.

6              THE COURT:  Propose two to three dates after meeting

7   and conferring for dates that work with the parties.  All

8   right?  And then deadline for depo designations and exhibit

9   lists, since we are going to push it off a little bit, I'm less

10  concerned about setting a hard deadline for that now.  Why

11  don't we have you -- why don't we have the parties file a joint

12  status letter, since we are already pushing into at least

13  December, why don't we have you file a joint status letter by

14  November 15.

15             MR. HUTMAN:  Your Honor, I'm going to be on trial

16  through the 15th.  So if we could have the joint status letter

17  the next week?

18             THE COURT:  Do you want the week before or the week

19  after?

20             MR. HUTMAN:  The week after.

21             THE COURT:  How about November -- how about we use

22  November 19, because that would have been your evidentiary

23  hearing date.  Joint status letter on the 19th as to the

24  production of the H&R Block documents, where you are in getting

25  them, providing all of them to the Banerjees, and whether any

1    of them will be included on the exhibit list.  That's number

2    one.

3              Number two is whether the exhibit list is final and,

4    if not, when it will be final; and then, also, deposition

5    designations and if they are final, propose a date by which you

6    will submit them or let me know if there are any issues in

7    terms of deposition designations.  On the last call I think we

8    had talked about highlighting, using different colors, which

9    portions of the depositions you would all want.  Some of this

10   may depend on when you get the H&R Block documents, if that

11   adds more depo designations.  But to the extent you are able

12   to, you should start thinking about that now and start working

13   on it now.  Okay?

14             MR. HUTMAN:  Okay, your Honor.

15             THE COURT:  All right.  Anything else?

16             MR. HUTMAN:  The only question that I had was with

17   respect to that it would be scheduled as a half-day hearing,

18   and I am concerned about our ability to get it all done in half

19   a day.  And I am not quite sure your Honor's procedures with

20   respect to this hearing, but if it is going to work where we

21   have to submit the documents into evidence as we go, it

22   will --

23             THE COURT:  No.  Essentially you are going to treat

24   this like a bench trial.  So the depo designations will be

25   provided well in advance.

 1            The exhibits, I expect you should be able to agree on

 2   an exhibit list.  We will just admit them all, and then that

 3   way we won't have to deal with the procedural issues of laying

 4   foundations and submitting them all.  Okay?  Since most of them

 5   are from Mr. Banerjee or affiliated organizations with people

 6   that -- I don't see that being a problem, so hopefully that

 7   will streamline it a little bit.

 8            So we are only talking about two witnesses.

 9            MR. HUTMAN:  Understood.

10            THE COURT:  Okay.  So joint status letter due November

11   19.

12            Anything else?  Other questions or anything like that?

13            MR. HUTMAN:  None from plaintiff.

14            MR. BANERJEE:  I just have a quick question, your

15   Honor.

16            Is there a pretrial brief or anything or posttrial

17   brief that we should also do on this?  Because there is lots of

18   case law and domicile versus --

19            THE COURT:  Since you are representing yourself -- you

20   know what?  Talk to each other, and then in the joint status

21   letter on the 19th, think about how you would like this to --

22   how you would like to sort of get this done.  Because I agree

23   that it would be helpful to have the case law that's at issue,

24   relevant cases, undisputed facts, for example, if there are any

25   to be presented in, say, an affidavit or joint stipulated

jan2SadC

1    facts, because the more that we can do before the hearing

2    itself, the easier it will be.  Okay?

3             MR. BANERJEE:  Yes.

4             THE COURT:  So think about whether you would like to

5    do -- I think joint stipulated facts would be good as much as

6    you can.  And then in terms of -- like, Mr. Banerjee, if you

7    were represented by counsel, I would say that each side would

8    need to provide its proposed findings of fact and conclusions

9    of law.  But since you are proceeding *pro se*, while you are

10   talking about joint stipulated facts and working on your joint

11   status letter, see if there is anything that you can work on

12   jointly; and then, if not, then I will have to take briefs from

13   both sides.  But it may not -- depending on what your joint

14   stipulated facts looks like, I might not need it until after

15   the evidentiary hearing.  Okay?

16            MR. BANERJEE:  Yes.  I am perfectly fine doing a

17   joint --

18            THE COURT:  Putting the work off until after the

19   hearing in case you don't have to do it?

20            MR. BANERJEE:  But I'm perfectly fine doing it, the

21   memorandum of law and all that, so I am comfortable with that.

22            THE COURT:  Mr. Hutman, do you have any other

23   questions or comments or thoughts?

24            MR. HUTMAN:  No, your Honor.

25            THE COURT:  All right.  Thank you very much.  Thank

jan2SadC

1    you very much for waiting, and again I apologize.

2              So, Mr. Hutman, you are directed to order a copy of

3    the transcript, provide it to Mr. Banerjee, so that way as you

4    are working, and I look forward to reading your letter on the

5    19th.

6              MR. HUTMAN:  Thank you very much.

7              MR. BANERJEE:  Thank you, your Honor.

8              THE COURT:  Thank you.  We are adjourned.

9                                oOo

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25