UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADIS & GOLDBERG, LLP | |
| Plaintiff | Case no :14-cv-000913 (OTW)(LTS) |
| vs. | |
| SUMANTA BANERJEE | |
| Defendant | |

# EMERGENCY MOTION TO REQUEST LEAVE TO REMOVE FILED DOCUMENTS IN ORDER TO REDACT AND/OR STAMP THEM CONFIDENTIAL

## SUMMARY

Sumanta Banerjee, the Defendant, is requesting that all of the documents that were filed as part of Plaintiff's pleadings in *Docket # 201* and *Docket # 202* be removed from the docket until it can verified that there is no confidential or third party information contained therein.

The Defendant provided all the documents requested by the Plaintiff during discovery with the express understanding that there were documents that were to be considered to have personal and private information be kept sealed and confidential and only for the eyes of the Court and the Attorneys. See the Stipulation and Protective Order, Docket #95, attached as Exhibit #1. This current action is a clear and blatant violation of the law of the Department of Commerce and breach of the Stipulation and Protective Order. Furthermore, the evidentiary exhibit list (without the documents) was in the public docket however the documents were provided to the Court, because the complete and entire list of documents was to be considered

confidential for the eyes of only the Court and the Attorneys governed by the Stipulation and Protective Order. This list is included as Exhibit #2.

The current docket entries of #200, #201 and #202, include and reference documents that were part of the exhibits that were considered confidential under the Stipulation and Protective Order. Additionally, more documents were included in the above-referenced docket entries that the Defendant has not seen which also contain personal identifiable information ("PII") data. This type of data is a violation of US Department of Commerce Guidelines protecting the information of individuals. The plaintiff has only asked for 2 out of over 75 exhibits to be redacted. The documents with the PII data are still available on the docket for public consumption.

**FACTS**

1. In the Plaintiff's latest letter pleading to Your Honor, dated July 23, 2020 and the subsequent letter pleading dated July 24, 2020, Mr. Hutman references two unredacted documents that were placed into the public domain. These documents contained personally identifiable information ("PII"), as designated by the National Institute of Standards and Technology included as Exhibit #3, the Standards of the Department of Commerce for gathering personal information. Examples of the information released in the docket exhibits include: social security numbers, bank account numbers, passport details, names and birthdates of children, investment account numbers, IRS and State Tax Forms. This information exposes and harms the Defendant and non-parties (the children and the wife of the Defendant).
2. Upon further inspection of the voluminous number of exhibits (over 75) that the Plaintiff has filed, the Defendant has found that there are many documents that violate Stipulation and

Protective Order and the standards of PII (such as investment account numbers, social security numbers, birth dates). The onus is on the Plaintiff to ensure, especially in light of the previous transgressions by the Plaintiff (in 2014) necessitating the Stipulation and Protective Order in the first place, that the Defendant's and his family's personal information is not in the public domain.

3. Furthermore, the Plaintiff has included several documents that were never previously provided to the Defendant. These documents have an address that has never been associated with the Defendant and those documents were only received by the Defendant via email and never received by the Defendant at that address. Those documents also contain additional PII data, regarding Mr. Banerjee's investment account number and investment information.

4. The Plaintiff has also included in the filings, confidential tax information of a non-party as well as the Defendant. These documents were all provided based on the Stipulation and Protective Order that was in place since November of 2018, well in advance of the current docket entries. These documents were part of the evidentiary hearing documents that were confidential and only for the eyes of the Court and the Attorneys.

5. The Defendant's wife, a non-party to this case, was also asked to produce several documents that were considered confidential as per the Stipulation.  These documents included the names and birthdates of her and the Defendant's children, who are clearly non-parties to this case. A continued example of the egregious violation the Court's Stipulation.

6. This release of documents, containing confidential information, is not the first instance by the Plaintiff and his counsel. The Plaintiff and his counsel also placed on the public docket, personal private information, retrieved by a private investigator which was in the public domain for several months prior to its removal. This placement of information was illegal

and against the rules of the private investigating company providing the information. The information included social security numbers, the birthdate, the addresses and age of the children, wife and other family members. The Stipulation and the Protective Order was a direct result of the Plaintiff blatant violation of the law in submitting personal and confidential information into the public domain time and time again for the sole purpose of harming the Defendant and his family.

7. For the reasons stated above, the Defendant respectfully requests the Court grant the Emergency Motion to Order that (1) immediate removal of all the documents in Docket #201 and #202, until a more thorough examination of the documents can be undertaken so as to ensure that PII data is not in the public domain and (2) mutually decide which documents can remain in the pubic domain and which should be considered confidential, governed by the Stipulation and Protective Order and only available for the Court and the Attorneys.

Respectfully submitted,

 /s/ Sumanta Banerjee

Sumanta Banerjee, *pro se*
1514 Cook School Road
Pittsburgh, PA 15241
zbacllc@gmail.com
*July 24, 2020*