**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

SADIS & GOLDBERG, LLP,                                   :

                          Plaintiff,                  :

              -against-                         :                    14-CV-0913 (LTS) (OTW)

                                :

SUMANTA BANERJEE,                                        :                    **MEMORANDUM OPINION**
                                :                    **& ORDER**

                       Defendant.                :

                                :

-------------------------------------------------------------x

      **ONA T. WANG, United States Magistrate Judge:**

      **I.**      **Introduction**

      On February 19, 2014, Sadis & Goldberg, LLP ("S&G") brought a diversity action against their former client, Sumanta Banerjee ("Mr. Banerjee"), for unpaid legal fees. (ECF 2). Mr. Banerjee is currently proceeding *pro se*. On August 26, 2019, the Court denied a motion to quash filed by Mr. Banerjee concerning two proposed orders for third-party subpoenas related to Mr. Banerjee's tax returns, finding that the motion to quash was without any basis. (ECF 165). Plaintiff now moves for attorney's fees associated with opposing the motion to quash. (ECF 171). For the reasons that follow, Plaintiff's motion is **DENIED**.

      **II.**      **Background**

      On February 18, 2015, the Honorable Laura T. Swain granted Plaintiff's motion for default judgment. (ECF 39). Defendant appealed to the U.S. Court of Appeals for the Second Circuit claiming that when the Complaint was filed, he was domiciled in India, and therefore, there was no basis for diversity jurisdiction. The Second Circuit remanded the case to the

District Court to determine Mr. Banerjee's domicile at the time the Complaint was filed. (ECF 83). The case has been in jurisdictional discovery for over two years, since April 2018.[1]

On May 15, 2019, S&G filed two proposed orders for third-party subpoenas on HRB Tax Group ("HRB") and Fidelity Investments ("Fidelity") for the purpose of revealing where Plaintiff was domiciled at the time the case was filed. (ECF 140, 141). S&G had initially requested documents concerning Defendant's bank accounts, investment accounts, or brokerage accounts, from both Defendant and his wife, but both failed to produce any investment account documents. (See ECF 165 referencing PI's Opposition, Ex. C, D). The subpoena on HRB, an accounting firm used by Mr. Banerjee and his wife, Akshita S. Banerjee ("Mrs. Banerjee"), was to produce the working files connected to the federal and state tax returns of Mr. Banerjee and/or Mrs. Banerjee for each of the years 2013 to 2016, and any email or other written communications between Mr. Banerjee and/or Mrs. Banerjee and any representative of HRB. (ECF 140). The Fidelity subpoena was to produce account opening documents, account modification documents, and account statements for any Fidelity Investments accounts in the name of Mr. Banerjee and/or Mrs. Banerjee for the years 2013 and 2014. (ECF 141).

Defendant moved to quash both third-party subpoenas on May 31, 2019. (ECF 146). The Court denied Mr. Banerjee's motion to quash on August 26, 2019.[2] (See ECF 165). Plaintiff then moved for attorney's fees associated with opposing Defendant's motion to quash. (ECF 171).

---

[1] Defendant has had at least two prior counsels in the two years that jurisdictional discovery has been pending: Jennifer M. Cabrera (moved to withdraw on January 10, 2019) (ECF 106), and Mr. Robert Chan (moved to withdraw on April 16, 2019) (ECF 129).

[2] The Court assumes familiarity with the full reasoning from its prior opinion denying Defendant's motion to quash. (See ECF 165).

### III.     The Motion To Quash Was Not Substantially Justified, But Other Circumstances Make An Award Of Expenses Unjust

Under Rule 45, a party may serve a subpoena for the production of documents and other information from a non-party. (*See* Fed. R. Civ. P. 45(a)(1)). Subpoenas that are issued may obtain discovery regarding "any nonprivileged matter that is relevant to [a] party's claim or defense." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). (ECF 165).

Under Rule 37(a)(5)(B), if a motion for an order compelling disclosure or discovery is denied, "the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." (*See* Fed. R. Civ. P. 37 (a)(5)(B)).

The two initial requirements for a party to claim reasonable expenses under Rule 37(a)(5)(B) are met in this case. The first requirement, that the motion was in fact denied, was met when the Court denied Defendant's motion to quash on August 26, 2019. (ECF 165). The second requirement, that the movant be given the opportunity to be heard before the court orders the payment of expenses incurred, is also met. Defendant filed an opposition to Plaintiff's motion for attorney fees on September 27, 2019. (ECF 174).

In light of Defendant's prior actions, his motion to quash was not substantially justified. The applicable standard for the original subpoena, pursuant to Rule 45, is whether it was issued for the purpose of obtaining nonprivileged information that is relevant to the party's claim. *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). Defendant argues that the

subpoenas were not necessary, and thus, the motion to quash was substantially justified, because he claimed to have already provided to Plaintiff the requested documents. However, as the Court found when denying Defendant's motion to quash, Defendant's arguments about the meaning or characterization of previously-produced documents, and whether they were fully responsive to Plaintiff's requests, were premature and go towards the merits of the case. (*See* ECF 165). Thus, they are not relevant to the issue of whether the subpoena is valid and enforceable. *See Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citing *Achte/Neune Boll Kino Beteiligungs Gmbh & Co. v. Does 1-45777*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010)); (ECF 164). In its Order, the Court ultimately determined that both the HRB and Fidelity subpoenas were relevant to the Plaintiff's jurisdictional claims, and therefore Defendant's motion to quash was not substantially justified. (*See* ECF 165).

Under Rule 37(a)(5)(B), a court may also deny an order for the payment of attorney's fees is if other circumstances would make such an award unjust. In his opposition to the motion for attorney's fees, Mr. Banerjee argues that, as a *pro se* defendant, he was unaware of the rule that the movant could be required to pay attorney fees related to opposing the motion. (ECF 174). The Court noted in its denial of Mr. Banerjee's motion to quash that if Mr. Banerjee had been more forthcoming in his own document production, then S&G would not have needed to issue the subpoenas in the first place. (ECF 164). Defendant was well aware of the documents that Plaintiff was requesting, and had not sufficiently responded to the requests[3], which led

---

[3] Indeed, the Court was already concerned as early as January 2019, when Defendant's first attorney withdrew, whether Defendant had complied with the Court's directives. (*See* ECF 111).

Plaintiff to resort to third-party subpoenas. Further, Courts have noted that the fact that a party is proceeding *pro se* and/or *in forma pauperis* does not insulate them from sanctions pursuant to Federal Rule of Civil Procedure 37. *See Arnold v. Indep. Health Ass'n, Inc.*, No. 17-CV-01260-FPG-JJM, 2019 WL 3955420, at *9 (W.D.N.Y. Aug. 22, 2019) (citing *Black v. Reynolds*, 2015 WL 13545490, *1 (S.D. Ala. 2015)).

This is a very close case, but given the specific events concerning and leading up to Defendant's motion to quash, the Court believes an award of fees would be unjust. During a conference held on April 17, 2019, where Defendant did not appear[4], Plaintiff stated he would like to file the third-party subpoenas referenced above. (ECF 136 at 7). Pursuant to that conference, the Court directed Plaintiff's counsel "to submit a proposed order for his requested third-party subpoenas via ECF by May 24, 2019 [and that] [i]f Defendant opposes the order, he shall file his opposition by May 30, 2019." (ECF 134 at 2). On May 15, 2019, Plaintiff filed the proposed orders. (ECF 140, 141). Defendant then filed his motion to quash on May 31, 2019. (ECF 146).

The Court finds that because Defendant was not warned at the time the Court set the briefing schedule that he could be required to pay Plaintiff's expenses if the motion to quash were unsuccessful, and because his previous attorney had withdrawn only two weeks before the motion was filed, an award of fees would be unjust. Defendant has, in the past, failed to appear for conferences and failed to cooperate in discovery. He has been admonished and warned by this Court several times to make himself familiar with and to comply with the

---

[4] Defendant's former counsel had withdrawn the day before the conference, on April 16, 2019, and despite a court order for Defendant to appear, he did not. (*See* ECF 134).

Federal Rules of Civil Procedure. *See Chinn v. Elmwood Franklin School*, No. 15-cv-938 (FPG) (JJM), 2018 WL 10509568, at *5 (W.D.N.Y. June 21, 2018).

Six years after this case was filed, we are in the final throes of jurisdictional discovery.

**Mr. Banerjee is warned, again, that Plaintiff may be awarded expenses, or the court may impose other sanctions, if he files another motion in this case that has no basis and/or is not made in good faith.**

IV.    **Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney's fees is **DENIED**. Future motions filed that are baseless, not made in good faith, or that unreasonably or vexatiously multiply the proceedings may subject the relevant party to sanctions under Rule 37(a)(5) of the Federal Rules, 28 U.S.C. § 1927, or the Court's inherent authority.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: July 30, 2020                                      **Ona T. Wang**
       New York, New York                      United States Magistrate Judge