UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADIS & GOLDBERG, LLP | Case no :14-cv-000913 (OTW) |
| Plaintiff | |
| vs. | |
| SUMANTA BANERJEE | |
| Defendant | |

**SUR-REPLY TO THE PLAINTIFF'S POST-HEARING BRIEF TO THE DEFENDANT'S REPLY**

The Defendant, Sumanta Banerjee, has been fighting this case for several years and is looking forward to the end of this part of the process. He also is looking for resolution to this case. But the reply by the Plaintiff, again filled with inaccuracies, misleading theories and blatant falsehoods necessitate this sur-reply.

The Plaintiff has spent years waffling back and forth as to where the Defendant is domiciled as it suited his efforts with regards to this case. In 2014, Banerjee was domiciled in India so that the Plaintiff could effectuate service on him there. That tactic didn't work, and again the Plaintiff changed the domicile location of Banerjee to be the United States so that he could be served at his house in CT. What the Plaintiff fails to point out is that, had the Plaintiff actually acted on the document that he himself had authored for the repayment of the "outstanding" amount due, *there would be no case*.

To dispel any confusion, the Defendant is not introducing any new evidence, rather he merely stating that the Plaintiff's reply and pleadings have been filled with inaccuracies, falsehoods, and a blatant attempt to obfuscate and confuse this Honorable Court. The bottom line is that Plaintiff knew Banerjee moved to India in 2009, as Banerjee told him he was moving permanently to India. Prior to the Defendant's departure, he was expecting the Plaintiff to

foreclose on the agreement that they had agreed and signed to settle all outstanding financial liabilities to Sadis & Goldberg. But the Plaintiff did not do that and instead decided to file a lawsuit just before the statute of limitations ran out.

THE BANERJEES SEPARATED IN 2012.

Banerjee and his wife had been separated physically since May 2011, the time that Mrs. Banerjee and their children moved back to the United States. The memorialized and executed Separation Agreement of 2012 acknowledged that Banerjee's Indian assets were considered "his" while Mrs. Banerjee was able to keep the assets in United States.

The Plaintiff postulates that the Banerjees signed the Separation Agreement to somehow "avoid ramifications of a court case" with Tuckerbrook. The Plaintiff fails to mention that he Tuckerbrook case was a case about disparagement and nothing about assets or the like. The Plaintiff clearly has no knowledge of what went on in the Tuckerbrook matter and to somehow represent that the actions of Mr. and Mrs. Banerjee were somehow related to that case is an over-reaching assumption made by the Plaintiff.

The Plaintiff points to the fact that Mrs Banerjee was involved in helping Banerjee with the Tuckerbrook matter. **This is a new point** that he has raised and has no basis in merit as a reason to conclude that the Banerjees were not separated. If Banerjee was to not prevail against the matter with Tuckerbrook, then the financial aid that Banerjee provided to his family might diminish and as a result, it was in the best interest of Mrs. Banerjee **to aid** Banerjee in prevailing against Tuckerbrook. This new line of reasoning is unsupported and unfounded by the Plaintiff.

The Defendant submitted the affidavit of Anant Gandhi to show that Banerjee was not staying at the Pittsburgh location of his children. Banerjee travelled often to Canada and to other

parts of the country. He did not need to stay in a house with 6 other people. The affidavit of Gandhi was relevant in that Gandhi represented under threat of perjury, that Banerjee was not staying at the Harvester Circle House.

DEFENDANT'S EVIDENCE OF AN INDIAN DOMICILE IN 2013-2015 WITHSTANDS SCRUTINY

The Defendant has presented volumes of evidence to demonstrate that he did indeed move his whole family including his pets to India permanently. Their house was placed for sale only 3 weeks after they had moved. Defendant has also provided plenty of evidence that demnstratesAs with changes in domicile  The Plaintiff has failed in his attempt to show (1) that the Banerjee family **did not** move to India and (2) that Banerjee moved back to India sooner than 2016. As with all domicile cases the burden of proof is on the party that is asserting the change. The Defendant is not asking or providing new pieces of evidence, rather demonstrating that all that was already provided was more than sufficient to show and demonstrate that while the Banerjee family moved to India in 2009, only Mrs Banerjee and the children moved back to the United States in 2011. Banerjee did not move back until 2016.

The Plaintiff states that Banerjee being a "wealthy" man would not rent a paying guest accommodation. Plaintiff fails to understand that a Paying guest accommodation is quite normal when one is traveling. While Banerjee's mother was out of town, he stayed in the 142 B apartment (his permanent address and when his mail came) and when she was in town, he stayed in the Paying Guest accommodation. As the Plaintiff knows, there can be no utilities' bill as there is nothing in the Defendant 's name. Again, the Plaintiff tries to mislead the court. Plaintiff has not shown definitively that Banerjee's residence changed from India to the United States.

The Plaintiff's last new point was that the Defendant was involved with Mrs. Banerjee's business in 2014. The Defendant has shown that in fact that was not the case. The entities that the Plaintiff is referring to was not even formed until after the time that is relevant in this case. Another fact that the Plaintiff uses to mislead the Court. Finally the companies that the Plaintiff has used to "demonstrate" that hand signatures are not required, have been formed very recently, not 7 years ago, as was Mrs. Banerjee's company. SSA Edgewood was formed by a third party vendor known to the Bureau of Corporations in 2017 and not by Mrs. Banerjee.

The Plaintiff has consistently and repeatedly tried to twist the facts to suit his narrative and repeatedly try to mislead the Court.

As with all domicile cases, the burden of proof of a domicile change falls squarely on the shoulders of the party that is alleging a change. The Defendant, Banerjee, has provided innumerable proofs that he did in fact move to India with his family and started a new chapter of his life in India. Alternatively, the Plaintiff has not met the burden of proof to demonstrate that Banerjee in fact returned to the United States and re-established his domicile there. While it is true that Mrs. Banerjee and their children moved back to the United States, Banerjee did not join them. In Banerjee's deposition in the Tuckerbrook case, Banerjee testified that is working for SREI and shuttles between Delhi and Kolkata. (Ex. 2, pg. 8, line 12-24, pg. 9, line 1-8). He states that he has a residence in the U.S. but lives in India. Banerjee continued to live and work in India until sometime in 2016 when he formally came back to the United States. The Plaintiff can show nothing by way of any evidence that shows Banerjee has now shifted his domicile back to the United States.  There are no bank accounts, no voter registrations, no address where mail is received, no real estate in his name, no utility bills, nothing that would show that Banerjee has now given up his Indian domicile for the U.S. domicile.  Plaintiff futile efforts to show that

because Banerjee got some speeding tickets, had a lawsuit filed against him by his wife's contractor in error, was courted by non-profits – all these actions are not proof that he was domiciled in Pittsburgh. Finally, the Plaintiff tries to disprove the Separation Agreement by claiming that it wasn't valid due to fact that the Banerjee still had a cordial enough relationship to help each other with a lawsuit. The Separation Agreement was needed to memorialize a difficult time in their lives to ensure that their family was secure monetarily through the equitable distribution of the combined assets.

      For all the foregoing reasons, and all the evidence already presented we respectfully request that this Court rule in the favor of the Defendant.


Respectfully submitted,

 /s/ Sumanta Banerjee

Sumanta Banerjee
1514 Cook School Road
Pittsburgh, PA 15241
*Pro se*
zbacllc@gmail.com